## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| JATOON MOSS, as Personal Representative for the ESTATE OF CRAIG RIDLEY, on behalf of the Estate and Survivors, Jatoon Moss and Gary Ridley,<br><br>    Plaintiff,<br><br>v.<br><br>RICKY DIXON, as Secretary of the Florida Department of Corrections, ROBERT E. SMITH, JR.; WILLIAM JEFFREY JERRELS; JOHN E. NETTLES; JACOB ANDERSON; DANIEL KLEIN; JASON LIVINGSTON; JOHN NYITRAY; AARON LEWIS; JON EBERLEIN; STEVEN POTOSKY; DANIEL GREENE; ROY HARDEN; ROYCE GIVENS; RICHARD FLYNN; LONNIE UNDERWOOD; AMANDA COREY; STEPHANIE WINNINGHAM; JEAN DURE; in their individual capacities,<br><br>    Defendants.<br>_____/ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CASE NO.: 3:21-cv-1026-MMH-MCR<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEDICAL DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 12(b) and Local Rule 3.01(g), Defendants Amanda Corey and Jean Dure (collectively "Medical Defendants") move to dismiss with prejudice Plaintiff Jatoon Moss's ("Plaintiff") Amended Complaint (ECF No. 30), as the claims against them are barred by the statute of limitations.

1

**INTRODUCTION**

This case must be dismissed on the pleadings because Plaintiff's claims are barred by Florida's four-year statute of limitations—a result that is plain from the face of the Amended Complaint, which acknowledges the limitations defense and pleads detailed facts and dates that permit resolution of that defense. *See Avco Corp. v. Precision Air Parts, Inc.*, 676 F. 2d 494, 495 (11th Cir. 1982) (explaining that dismissal is proper "when the complaint shows on its face that the limitations period has run").

The Plaintiff alleges that corrections officers assaulted Craig Ridley, an inmate in the custody of the Florida Department of Corrections ("FDC"), on September 8, 2017, that Ridley was immediately aware of the severity of his injuries (even describing them to prison staff), and that Ridley was transferred by FDC to Memorial Hospital in Jacksonville for treatment on September 13, 2017. At that point, Ridley was not only aware of his injuries and the persons who inflicted them, he was beyond the reach of the Medical Defendants so they could not have harmed him any further. The statute of limitations was triggered on September 13, 2017 at the latest.

Ridley died at Memorial Hospital on October 12, 2017, and Plaintiff filed suit on October 12, 2021—exactly four years after Ridley's death. The suit was filed too late. The statute of limitations is triggered on the date of the constitutional injury, not a later date on which an injured person dies from the injury. Plaintiff had four years from September 13, 2017 (at the latest) to investigate his claims and file a suit. He did not meet this obligation, a fact made plain by his own detailed pleadings. Plaintiff's untimely claims must be dismissed with prejudice.

## FACTUAL ALLEGATIONS

Plaintiff Jatoon Moss, as personal representative of the Estate of Craig Ridley, filed this suit against the Medical Defendants, Nurse Amanda Corey and Dr. Jean Dure, and others, related to the 2017 death of Mr. Ridley, an inmate in FDC's custody.

Plaintiff alleges that, on September 8, 2017, correctional officers at Reception Medical Center ("RMC"), an FDC facility in Lake Butler, Florida, assaulted Ridley so severely that he was immediately paralyzed. ECF No. 30 (Amended Compl. at ¶¶ 24, 27-34). According to the Amended Complaint, Ridley "had no control of his body below his neck" after the use of force incident, *id.* at ¶ 37, and "[i]t did not seem that Ridley was able to move on his own . . . [,]" *id.* at ¶ 40. Ridley remained alert and was aware of his injuries—telling officers "My neck is broke" and "I'm paralyzed." *Id.* at ¶ 41; *see also id.* at ¶ 47 ("Ridley could be heard to say, 'my neck is broke.'").

