UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**JATOON MOSS, as Personal Representative for the Estate of Craig Ridley, on behalf of the Estate and Survivors Jatoon Moss and Gary Ridley,**

    **Plaintiff,**

vs.                                             Case No.: 3:21-cv-1026-MMH-MCR

**RICKY D. DIXON, et al.,**

    **Defendants.**
_____/

### MOTION TO VACATE CLERK'S DEFAULTS

Defendants **WILLIAM JEFFREY JERRELS, JACOB ANDERSON, DANIEL KLEIN, JASON LIVINGSTON, JOHN NYITRAY**, and **STEVEN POTOSKY**, by and through their undersigned counsel, pursuant to Rule 55(c), Fed. R. Civ. Proc., hereby move this Honorable Court for the entry of an Order Vacating Clerk's Defaults entered against each Defendant (all dated April 28, 2022) (ECF No. 54) and in support thereof, states as follows:

### Procedural Facts

1. Plaintiff filed his initial complaint on October 12, 2021. (ECF No. 1).

2. On January 26, 2022, Plaintiff filed Returns of Service upon Defendant KLEIN (ECF No. 19-1, p. 5), Defendant JERRELS (ECV No. 19-1 p. 6), Defendant NYITRAY (ECF No. 19-1, p. 9), Defendant POTOSKY (ECF No. 19-1, p. 11), Defendant ANDERSON (ECF No. 19-1, p.12), and Defendant LIVINGSTON (ECF No. 19-1, p. 13).

3. On February 18, 2022, Plaintiff filed his First Amended Complaint. (ECF No. 30).

4. On April 13, 2022, this Court entered its Order to Show Cause why the claims against Defendants KLIEN, JERRRELS, NYITRYA, ANDERSON, LIVINGSTON, and POTOSKY should not be dismissed without prejudice for failure to comply with the Local Rule 1.110(b) requiring Plaintiff to apply for a default within 28 days of the party's failure to plead or otherwise defend. (ECF No. 45).

5. On April 22, 2022, Plaintiff responded to the Order to Show Cause, (ECF No. 48) attaching the Returns of Service identified in paragraph 2 above, which showed service of the initial complaint prior to the filing of the First Amended Complaint.

6. On April 25, 2022, this Court entered its Order (ECF No. 50) discharging the Order to Show Cause found at ECF No. 17, finding that

Defendants JERRELS, NYITRYA, ANDERSON, LIVINGSTON, and POTOSKY "are deemed timely served." [1]

7.   The same day (April 25, 2022), Plaintiff filed his Motion for Clerk's Defaults against Defendants ANDERSON JERRELS, KLIEN, LIVINGSTON, NYITRAY, and POTOSKY.  (ECF No. 53).

8.   On April 28, 2022, the Clerk entered Clerk's Defaults against Defendants ANDERSON JERRELS, KLIEN, LIVINGSTON, NYITRAY, and POTOSKY.  (ECF No. 54).

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE

Pursuant to Rule 55(c), Federal Rules of Civil Procedure, a court may set aside the entry of a default "for good cause." As Judge Kovachevich has noted:

> "Good cause" is a liberal, elastic standard that does not have a precise formula. Compania Interamaricana Export-Import, S.A. v. Compania Dominica De Aviacion, 88 F.3d 948, 951 (11th Cir. 1996) *citing* Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989). The court looks at a number of factors, including whether the defaulted party was culpable or willful in their conduct, whether setting aside the default would prejudice the opposing party, and whether the defaulted party does not appear to have a meritorious defense. Compania, 88 F.3d at 951, *citing* Robinson v. U.S., 734 F.2d 735, 739 (11th Cir. 1984).

---

[1] Although ECF No. 50 omits Defendant KLIEN from the list of individuals deemed timely served, the Court's Order to Show Cause (ECF No. 45) and Plaintiff's Response thereto (ECF No. 48) include Defendant KLEIN. Accordingly, this Motion assumes that Defendant KLEIN was also deemed timely served.

3

Theiss v. Giove Law Office, P.C., 2008 WL 2323911, 2 (M.D. Fla. 2008). Moreover, the standard imposed on the defaulting party for setting aside an entry of default is different from and less burdensome than the standard for setting aside a default judgment. EEOC v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524, 527-28 (11th Cir. 1996). "To set aside an entry of default, the Court must find that: (1) there was excusable neglect on the part of the defaulting party for not answering the complaint; (2) the defaulting party responded promptly after notice of the entry of default; (3) setting aside the default will not prejudice the non-defaulting party; and (4) the defaulting party had a meritorious defense." Woodbury v. Sears, Roebuck Co., 152 F.R.D. 229, 236 (M.D. Fla. 1993). Moreover, this Court recognizes the strong public policy in favor of deciding cases on their merits. See Florida Physician's Ins. Co. v. Ehlers, 8 F. 3d 780, 783 (11th Cir. 1993).

