UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JATOON MOSS, as Personal
Representative for the Estate of
Craig Ridley, on behalf of the
Estate and Survivors Jatoon Moss
and Gary Ridley,

    Plaintiff,

vs.                          Case No.: 3:21-cv-1026-MMH-MCR

RICKY D. DIXON, et al.,

    Defendants.
_____/

## DEFENDANTS' MOTION TO DISMISS
## PLAINTIFF'S AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants JACOB ANDERSON, WILLIAM JEFFREY JERRELS, DANIEL KLEIN, JASON LIVINGSTON, JOHN NYITRAY, and STEVEN POTOSKY (collectively "Defendants" or "Individual Defendants") respectfully request this Court enter an Order dismissing the Amended Complaint as to the Individual Defendants for Plaintiff's failure to state a claim upon which relief may be granted, statute of limitations, and other grounds cited herein, and in support thereof, state:

## INTRODUCTION AND BACKGROUND

1. Plaintiff's claims should be dismissed with prejudice because they are outside the four-year statute of limitations for Section 1983 and state causes of action. Plaintiff's wrongful death claim is outside the two-year statute of limitations. Plaintiff's conspiracy count must be dismissed with prejudice due to the intracorporate conspiracy doctrine. Plaintiff's Pre-Death Damages count also fails to state a cause of action. In the alternative, Plaintiff's Amended Complaint is a "shotgun" pleading that requires dismissal without prejudice.

3. Plaintiff Jatoon Moss, as personal representative of the Estate of Craig Ridley ("Decedent" or "Ridley"), filed this suit on October 12, 2021, related to the 2017 death of Ridley who was a prisoner at the Florida Department of Corrections' ("FDC") Reception and Medical Center ("RMC"). This lawsuit was filed exactly four years following Ridley's passing.

4. Plaintiff filed an Amended Complaint on February 18, 2022. Plaintiff alleges nine counts in the Amended Complaint with six counts against Jerrels, five counts against Anderson and Klein, and four counts against the remaining Individual Defendants in their individual capacities including:

a. Count I for Wrongful Death under § 768.16 et seq., Florida Statutes (Jerrels);

b. Count II for conspiracy under 42 U.S.C. § 1983 (all defendants);

    c. Count III for excessive force/failure to intervene under 42 U.S.C. § 1983 (Jerrels);

    d. Count IV for Deliberate Indifference to Excessive Force (42 U.S.C. § 1983) (Jerrels, Anderson, and Klein);

    e. Count V for failure to protect under § 1983 (all defendants);

    f. Count VIII for outrageous conduct under Florida law (all defendants); and

    g. Count IX for "pre-death damages" under Florida law (all defendants).

    5. Plaintiff alleges that Ridley was injured by corrections officers at RMC on September 8, 2017. Ridley was immediately paralyzed but remained alert telling officers that "My neck is broke" and "I'm paralyzed." Ridley was taken to be examined by medical professionals at RMC ("medical") who determined that he could be transported back to confinement. Ridley was placed in a cell and fell which caused injuries to his face. (ECF No. 30 at ¶¶ 30-31, 40-41, 67-69, 73-75).

    6. Ridley was returned to the medical unit a second time that day and was again cleared to return to confinement. Consequently, Ridley was transported to confinement, placed in a bed and remained there until September 12 or 13, 2017, in which he was transported to Memorial Hospital in Jacksonville, FL. Ridley "never recovered and died" from his injuries on October 12, 2017. (ECF No. 30 at ¶¶ 75-81, 86-87). Plaintiff alleges that Ridley's cause of death was "complications of

quadriplegia due to dislocation of the C4-C5 vertebrae with spinal cord contusions due to blunt impact to the head and neck." (ECF No. 30, ¶ 89).

## MEMORANDUM OF LAW

Rule 12(b)(6) provides that a court may dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Pursuant to Rule 8(a), in order to state a claim for relief, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A district court may properly dismiss a complaint if it rests only on conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts." *Sarver v. Jackson*, 344 Fed. App'x 526, 527 n.2 (11th Cir. 2009).

### A. Counts I, II, III, IV, V, VIII and IX against Defendants are barred by the Statute of Limitations and should be dismissed.

