UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JATOON MOSS,

    Plaintiffs,

v.                                               Case No. 3:21-CV-1026-MMH-MCR

RICKY D. DIXON, ET AL.,

    Defendants.
_____/

### Uniform Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on 11/17/2022. James Slater, James Cook, Jacob Hanson, Samantha Smart, Anthony D. Johnson, Ethen Shapiro and David Chauncey attended the conference.

2. **Deadlines and Dates**

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 12/2/2022 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 1/20/2023 |

| | |
|---|---|
| Plaintiff's deadline for disclosing any expert report. *See* Fed. R. Civ. P. 26(a)(2). | 8/25/2023 |
| Defendant's deadline for disclosing any expert report. | 9/29/2023 |
| Deadline for disclosing any rebuttal expert report. | 10/27/2023 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 1/19/2024 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 3/22/2024 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. | 4/5/2024 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 6/7/2024 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 6/21/2024 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 7/12/2024 |
| Month and year of the trial term. | August 2024 |

The trial will last approximately 10 days and be

☒ jury.

☐ non-jury.

3. **Description of the Action**

**PLAINTIFF BRINGS AN ACTION AGAINST NUMEROUS DEFENDANTS FOR WRONGFUL DEATH, EXCESSIVE FORCE, FAILURE TO PROTECT, FAILURE TO TREAT, CONSPIRACY, ADA/RA VIOLATIONS, AND STATE-LAW CLAIMS, CLAIMING THAT DEFENDANTS CAUSED DECEDENT TO BECOME QUADRIPLEGIC, FAILED TO PROVIDE PROTECTION, FAILED TO PROVIDE TREATMENT FOR A**

2

**KNOWN SERIOUS MEDICAL CONDITION, ENGAGED IN A CONSPIRACY TO FURTHER THEIR WRONGFUL ACTS, AND FAILED TO REASONABLY ACCOMMODATE DECEDENT'S DISABILITIES, RESULTING IN DEATH. DEFENDANTS CLAIM THAT THEY WERE UNAWARE OF THE RISK TO DECEDENT.**

**DEFENDANTS DISPUTE AND DENY PLAINTIFF'S CLAIMS.**

4. **Disclosure Statement**

    ☐ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

5. **Related Action**

    ☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

    > "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
    >
    > The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

    ☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

    ☒ The parties do not consent.

7. **Preliminary Pretrial Conference**

    ☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

8. **Discovery Practice**

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

   The parties submit the following discovery plan under Rule 26(f)(2):

   A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

      ☒ Yes.
      ☐ No; instead, the parties agree to these changes: enter changes.

   B. Discovery may be needed on these subjects: list the subjects. Discovery will be needed as to video and audio recordings related to the use of force and records of the investigations of the Florida Department of Corrections and the Florida Department of Law Enforcement, including addenda, as well as the classification files of the prisoner against whom force was used, the dormitory logs from the time frame of the matter sued upon, daily records of special housing, medical records, personnel records of the prison staff involved, including evaluation and corrective action documents, policy and training records, including training course materials, communications relating to the matter sued upon and the use of force and the alleged threats and intimidation, records relating to all claims and defenses, privilege logs, and, to the extent that defendants plan to rely on the limitations of their assets as a defense to punitive damages, financial disclosures.

   C. Discovery should be conducted in phases:

      ☐ No.

        ☒ Yes; describe the suggested phases. Asset discovery for the individuals, to the extent appropriate, and contention interrogatories, if appropriate, should be conducted toward the end of discovery.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

        ☐ No.
        ☒ Yes; Plaintiff requests the following: that electronic records should be produced, to the extent possible or reasonably practicable, in native format with a load file that defines document breaks, attachments, and metadata; to the extent possible or reasonably practicable, emails and word-processing documents should be produced in their native format and in TIFF format, with metadata and text-searchable information extracted from the native file and produced as fielded metadata with custodian or source information, MD-5 hash values, title, creation dates, and page counts; to the extent possible or reasonably practicable, emails should maintain family relationships among email and attachments, and the metadata should include subject, from, to, copyees, blind copyees, date sent, time sent, MD-5 hash value, begin attachment, and end attachment.

    Records will be requested in the form they are maintained or as otherwise agreed by the parties. Any special viewing software necessary for video or audio will be provided with the video or audio files. The parties agree to request and respond to discovery by e-mail and specifically consent to e-mail service in this case; documents will be provided by e-mail and electronic record transfers to the extent possible.

    The parties will discuss matters concerning the propriety of redactions, protection under Rule 26(c), document sensitivity, HIPAA-qualified protection, and confidentiality as those issues may arise in discovery.

E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☐ No.

☒ Yes; describe the stipulation. Given the number of parties and witnesses, the number of depositions should be increased to 40. As the case proceeds, the parties may request additional depositions based on the facts and circumstances of the case.

## 10. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

/s/ James Slater

James Slater
Counsel for Plaintiff
11/18/2022

/s/ Anthony Johnson

Anthony Johnson
Counsel for Defendants Anderson, Jerrels, Livingston, Nyitray & Potosky
11/18/2022

/s/ Samantha Dunlap-Smart

Samantha Dunlap-Smart
Counsel for Defendant Dixon
11/18/2022

/s/ Jacob Hanson

Jacob Hanson
Counsel for Defendants Corey & Dure
11/18/2022

/s/ David Chauncey

David Chauncey
Counsel for Defendants Nettles, Lewis, Greene & Flynn
11/18/2022

/s/ Ethen Shapiro

Ethen Shapiro
Counsel for Defendant Winningham
11/18/2022