Ridley was seen in RMC's medical department twice on September 8, 2017. The officers took Ridley to the medical department immediately after the assault, where he was seen by Nurse Corey. *Id.* at ¶¶ 40-57. Nurse Corey examined Ridley and cleared him to return to his cell, which Plaintiff alleges was a conspiratorial act—an attempt, together with correctional officers and even inmates, to disguise the severity of his injuries. *See id.*; *see also id.* at ¶¶ 126-34.

After leaving the medical department, correctional officers took Ridley to a confinement cell, where he fell and injured his head. *Id.* at ¶¶ 70-74. After his fall, correctional officers took Ridley back to the RMC medical department, where he was

seen by Dr. Dure. *Id.* at ¶¶ 75-78. Dr. Dure examined Ridley and determined he was fit to return to his confinement cell, *id.* at ¶ 78, which Plaintiff alleges was another conspiratorial act, *id.* at ¶¶ 126-34. Correctional officers returned Ridley to his confinement cell, where he remained for four or five days. *Id.* at ¶¶ 79-85. During his time in confinement, Nurse Stephanie Winningham, was responsible for dispensing Ridley's medication and Ensure dietary supplement, which Plaintiff claims she failed to do. *Id.* at ¶ 84.[1]

On September 12 or 13, 2017, Ridley was transported from RMC to Memorial Hospital in Jacksonville for tests and treatment. *Id.* at ¶ 86. Ridley remained in the care of doctors and medical staff at Memorial Hospital for one month, and he ultimately died at Memorial Hospital on October 12, 2017. *Id.* at ¶ 87. His death was later ruled a homicide. *Id.* at ¶ 90.

Plaintiff filed this suit on October 12, 2021—exactly four years after Ridley's death, ECF No. 1 (Original Complaint), rather than four years after the assault and subsequent events at RMC—all of which occurred on or before September 13, 2021. The Amended Complaint asserts five claims against the Medical Defendants: Count II for conspiracy under 42 U.S.C. § 1983; Count V for failure to protect under § 1983; Count VI for failure to treat under § 1983; Count VIII for outrageous conduct under Florida law; and Count IX for "pre-death damages" under Florida law. ECF No. 30 (Amended Compl. at ¶¶ 146-54, 168-77, 193-201).

---

[1] Nurse Winningham is represented by separate counsel, and the Medical Defendants anticipate that she will join in this motion to dismiss.

The Amended Complaint acknowledges that Plaintiff's claims could be time barred, and asserts that—despite the detailed factual allegations on the timing of the assault, treatment, transfer to Memorial Hospital, and Ridley's death—the "question [of] claim accrual presents a question of fact for a jury." *Id.* at ¶ 140; *see generally id.* at ¶¶ 135-141 (section entitled "Additional Facts Relevant to the Statute of Limitations").

In fact, it is clear from the face of the Amended Complaint that Plaintiff's claims against the Medical Defendants are barred by the four-year statute of limitations, which was triggered by events preceding Ridley's death. Therefore, the claims against the Medical Defendants must be dismissed with prejudice.

## MOTION TO DISMISS STANDARD

A suit should be dismissed at the pleading stage "when the complaint shows on its face that the limitations period has run." *Avco Corp.*, 676 F. 2d at 495; *see also Foster v. Savannah Comm.*, 140 F. App'x 905, 907 (11th Cir. 2005). When ruling on a motion to dismiss, the Court must accept the complaint's factual allegations as true and construe those facts in the light most favorable to plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019). Factual allegations related to claim accrual and statute of limitations questions must be taken as true, and a plaintiff can "plead himself out of court" through such factual allegations. *My24HourNews.com, Inc. v. AT&T Corp.*, 791 F. App'x 788, 802 (11th Cir. 2019).