The undersigned was just advised of the assignment to represent the six individual defendants above on Wednesday, May 11, 2022. Immediately upon receipt of the assignment, the undersigned reviewed the online docket wherein it was discovered that Clerk's Defaults were recently entered on April 28, 2022 (ECF No. 54), pursuant to the Plaintiff's Application for Clerk's Default filed on April 25, 2022 (ECF No. 53).

The undersigned promptly inquired into the matter as to why the assignment to represent these six defendants had not been timely forwarded to undersigned

counsel and was told that there was a miscommunication or oversight in forwarding these assignments at that time.

There was no willful or culpable conduct leading to the individual defendants not answering the plaintiff's amended complaint. It was a result of oversight and miscommunication between the Florida Department of Corrections, and the Division of Risk Management. Once the miscommunication and oversight was discovered, the assignment to the undersigned was made and Notices of Appearance by the Office of the Attorney General for these individual defendants was prepared and filed.

Setting aside the Clerk's Defaults would not prejudice the Plaintiff as the case has not been set for trial, and there are multiple pending motions to dismiss the First Amended Complaint. The case is in its nascence. Additionally, Plaintiff anticipated that these six defendants would get counsel (ECF No. 48, ¶ 5), and therefore the notice of appearance of the undersigned for these defendants should come as no surprise.

Further, the undersigned anticipates filing a meritorious motion to dismiss on behalf of the individual defendants based on the statute of limitations as well as failure to state a cause of action, similar to arguments previously raised by other defendants in their motions to dismiss. The same facts and law apply to the causes of action against the individual defendants herein.

"Good cause" is a "mutable" and "liberal" standard, "varying from situation to situation" depending on the facts of a given case. <u>Compania</u>, 88 F.3d at 951. The undersigned has not delayed in filing their Notices of Appearance or moving to vacate these defaults, which have only been entered in the record for 16 days.

Further, Rule 5(a)(2), Fed. R. Civ. Pro., entitled "If a Party Fails to Appear," provides: "No service is required on a party who is in default for failing to appear. **But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4.**" (bold emphasis added). Plaintiff filed his First Amended Complaint against all defendants on February 18, 2022. (ECF No. 30). This was shortly after service of the initial complaint and the First Amended Complaint.

Upon information and belief, none of the defendants identified herein have been served with the First Amended Complaint either through additional service or via mail or email. Nor did the Plaintiff provide these defendants with the Amended Complaint.

It is well settled that an amended complaint supersedes the previous complaint. <u>See</u> <u>Fritz v. Standard Sec. Life Ins. Co. of N.Y.</u>, 676 F.2d 1356, 1358 (11th Cir. 1982) (an amended complaint supersedes the original complaint); <u>Dussouy v. Gulf Coast Inv. Corp.</u>, 660 F.2d 594, 601 (5th Cir. 1981). Thus, the allegations of the initial complaint have been now replaced with the allegations of

6

the First Amended Complaint, which, pursuant to Rule 5(a)(2), "must be served on that party under Rule 4." As this was never accomplished by the Plaintiff, the Clerk's Defaults as to these six defendants was premature as the initial complaint was no longer the operative complaint. These defendants should be provided the opportunity to respond to and defend against the First Amended Complaint of which they had no notice.

In this situation, the undersigned respectfully suggests that good cause has been shown such that the Clerk's Defaults (ECF No. 54) should be vacated to allow the defendants to respond to Plaintiff's First Amended Complaint and for this Court to decide the matter on its merits.

        Respectfully submitted,

        ASHLEY B. MOODY
        ATTORNEY GENERAL

        */s/ Anthony Dean Johnson*
        Anthony Dean Johnson
        Assistant Attorney General
        Florida Bar No.: 12084

        Office of the Attorney General
        PL-01, The Capitol
        Tallahassee, Florida 32399-1050
        (850) 414-3300
        Anthony.Johnson@myfloridalegal.com
        joann.mrazek@myfloridalegal.com
        steven.holcomb@myfloridalegal.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed through the Court's CM/ECF system which will provide electronic service to all counsel of record this 13th day of May 2022.

*/s/ Anthony Dean Johnson*
Anthony Dean Johnson