#### 1. Plaintiff's Section 1983 and state law claims are barred by a four-year statute of limitations.

Counts II, III, IV, V, VIII and IX of Plaintiff's Amended Complaint allege violations of 42 U.S.C § 1983 and state law. Plaintiff, however, filed the initial Complaint outside of Florida's four (4) year statute of limitations which applies to the §1983 and state law claims alleged in the Amended Complaint. *See Chappell v. Rich*, 340

4

F.3d 1279, 1283 (11th Cir. 2003) (holding that there is a four-year statute of limitations for § 1983 claims for which Florida is the forum state); *see also Smith v. Shorstein*, 217 F. App'x 877, 881 (11th Cir. 2007) (Florida's four-year statute of limitations applied to prisoner's Section 1983 conspiracy claim); *Gomez v. Doe*, 213 F. App'x 877, 879 (11th Cir. 2007) (applying four-year statute of limitations to deliberate indifference claim); *Goldsworthy v. Dist. Sch. Bd. Of Collier Cty., Fla.*, No. 2:17-CV-239-JES-CM, 2018 WL 3536081, at *2 (M.D. Fla. July 23, 2018) ("A cause of action for intentional infliction of emotional distress accrues when a plaintiff suffers severe emotional distress.").

Accrual of federal actions is governed solely by reference to federal law. *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987) ("[I]n Section 1983 actions '[o]nly the length of the limitations period, and the closely related questions of tolling and application, are to be governed by state law.'" (citing *Wilson v. Garcia*, 471 U.S. 261, 269 (1985)). Under federal law, actions brought pursuant to § 1983 accrue, or begin to run, "from the date the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Ross v. Mickle*, 194 F. App'x 742, 744 (11th Cir. 2006). A claim accrues when "the plaintiff knows or has reason to know that he has been injured . . . ." *Mullinax*, 817 F.2d at 716; *see also New Port Largo, Inc. v. Monroe County*, 706 F. Supp. 1507, 1515 (S.D. Fla. 1988) (holding the time of accrual is

when the plaintiff knows or has reason to know of the injury which is the basis of the action.).

"This rule requires a court first to identify the alleged injuries, and then to determine when plaintiff could have sued for them." *Rozar v. Mullis*, 85 F.3d 556, 562 (11th Cir. 1996). A claim premised on excessive force accrues at the time the alleged force was used with a statute of limitations of four years in Florida. *Baker v. City of Hollywood*, 391 F. App'x 819, 821 (11th Cir. 2010). Plaintiff's allegations are clear that Ridley was injured on September 8, 2017. (ECF No. 30 at ¶¶ 27-31). Plaintiff alleges that several incidents regarding his health occurred, which are the basis of this suit, from September 8 through September 12 or 13 of 2017. On September 12 or 13, 2017, Ridley was taken to Memorial Hospital in Jacksonville, FL. (ECF No. 30 at ¶¶ 86-87). At that time, all allegations related to excessive force, outrageous conduct, failure to protect and state survival claims would have accrued during this time period.

Plaintiff alleges Ridley was aware and knew what had occurred on September 7, 2017, and the individuals who allegedly caused his injury. Ridley was speaking about his injuries with both corrections officers and medical staff. (ECF No. 30 at ¶¶ 41, 47). Plaintiff makes no allegations that Ridley was not on notice or did not know about his injuries. The allegations related to Defendants end, at the latest, on September 13, 2017. (ECF No. 30 at ¶¶ 86-87). Consequently, Counts II, III, IV, V,

6

VIII, and IX are barred by the statute of limitations because they were not filed within 4 years of the accrued cause of action. The Counts should be dismissed with prejudice as to the Individual Defendants.

### 2. Plaintiff's claim for wrongful death is barred by statute of limitations.

The statute of limitations for Plaintiff's action under the Wrongful Death Act is determined under Section 95.11(4)(d). See § 95.11(4)(d), Fla. Stat. Under Florida law, a cause of action for wrongful death accrues on the date of death and has a two-year statute of limitations period. *Fulton County Adm'r v. Sullivan*, 753 So.2d 549, 552 (Fla. 1999) (citing *St. Francis Hosp. v. Thompson*, 159 Fla. 453, 31 So.2d 710 (1947)).