**ARGUMENT**

All of Plaintiff's claims are subject to a four-year statute of limitations, which was triggered when Ridley was aware of his constitutional injury and knew who inflicted it on him. The Amended Complaint's detailed factual allegations make plain that Ridley's claims accrued no later than September 13, 2017, at which point he knew the severity of his injuries, knew who at RMC had caused them, and was no longer subject to any care or treatment by the Medical Defendants. Ridley's knowledge, which is thoroughly detailed in the Amended Complaint, is imputed to Plaintiff, who has sued in a representative capacity. The Complaint was filed more than four years after September 13, so Plaintiff's claims are time barred.

While Plaintiff may view this result as harsh, that cannot justify departing from the "hard and fast deadlines" established by Florida's statute of limitations. *See Turner v. Singletary*, 46 F. Supp. 2d 1238, 1240 (N.D. Fla. 1999) ("Although application of the statute of limitations might appear harsh, that is always the case with statutes of limitation."). Statutes of limitations serve the "important purpose" of encouraging diligence by plaintiffs and preventing the revival of stale claims, so they "must be strictly adhered to by the judiciary." *Farris v. United States*, 877 F. Supp. 1549, 1553-54 (M.D. Fla. 1994) (internal quotation marks omitted). Florida's four-year statute of limitations provides ample time for diligent parties to investigate and bring potential claims, and it is more generous than other limitations periods within the Eleventh Circuit. *See Reynolds v. Murray*, 170 F. App'x 49, 51 (11th Cir. 2006) (Section 1983 claims are subject to a *two-year limitations* period in Georgia).

Plaintiff did not file suit within the required four-year period, a fact that is clear on the face of his Amended Complaint. His claims against the Medical Defendants must be dismissed with prejudice.

## I.      Plaintiff's Section 1983 claims are barred by the statute of limitations.

Plaintiff's federal claims, all of which are brought under Section 1983, are subject to Florida's four-year statute of limitations. *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) ("Florida's four-year statute of limitations applies to . . . claims of deprivation of rights under 42 U.S.C. §[] 1983."); *see also Smith v. Shorstein*, 217 F. App'x 877, 881 (11th Cir. 2007) (Florida's four-year statute of limitations applied to prisoner's Section 1983 conspiracy claim); *Gomez v. Doe*, 213 F. App'x 877, 879 (11th Cir. 2007) (applying four-year statute of limitations to deliberate indifference claim); and *Walton for Est. of Smith v. Fla. Dep't of Corr.*, No. 3:16-CV-1130-J-39JRK, 2018 WL 1393520, at *8 (M.D. Fla. Mar. 20, 2018) (applying four-year statute of limitations to Section 1983 claim for failure to intervene).[2]

While state law governs the length of a limitations period, accrual of the claim is governed by federal law. *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987) ("[I]n Section 1983 actions '*[o]nly* the length of the limitations period, and the closely related questions of tolling and application, are to be governed by state law.'") (emphasis and alteration in original) (citation omitted); *see also Ross v. Mickle*, 194 F. App'x 742, 744 (11th Cir. 2006). Under federal law, a cause of action accrues, and the

---

[2] Section 1983 does not set forth a limitations period, so courts rely on the forum state's residual personal injury statute of limitations. *Owens v. Okure,* 488 U.S. 235, 236 (1989).

statute of limitations begins to run, when "the plaintiffs know or should know (1) that they have suffered the injury that forms the basis of their complaint and (2) who has inflicted the injury.'" *Chappell*, 340 F.3d at 1283. This analysis requires the court "first to identify the alleged injuries, and then to determine when plaintiffs could have sued for them." *Rozar v. Mullis*, 85 F. 3d 556, 562 (11th Cir. 1996) (citation omitted).

Simply put, "[t]he period begins to run from the date the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Reynolds*, 170 F. App'x at 51 (citing *Brown v. Ga. Bd. of Pardons and Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003). When a plaintiff asserts federal claims in a representative capacity, the decedent's knowledge controls the analysis. *See Walton*, 2018 WL 1393520 at **5-6 (citing *Lawson v. Okmulgee Cty. Crim. Justice Auth.*, 726 F. App'x 685, 690-91 (10th Cir. 2018)). The claim accrues when the decedent knew the facts related to his injury, not from the date of his death. *Id.*[3]

### A. Plaintiff's Section 1983 claim for failure to protect (Count V) is barred by the statute of limitations.

Plaintiff's failure to protect claim (Count V) is barred because more than four years passed from the time the Section 1983 claims accrued—September 13, 2017 at the latest—until Plaintiff filed suit (October 12, 2021). This is clear from the face of the Amended Complaint.