In the instant matter, Ridley passed away on October 12, 2017. (ECF-30 at ¶¶ 86-87). Plaintiff did not file a lawsuit until October 12, 2021. As a result, Plaintiff's cause of action well exceeds the two-year statute of limitations, which expired on October 12, 2019. Plaintiff attempts to allege some excuses for the statute of limitations concerns but fails to explain why the Plaintiff would not have had notice of death on October 12, 2017 or what knowledge Plaintiff did have. (ECF-30 at ¶¶ 135-141). There was more than sufficient time to file a lawsuit after Ridley's death. "The limitations clock begins running when a reasonable person would know they had a claim, not only when the facts crystallize into a slam-dunk case." *McGinley v.*

*Mauriello*, 682 Fed. Appx. 868, 872 (11th Cir. 2017) (discussion of wrongful death statute in Florida and statute of limitations). None of the allegations in the "Additional Facts Relevant to the Statute of Limitations" in paragraphs 135-141Therefore, Plaintiff's Count I for wrongful death against Jerrels should be dismissed with prejudice.

## B. Improper "Shotgun Pleading"

If the Court were to allow the Amended Complaint to remain operable following an analysis of the statute of limitations issues, Plaintiff's Amended Complaint fails to comply with the basic pleading requirements of Rule 8(a). While the Amended Complaint does not need detailed allegations, it must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). Rule 10(b) also provides that "each claim founded on a separate transaction or occurrence…must be stated in a separate count" when doing so would promote clarity. "[T]he Complaint falls into the final category of shotgun pleading identified in *Weiland* as it asserts 'multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.'" *Confederacion Hipica of Puerto Rico, Inc. v. Tote Mar. Puerto Rico, LLC*, 2020 WL 2114635 at *2 (M.D. Fla. May 4, 2020) (quoting *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015)).

### 1. Improper Collective Grouping of Defendants.

Here, Plaintiff's Amended Complaint fails to give the any of individual Defendants fair notice of the claims because it is difficult for them to discern which specific allegations are brought against which Defendant. There are few, if any, substantive allegations of conduct by each defendant other than conclusory allegations that they may have said something or mainly that they failed to do something.  Throughout the Amended Complaint, general and vague allegations are made against the roughly twenty defendants, including "five John Does," making it difficult to discern what the Plaintiff is claiming against each Defendant. Notwithstanding the number of defendants named in a pleading, Plaintiff must still provide "a short and plain statement of the claim" in Rule 8 while providing sufficient notice to all defendants of allegations.  Plaintiff's Amended Complaint falls far short of that requirement.

Plaintiff takes an improper "kitchen sink" approach to setting out the factual allegations in his Amended Complaint. See *J.V. by K.V. v. Duval Cty. Sch. Bd.*, 2017 WL 4226590 at *2 (M.D. Fla. Sept. 22, 2017). "Plaintiff's kitchen-sink pleading is replete with vague, conclusory, and repetitive allegations, which too often fail to distinguish between Defendants." *Brogan v. Volusia Cty.*, Fla., 2018 WL 2359145 at *3 (M.D. Fla. May 24, 2018).  Plaintiff's Amended Complaint purports to allege

9

as many causes of action against as many correctional officers as possible without any substance.

In each count, Plaintiff lists defendants together but fails to provide specific allegations as to each defendant as required. *See Lane v. Capital Acquisitions & Mgmt. Co.*, 2006 WL 4590705, at *5 (S.D. Fla. Apr. 14, 2006) (holding that lumping all the defendants together in each claim without distinguishing their conduct failed to satisfy the minimum standard of Rule 8.); *see also Synergy Real Estate of SW Florida, Inc. v. Premier Prop. Mgmt. of SW Fla., LLC*, 2013 WL 5596795 at *2 (M.D. Fla. Oct. 11, 2013) ("Although the Court has stated and again reminded plaintiffs that indiscriminately lumping 'defendants' together fails to comply with Fed. R. Civ. P. 8, the Second Amended Complaint continues to indiscriminately lump defendants together."); *Scott v. Yellon*, 2013 WL 3802797 at *1 (M.D. Fla. July 11, 2013) (requiring Plaintiff to replead to separate each Defendant and the allegations against each of them under each separate Count.).