---

[3] The *Walton* court later reversed its ruling on a motion for reconsideration, however the ruling did not affect the legal conclusion—consistent with Eleventh Circuit precedent—that a Section 1983 claim accrues when a decedent knows their rights have been violated as opposed to the date of the decedent's death. *Walton for Est. of Smith v. Fla. Dep't of Corr.*, No. 3:16-CV-1130-J-39JRK, 2019 WL 462844, at *3 (M.D. Fla. Feb. 6, 2019).

In Count V, Plaintiff alleges that all defendants (1) had actual knowledge the correctional officers planned to assault Ridley, (2) violently struck Ridley resulting in severe injuries, (3) failed to timely secure medical attention, and (4) were "present at and … aware of the severe physical abuse of Ridley, [and] failed to intervene to stop the abuse of Ridley, though able." ECF No. 130 at ¶ 170.[4] While Plaintiff styles Count V as one for failure to protect, it is actually a claim for failure to intervene. *Compare Cox v. Nobles,* 15 F.4th 1350, 1357 (11th Cir. 2021) (a "failure to protect" claim involves allegations that prison officials failed to protect an inmate from an attack by another inmate) and *Ensley*, 142 F.3d at 1407 (a "failure to intervene" claim involves a prison official's failure to prevent a constitutional violation by another prison official, as when "an unprovoked beating [by another officer] takes place in his presence."). Plaintiff alleges the Medical Defendants failed to prevent correctional officers from assaulting Ridley, so the claim is more one for failure to intervene. The four-year statute of limitations applies however the claim is categorized. *Chappell*, 340 F.3d at 1283.

Plaintiff alleges he was assaulted and paralyzed by correctional officers on September 8, 2017. ECF No. 30 (Amended Compl. at ¶¶ 27-32). Plaintiff also alleges Ridley knew immediately that he was severely injured and paralyzed, and that Ridley told corrections officers that he was injured, stating "My neck is broke" and "I'm

---

[4] Notably, Plaintiff fails to plead any factual allegations to support this claim against the Medical Defendants. He does not allege that the Medical Defendants were present when Ridley was allegedly assaulted or that they knew an assault would occur. In fact, Plaintiff claims that the assault by corrections officers was spontaneous. ECF No. 30 (Amended Complaint at ¶¶ 27-30), *see also id.* at ¶¶ 29, 38; (alleging medical was not present during the attack and that the attack was carried out intentionally out of view of cameras). As such, the Medical Defendants were not "in a position to intervene" and cannot be liable. *Ensley v. Soper*, 142 F.3d 1402, 1407 (11th Cir. 1998).

paralyzed." *Id.* at ¶ 41; *see also id.* at ¶ 47 ("As they reached the clinic, Ridley could be heard to say, 'my neck is broke.'").

On these factual allegations, which are taken as true for purposes of this motion, the facts supporting a cause of action were apparent to Ridley on September 8, 2017, the day that he was assaulted. According to the Amended Complaint, Ridley knew he had suffered an injury and also knew who had inflicted the injury on him on that date. As such, Ridley's failure to protect claim accrued on September 8, 2017. *Chappell*, 340 F.3d at 1283. Plaintiff did not file his complaint within four years of the accrual date, so Count V (failure to protect) must be dismissed with prejudice.

### B. Plaintiff's Section 1983 claim for failure to treat (Count IV) is barred by the statute of limitations.

Plaintiff's failure to treat claim (Count IV) is also time-barred based on the detailed factual allegations in the Amended Complaint.