In the Amended Complaint, after identifying Defendants KLEIN (¶ 11), LIVINGSTON (¶ 12), NYITRAY (¶ 13), and POTOSKY (¶ 17) in the initial "Parties" section, none of those Defendants are mentioned by name again outside of the collective groupings for Counts II, V, VIII, and IX (¶¶ 147, 168, 194, and 199). There are no allegations of any specific conduct against them. Defendant ANDERSON is only mentioned in paragraphs 10 (identification as a party), 60

(Anderson said Plaintiff was cleared), 66 (Anderson said Plaintiff was cleared), 67 (duplicate of paragraph 60), and 161 (grouping with Defendants SMITH, JERRELS, and KLEIN for Count IV). Defendant JERRELS, however, is mentioned more often than the others in the Amended Complaint.

Plaintiff makes very general allegations concerning all "Defendants" and their collective conduct throughout the Amended Complaint. This makes the task of responding to Plaintiff's allegations nearly impossible and does not provide Defendants the fair notice required by Rule 8.

The "shotgun" nature of the Amended Complaint is especially pronounced in Count II where Plaintiff includes all the individual defendants without providing any specific notice to each defendant of allegations of conspiracy. "Plaintiff's Complaint reads more like a 'shotgun' pleading, 'leaving the court with the cumbersome task of sifting through myriad' allegations…to identify facts that may support a conspiracy to harm [Plaintiff] and deprive him of his constitutional rights. *Walton for Estate of Smith v. Florida Dep't of Corr.*, 2018 WL 1393520 at *9 (M.D. Fla. Mar. 20, 2018), on reconsideration in part, 2019 WL 462844 (M.D. Fla. Feb. 6, 2019) (citing *Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984)).

Furthermore, in Count V (Failure to Protect), Count VIII (Outrageous Conduct), and Count IX (Action for Pre-Death Damages under Florida Survival Statute), Plaintiff aggregates "all individual defendants" together without providing

11

additional specifics related to allegations. The collective grouping and vague allegations are made throughout all counts with multiple defendants. *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) ("The complaint is replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of.")

### 2. General confusion related to claims for Rules 8(a) and 12(b)6.

There is also general confusion from Defendants in order to properly respond to these alleged causes of action. For example, the allegations for Count IX of "pre-death damages" includes all defendants but provides no allegations of what damages are being alleged against which defendant.1 Likewise, Count V for "failure to protect" fails to state a claim since no prisoner attack is alleged. *Cox v. Nobles*, 15 F.4th 1350, 1357 (11th Cir. 2021) ("failure to protect" involves allegations that prison officials failed to protect an inmate from an attack by another inmate).

Furthermore "Outrageous Conduct" in its current form is also confusing in whether Plaintiff means a count for "Intentional Infliction of Emotional Distress" ("IIED") or another tort. An IIED would typically not be a survival claim since survivors were not physically present at the time of the alleged intentional infliction

12

of emotional distress to the decedent. *See Mount v. Pulte Home Co., LLC*, 2021 WL 2942655 at *4 n.8 (M.D. Fla. May 25, 2021). As a result, Defendants are unable to properly respond to the allegations. Thus, Plaintiff's Amended Complaint, in its entirety, should be dismissed.

**C. Count II should be dismissed due to intracorporate conspiracy doctrine.**

Although, the entirety of Plaintiff's Amended Complaint should be dismissed due to it being a shotgun pleading, the Court should dismiss Plaintiff's Count II for conspiracy with prejudice due to the intracorporate conspiracy doctrine. "The intracorporate conspiracy doctrine holds that acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy." *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2000). "[U]nder the doctrine, a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves." *Id*. The Eleventh Circuit has extended application of the intracorporate conspiracy doctrine to public entities and their employees. *Denney v. City of Albany*, 247 F.3d 1172, 1191 (11th Cir. 2000) (stating "the only two conspirators identified . . . are both City employees; no outsiders are alleged to be involved" and concluding intracorporate conspiracy doctrine barred plaintiffs' § 1985(3) conspiracy claims for deprivation of their equal protection rights); *see also*