In Count IV, Plaintiff alleges the Medical Defendants failed to adequately treat Ridley's medical condition on September 8, 2017, following his assault by corrections officers and a subsequent fall in his cell. ECF No. 30 (Amended Compl. at ¶ 175). Each factual allegation plead to support Count VI occurred on September 8, 2017. Plaintiff alleges Ridley was seen by both Nurse Corey and Dr. Dure on September 8, 2017. *See e.g. id.* at ¶¶ 42, 46, 75-78. Plaintiff claims it was the September 8, 2017 medical encounters, in which the Medical Defendants failed to diagnose and treat his paralysis, that violated Ridley's Eighth Amendment rights. *Id.* at ¶ 175.

In any event, his failure to treat claim could not have accrued any later than September 13, 2017, the date on which Ridley was transferred away from RMC and into the care of medical staff at Memorial Hospital. *See* ECF No. 30 (Amended Compl. at ¶ 86) (identifying transfer date). At that point, Ridley was no longer under the care of medical staff at RMC, and the Medical Defendants had no longer had any ability to treat (or not treat) Ridley. So there is no plausible allegation or basis to believe that the alleged failure to treat could have extended beyond September 13, 2017.

It is clear from the Amended Complaint that Plaintiff's failure to treat claim accrued on September 13, 2017, at the latest. At that point, Ridley knew that he had been injured by corrections officers, knew that he had not been provided medical care he believed was necessary, and knew that RMC medical staff (including the Medical Defendants) had failed to provide the allegedly necessary care.[5] Count VI should be dismissed with prejudice because it was not filed within four years of September 13, 2017, the latest possible date on which Ridley's claim accrued.

## C. Plaintiff's Section 1983 conspiracy claim (Count II) is barred by the statute of limitations.

Plaintiff's conspiracy claim (Count II) is also time-barred based on the Amended Complaint's detailed allegations, which confirm that Ridley was aware of the alleged conspiracy to violate his constitutional rights before he ever left RMC.

---

[5] Ridley need not have known the precise identify of the medical providers involved in the alleged failure to provide treatment to trigger the statute of limitations. *See Ross*, 194 F. App'x at 744 (statute of limitations began to run on the date plaintiff was shot even though plaintiff alleged a conspiracy that prevented him from learning the identity of the officer who shot him).

When a plaintiff alleges a conspiracy to violate his constitutional rights, the accrual date is subject to the same two-part analysis that applies to other Section 1983 claims. *See Bricker v. Cobb Cty. Govt. & Pers.*, 399 F. App'x 463, 464 (11th Cir. 2010) (citing *Chappell*, 340 F.3d at 1283). In discussing a conspiracy claim, the Eleventh Circuit has explained: "Section 1983 accrual occurs when the plaintiff has a complete and present cause of action and can thus file suit and obtain relief." *Tillman v. Orange Cty., Fla.*, 519 F. App'x 632, 635 (11th Cir. 2013) (internal quotation marks omitted); *see also Johnson v. Georgia Dep't of Veterans Serv.*, 791 F. App'x 113, 115-16 (11th Cir. 2019) (dismissing Section 1983 conspiracy claim on statute of limitations grounds).

In Count II, Plaintiff alleges that the Medical Defendants engaged in a conspiracy to violate Ridley's rights by "creating the false impression that Craig Ridley was not severely injured, that he was not paralyzed, that he could walk and care for himself, and failing to provide him with medication and medical treatment . . . and fabricating records and spreading false information and failing to provide honest security checks." ECF No. 30 (Amended Compl. at ¶ 147). That alleged conspiracy, and any constitutional injury that it could have inflicted, necessarily ended when Ridley was transferred to Memorial Hospital on September 13, 2017. From that point forward, Ridley was in the care of Memorial Hospital medical staff (who are not alleged to have been involved in a conspiracy) and no act of the Medical Defendants could have caused any further injury alleged by Ridley.