13

*Rehberg v. Paulk*, 611 F.3d 828, 854 (11th Cir. 2010) (concluding intracorporate conspiracy doctrine barred § 1983 conspiracy claim against a county employee); *Dickerson v. Alachua Cnty. Comm'n*, 200 F.3d 761, 767–68 (11th Cir. 2000)(concluding intracorporate conspiracy doctrine barred plaintiff's § 1985(3) conspiracy claim for interference with his civil rights). This Court has extended the doctrine to the FDC. *See Copeland v. Jones*, 2019 WL 4675400 at *4 (M.D. Fla. Feb. 14, 2019) (barring conspiracy claim under intracorporate conspiracy doctrine because of "no outsider participation in the alleged conspiracy – all Defendants are employees of the [FDC] who Plaintiff alleges violated her civil rights during the course of performing their jobs.").

In the instant matter, it is undisputed that the defendants were all employees of FDC at the time of the alleged incidents. The intracorporate conspiracy "doctrine has been applied not only to private corporations but also to public, government entities" and their employees. Dickerson v. Alachua Cnty. Comm'n, 200 F.3d 761, 767 (11th Cir. 2000) (holding a County jail and its employees are considered to constitute a single legal entity that cannot conspire with itself); see also A.B. ex re. Baez v. Seminole Cnty Sch. Bd, 2005 WL 2105961 at *9  (M.D. Fla. Aug. 31, 2005)(quoting Dickerson).  The very few allegations specific to each defendant describes most of the defendants within their job duties and responsibilities including paperwork, transporting Ridley, taking Ridley for medical attention, etc.

14

Only conclusory allegations of conspiracy are present in the Amended Complaint.

In *Grider v. City of Auburn, Ala.*, the Eleventh Circuit stated:

> We recognize that one might reasonably believe that violating someone's constitutional rights is never a job related function or within the scope of a police officer's employment. However, the question of whether a defendant acted within the scope of his employment is distinct from whether the defendant acted unconstitutionally. The scope-of-employment inquiry is whether the employee police officer was performing a function that, but for the alleged constitutional infirmity, was within the ambit of the officer's scope of authority (i.e., job-related duties) and in furtherance of the employer's business.

618 F.3d 1240, 1262–63 (11th Cir. 2010). In *Grider*, the plaintiff alleged the defendant was engaged in malicious prosecution. *Id*. "Our inquiry is not whether Officer Crook had the authority to prosecute in an unconstitutional manner and with malicious intent, but instead whether engaging in prosecutions is part of Crook's job-related powers and responsibilities." *Id.* In the same way, the question for the Court in the instant case is not whether any action was unconstitutional, but instead whether transporting Ridley and filling out reports was within defendants' job-related powers and responsibilities. Therefore, even if Plaintiff sufficiently plead a conspiracy between defendants and the other individual defendants, because all individual defendants were employees of the FDC during the relevant period, Plaintiff's conspiracy count must be barred by the intracorporate conspiracy doctrine. Therefore, Count II must be dismissed with prejudice.

In order to establish a *prima facie* case of a § 1983 conspiracy, a plaintiff must show that "the defendants reached an understanding to deny the plaintiff's rights." *Hadley v. Gutierrez*, 526 F.3d 1324, 1332 (11th Cir. 2008) (citing *Bendiburg v. Dempsey*, 909 F.2d 463), Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The rule requires sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570.