According to Plaintiff's detailed allegations, on September 8—and no later than September 13—Ridley knew that he was severely injured and paralyzed, knew that

12

medical staff was not adequately treating him, and knew that the Medical Defendants were conspiring to prevent detection of and proper treatment for his paralysis. In other words, Ridley knew that he was injured by the conspiracy and knew who was inflicting it on him before he ever left RMC. Therefore, the statute of limitations began to run no later than September 13, 2017.

Moreover, based on Plaintiff's allegations, there is nothing Medical Defendants could have done to conceal the nature or extent of Ridley's injuries after he left RMC on September 13, 2017 and came under the care of medical providers who are not alleged to have been involved in a conspiracy. In *Chappell*, the Eleventh Circuit rejected plaintiffs' argument that the defendants' concealment of relevant information tolled the limitations period. 340 F.3d at 1283. The court reasoned that "[a]lthough access to the concealed evidence might have strengthened their case, the [plaintiffs] do not allege that they were or would have been prevented from filing a wrongful death suit within the statute of limitations." *Id.* at 1283-84; *see also Bricker*, 399 F. App'x at 464 (dismissing Section 1983 conspiracy claim where factual allegations in complaint made clear that statute of limitations had expired); *Ross*, 194 F. App'x at 744 (holding claim should be dismissed where complaint made clear that plaintiff knew the facts underlying the alleged constitutional violation even if an alleged conspiracy delayed discovery of the identity of those involved in the violation).

It is clear on the face of the Amended Complaint that Ridley knew the extent of his injuries and who caused them no later than September 13, 2017. Any alleged concealment of Ridley's injuries (or their severity) could not have continued after

Ridley was transferred to Memorial Hospital on September 13, 2017, where he was evaluated, diagnosed, and treated by providers that were not involved in the alleged conspiracy. Plaintiff's conspiracy claim accrued, at the latest, on September 13, 2017, and he failed to file suit within four years of that date.

Plaintiff's Section 1983 conspiracy claim (Count II) is time barred and must be dismissed with prejudice.

**II.    Plaintiff's state-law claim (Count VIII) is barred by the statute of limitations.**

Finally, Plaintiff's state law claim for outrageous conduct (Count VIII) is also barred by the four year statute of limitations.

Plaintiff's "outrageous conduct" claim is more conventionally styled as a claim for intentional infliction of emotional distress ("IIED"). *Matsumoto v. Am. Burial & Cremation Servs., Inc.*, 949 So. 2d 1054, 1056 (Fla. Dist. Ct. App. 2006). An IIED claim is subject to a four-year statute of limitations. *Ross v. Twenty-Four Collection, Inc.*, 617 So. 2d 428, 428 (Fla. Dist. Ct. App. 1993).

"A cause of action for intentional infliction of emotional distress accrues when a plaintiff suffers severe emotional distress." *Goldsworthy v. Dist. Sch. Bd. of Collier Cty., Fla.*, No. 2:17-CV-239-JES-CM, 2018 WL 3536081, at *2 (M.D. Fla. July 23, 2018) (citing *Kendron v. SCI Funeral Servs. of Fla., LLC*, 230 So. 3d 636, 638 (Fla. Dist. Ct. App. 2017)). While Florida recognizes the doctrine of delayed discovery, it does not apply to IIED claims. *Spadaro v. City of Miramar*, 855 F. Supp. 2d 1317, 1330 (S.D. Fla. 2012); *W.D. v. Archdiocese of Miami, Inc.*, 197 So. 3d 584, 589 (Fla. Dist. Ct. App. 2016).