A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that a defendant is liable for the misconduct alleged. *Id.* at 556. "[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id.* at 555. "A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Id.*

Additionally, the plaintiff must show "an underlying actual denial of [his] constitutional rights." *Hadley v. Gutierrez*, 526 F.3d 1324, 1332 (11th Cir. 2008). "The plaintiff does not have to produce a smoking gun to establish the understanding or willful participation required to show a conspiracy, but must show some evidence of agreement between the defendants." *Rowe v. City of Fort Lauderdale*, 279 F.3d

1271, 1283-84 (11th Cir. 2002). As such, to allege a conspiracy, a plaintiff must make "particularized allegations" that are more than vague or conclusory. *Burge v. Ferguson*, 619 F. Supp. 2d 1225 (M.D. Fla. 2008) (citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1370 (11th Cir. 1998), overruled in part on other grounds)). For purposes of § 1983, the plaintiff must plead in detail, through reference to material facts, the relationship or nature of the conspiracy and agreement between the state actor(s) and the private persons. *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Therefore, merely "stringing together" alleged adverse acts of individuals are also insufficient to demonstrate the existence of a conspiracy. *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992). Plaintiff provides no factual basis to support a conspiracy claim. Plaintiff simply claims that all of the Defendants engaged in a conspiracy. Plaintiff's allegations do not provide a factual basis to sustain a claim for conspiracy.

Plaintiff fails to allege any facts demonstrating an agreement or understanding to deny Ridley his constitutional rights. Mere labels and conclusions are not accepted as true when deciding a motion to dismiss. Defendants cannot be held responsible for simply performing their jobs while, at the same time, working at the same institution with seemingly no other connection to one another. *See Turner v. Safley*, 482 U.S. 78, 89 (1987) (stating that federal courts should not become the primary arbiters of what constitutes the best solution to every administrative problem and

that such a policy would unnecessarily perpetuate the involvement of the federal courts in affairs of prison administration). Therefore, as Plaintiff has no facts to support the conclusory allegations, the conspiracy claims against Defendants should be dismissed.

**Count IX for Pre-Death Damages Fails to State a Cause of Action**

Plaintiff's Count IX is for Pre-Death Damages under section 46.021, Florida Statutes. Section 46.021, titled "Actions; surviving death of party" provides in its entirety: "No cause of action dies with the person. All causes of action survive and may be commenced, prosecuted, and defended in the name of the person prescribed by law." In this matter, Plaintiff has brought a Wrongful Death cause of action under Count I, realleging all of the prior allegations. Plaintiff also seeks relief under section 46.021, F.S. based upon the same allegations.

The Wrongful Death Act provides "When a personal injury to the decedent results in death, no action for personal injury shall survive and any such action pending at the time of death shall abate." §768.20, Fla. Stat. Plaintiff's allegations are that Ridley was transported to confinement, placed in a bed and remained there until September 12 or 13, 2017, in which he was transported to Memorial Hospital in Jacksonville, FL. Ridley "never recovered and died" from his injuries on October 12, 2017. (ECF No. 30 at ¶¶ 75-81, 86-87). Plaintiff further alleges that Ridley's cause of death was "complications of quadriplegia due to dislocation of the C4-C5

vertebrae with spinal cord contusions due to blunt impact to the head and neck." (ECF No. 30, ¶ 89). Plaintiff's allegations clearly contradict and cannot be reconciled with any cause of action under section 46.021, Florida Statutes. If the injuries resulted in the death of the individual (which is what the allegations from the Plaintiff in the Amended Complaint provide), then no other cause of action for personal injuries survives—it all combines into a wrongful death action. See Knowles v. Beverly Enterprises-Florida, 898 So. 2d 1 (Fla. 2004); c.f., Starling v. R.J. Reynolds Tobacco Co., 845 F. Supp. 2d 1215 (M.D. Fla. 2011). Further, Plaintiff would have to prove that his injuries did not result in his death to sustain a cause of action under 46.021, Florida Statute, which they expressly decline to allege. See Williams v. Bay Hosp., Inc., 471 So. 2d 626, 629-30 (Fla. 1st DCA 1985). As such, Count IX of Plaintiff's Amended Complaint fails to state a cause of action and should be dismissed.

## CONCLUSION

Based on the foregoing, Defendants JACOB ANDERSON, WILLIAM JEFFREY JERRELS, DANIEL KLEIN, JASON LIVINGSTON, JOHN NYITRAY, and STEVEN POTOSKY request that the Court enter an Order dismissing the Amended Complaint and any further relief this Court deems necessary and/or proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed through the Court's CM/ECF system which will provide electronic service to all counsel of record this 3rd day of June 2022.

*/s/ Anthony Dean Johnson*
Anthony Dean Johnson