14

In Count VIII, Plaintiff attempts to recover for the alleged emotional distress suffered by Ridley's survivors. ECF No. 30 (Amended Complaint at ¶ 195) ("The defendants . . . intended to mercilessly inflict criminal, irreparable damage to the Plaintiff's decedent."); *id.* at ¶ 196 ("That as a direct and proximate result of the defendants' outrageous conduct, as set forth herein, the Plaintiff's' survivors have suffered severe injuries."). Ridley's survivors cannot recover under an emotional distress theory, however, because they were not present at the time of the alleged outrageous conduct—the alleged assault by corrections officers and subsequent medical encounters at RMC. *See e.g. M.M. v. M.P.S.*, 556 So. 2d 1140, 1140 (Fla. Dist. Ct. App. 1989); *accord Harrington v. Pages,* 440 So.2d 521 (Fla. Dist. Ct. App. 1983); *Habelow v. Travelers Ins. Co.*, 389 So. 2d 218, 220 (Fla. Dist. Ct. App. 1980). Courts in this district have also recognized physical presence requirement for IIED claims. *See Mount v. Pulte Home Co., LLC*, No. 6:20-CV-2314-RBD-LRH, 2021 WL 2942655, at *4 n.8 (M.D. Fla. May 25, 2021).

To the extent Plaintiff seeks to recover damages for Ridley's alleged emotional distress, that claim is also barred by the statute of limitations. An IIED claim accrues when the severe emotional distress is experienced. *Goldsworthy*, 2018 WL 3536081, at *2.[6] The only acts allegedly committed by the Medical Defendants occurred before

---

[6] Plaintiff's claim for "pre-death damages" is not a claim at all. In the final count, Plaintiff alleges he is entitled to relief "pursuant to § 46.021, Fla. Stat." and for pre-death damages for physical pain and mental distress caused by the Defendants ECF No. 30 at ¶¶ 199-200. The statute however does not create a cause of action on its own and is instead only a request for a specific category of damages. *Est. of Breedlove v. Orange Cty. Sheriff's Off.*, No. 6:11-CV-2027-ORL-31, 2012 WL 2389765, at *2 (M.D. Fla. June 25, 2012). As Plaintiff notes, whether Ridley's hedonic damages are recoverable depends on multiple factors, including whether the Defendants' actions caused or contributed to Ridley's death.

September 13, 2017, when Ridley was transferred to Memorial Hospital. To the extent

Ridley suffered severe emotional distress caused by the Medical Defendants, he would

necessarily have experienced it before the transfer.

Accordingly, the IIED claim accrued by September 13, 2017 at the latest, and

Plaintiff did not file suit within four years of that date. Plaintiff's IIED claim (Count

VIII) should be dismissed with prejudice.

## CONCLUSION

Plaintiff's claims against the Medical Defendants should be dismissed with

prejudice because each of the claims is barred by the four year statute of limitations.

Respectfully submitted:

*/s/ Brian Wahl*
Brian A. Wahl (FBN 95777)
BRADLEY ARANT BOULT CUMMINGS LLP
1819 5th Avenue N. – One Federal Place
Birmingham, AL 35203
Telephone: (205) 521-8800
Fax: (205) 521-8800
Primary Email: bwahl@bradley.com
Secondary Email: tramsay@bradley.com

---

Such damage demands are dependent on the substantive claims, all of which are barred by the statute
of limitations for reasons already discussed.

16

R. Craig Mayfield (FBN 429643)
Jacob Hanson (FBN 91453)
BRADLEY ARANT BOULT CUMMINGS LLP
100 North Tampa Street, Suite 2200
Tampa, FL 33602
Telephone: (813) 559-5500
Fax: (813) 229-5946
Primary Email:   jhanson@bradley.com
Secondary Email: tabennett@bradley.com
Secondary Email: tbush@bradley.com
Secondary Email: sdhayes@bradley.com

***Counsel for Defendants Nurse Amanda Corey,
and Dr. Jean Dure***

## LOCAL RULE 3.01(G) CERTIFICATION

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that he has conferred with counsel for Plaintiff regarding the relief sought in this motion via e-mail on March 10, 2022. Plaintiff opposes the motion in all respects.

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2022, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification to all counsel of record.

*/s/ Brian Wahl*
Brian A. Wahl
***Counsel for Defendants Amanda Corey and Jean Dure***

17