UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:  3:21-CV-1026

JATOON MOSS, AS PERSONAL REPRESENTATIVE, FOR THE ESTATE OF CRAIG RIDLEY, ON BEHALF OF THE ESTATE AND SURVIVORS JATOON MOSS AND GARY RIDLEY,

 Plaintiff(s),

v.

RICKY DIXON, AS SECRETARY OF THE FLORIDA DEPARTMENT OF CORRECTIONS AND ROBERT E. SMITH, JR.; WILLIAM JEFFERY JERRELS; JOHN E. NETTLES; JACOB ANDERSON; DANIEL KLEIN; JASON LIVINGSTON;JOHN MYITRAY; AARON LEWIS; JON EBERLEIN; STEVEN POTOSKY; DANIEL GREENE; ROY HARDEN; ROYCE GIVENS; RICHARD FYLNN; LONNIE UNDERWOOD; AMANDA COREY; STEPHANIE WINNINGHAM; JEAN DURE; IN THEIR INDIVIDUAL CAPACITIES,

 Defendant(s).
_____//

**DEFENDANT RICKY DIXON, AS SECRETARY OF THE FLORIDA DEPARTMENT OF CORRECTIONS' REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DIXON'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant RICKY DIXON, in his official capacity as Secretary of the Florida Department of Corrections ("Dixon"), replies to Plaintiff's Response in Opposition to his Motion to Dismiss Count VII of Plaintiff's Second Amended Complaint (Doc. 96). In support thereof, Dixon states:

## BACKGROUND

This lawsuit centers on the alleged mistreatment of decedent Craig Ridley at the Reception and Medical Center ("RMC"), a Florida Department of Corrections ("FDC") facility. Count VII of Plaintiff's Second Amended Complaint (Doc. 70) alleges that Dixon violated Ridley's rights in violation of Title VII of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*

Dixon moved to dismiss Count VII of Plaintiff's Second Amended Complaint on two grounds: (a) the statute of limitations has expired, and there was no tolling of the limitations period; or (b) alternatively, it does not allege that the decedent was mistreated "because of" his disability. Plaintiff's Response raises several issues, claiming: when Plaintiff's ADA claims accrued is a factual inquiry; this Court would be overruling itself by resolving the statute of limitations issue now; the statute of limitations does not bar Plaintiff's recovery, or alternatively, equitable tolling is warranted as this case is "extraordinary" (statute of limitations issues); and Plaintiff has stated a valid ADA claim. (Doc. 96). This Reply addresses each.

## MEMORANDUM OF LAW

A motion to dismiss is properly granted when a complaint "fails to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b)(6). A complaint that

does not contain "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face'" will be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A dismissal based on the statute of limitations is appropriate when "noncompliance with the statute of limitations is **apparent on the face of the complaint** . . . ." *Omar ex rel. Cannon v. Lindsey*, 334 F. 3d 1246, 1251 (11th Cir. 2003) (emphasis added).

## ANALYSIS

### A. Statute of Limitations Issues

Plaintiff argues that this Court resolving the limitations and tolling issues at this juncture would be premature. Plaintiff cites this Court's Order granting Plaintiff leave to file her Second Amended Complaint, in which this Court stated: "**At this juncture**, the Court finds that permitting Moss to amend is not futile. Whether Moss filed each claim beyond the relevant statute of limitations, and if so, whether Moss is entitled to equitable tolling are factual questions." (Doc. 69) (emphasis added). But this Court noted that Moss moved to file her Second Amended Complaint:

> to 'clarify and reorganize some of the facts,' add facts based on recently obtained evidence, 'replead her claims concerning injury not resulting in death implicated by section 46.021, Florida Statutes,' add more facts regarding the alleged conspiracy, and 'correct the mistake of dropping Royce Givens from her amended complaint.'

(Doc. 69 (quoting Doc. 63)). The "juncture" this Court discussed was **before** Plaintiff filed her Second Amended Complaint. By virtue of the Second Amended Complaint, Plaintiff has been given her chance to answer these questions in a manner adequate to survive a motion to dismiss. She has simply failed to take it.

Plaintiff also invokes *Murphy v. F.D.I.C.*, 208 F.3d 959 (11th Cir. 2000), claiming that Dixon's motion to dismiss is a smokescreen for seeking reconsideration of this Court's prior Order granting her leave to amend. (Doc. 96).[1] But *Murphy* is inapposite. In *Murphy*, the Eleventh Circuit discussed the law-of-the-case doctrine in the context of denying to apply a prior D.C. Circuit ruling from the same (transferred) case. *See* 208 F.3d 966. Even then, however, *Murphy* states that the doctrine "does not . . . require rigid adherence to rulings made at an earlier stage of a case in all circumstances." *Id.* (citation omitted). This Court would not be overruling itself to find that, having given Plaintiff another chance to state a valid claim, she has failed.

Further, courts routinely determine whether the statute of limitations bars ADA claims at this stage in litigation. *See Everett v. Cobb Cnty. Sch. Dist.*, 138 F.3d 1407, 1410 (11th Cir. 1998) (affirming a motion to dismiss on the grounds that the plaintiff's ADA claim was time barred); *Cloud v. Fla. Dep't of Corr.*, 2019 WL 13084198, at *5 (N.D. Fla. Oct. 4, 2019) (resolving the statute of limitations question at the motion to dismiss stage); *Phillips v. May*, 2018 WL 11247163, at *2 (S.D. Fla. Sept. 21, 2018) (denying a plaintiff leave to amend to add ADA claims on statute of limitations grounds); *Karantsalis v. City of Miami Springs, Fla.*, 17 F. 4th 1361, 1321 (11th Cir. 2021) (resolving the statute of limitations question for an ADA claim on appeal of a motion to dismiss).

The same goes for determining whether equitable tolling applies. *See Hunt v.*

---

[1] Plaintiff states that "The Court should decline the Secretary's invitation to revisit its well-reasoned decision. *Murphy* . . . ('reconsideration of a prior holding [under law-of-the-case doctrine] is not improper if the court is convinced that the prior decision is clearly erroneous and would work manifest injustice')." (Doc. 96)

*Georgia Dep't of Cmty. Affs.*, 490 F. App'x 196, 198–99 (11th Cir. 2012) (affirming the dismissal of an ADA claim as barred by the statute of limitations and finding that the plaintiff "failed to show extraordinary circumstances justifying equitable tolling"); *Arrington v. United Parcel Serv.*, 384 F. App'x 851, 852 (11th Cir. 2010) (affirming the denial of equitable tolling for a plaintiff's ADA, Title VII, and age discrimination claims); *Horsley v. Univ. of Alabama*, 564 F. App'x 1006, 1009 (11th Cir. 2014) (affirming the dismissal of an ADA claim as time-barred as the plaintiff did not "establish extraordinary circumstances that would warrant equitable tolling").

In short, courts routinely determine the applicability of the statute of limitations and equitable tolling at early stages of litigation. And this Court would not be implicitly overruling itself by resolving these issues on Dixon's motion to dismiss.

Plaintiff next contends that her ADA claims could not accrue under *Karantsalis* until there was sufficient information to know that the decedent had been denied benefits. (Doc. 96). She argues that *Karantsalis* stands for the proposition that the statute of limitations "does not accrue in an ADA claim until the disabled person has sufficient information to know he or she has been denied benefits." (Doc. 96 (quoting *Karantsalis*, 17 F.4th at 1325)). Plaintiff is right on the law, but wrong on its application. Plaintiff argues that accrual occurred in November 2020 or February 2021, when the decedent's family was given materials from FDLE. But *Karantsalis* makes clear that "a plaintiff [need not] know or suffer the full extent of his injury before his cause of action accrues . . . [r]ather, a plaintiff must know or have reason to know that he was injured to some extent." 17 F.4th at 1323.

Plaintiff alleges that Dixon is liable under the ADA for failing to accommodate the decedent's quadriplegia; failing to ensure his access to food, water, and hygiene; failing and intentionally refusing to train employees on humane treatment of disabled inmates; failing to consider the decedent's disability when moving and escorting him; allowing officers to routinely physically abuse inmates at RMC; and fabricating records regarding the decedent's disability. (Doc. 70). But as discussed in Dixon's motion to dismiss (Doc. 87), all of these injuries occurred while the decedent was at RMC. Further, Diane Gatewood saw the decedent while in hospital on four separate days and had several communications with Memorial Hospital staff. (Doc. 70, Ex. A). All of these communications and visits occurred **before** October 12, 2017. Thus, there was reason to know of the decedent's alleged injuries before the limitations period expired.

Finally, the circumstances of this case do not warrant tolling of the applicable limitations period. Litigants seeking equitable tolling must establish two elements: (a) a diligent pursuit of their rights; and (b) extraordinary circumstances presenting an obstacle. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Ms. Gatewood's affidavit states that she saw the decedent during his hospitalization on several days, and communicated with hospital staff numerous times. (Doc. 70, Ex. A). The visits and communications provided ample opportunity to determine, or attempt to determine, the circumstances of the decedent's hospitalization. And the Second Amended Complaint does not allege that Plaintiff made any affirmative efforts to seek more information regarding the decedent's injured status, despite a near month-long

hospitalization with allegedly visibly severe injuries.

Second, there are no extraordinary circumstances that warrant tolling. Plaintiff argues that the decedent could not file a lawsuit prior to his death in the hospital due to being "hidden in confinement," but Ms. Gatewood's affidavit establishes that the decedent received numerous visits during his hospitalization. (Doc. 70, Ex. A). Plaintiff relies on *Cabello v. Fernandez-Larios*, in which the court allowed equitable tolling of the plaintiffs' claim. 402 F.3d 1148 (11th Cir. 2005). But the court allowed equitable tolling because plaintiffs "could not have possibly pursued their claims until [the decedent]'s body was exhumed," after it had been actively concealed. *Id.* at 1155. Here, Ms. Gatewood's affidavit readily distinguishes this case from *Cabello*: there were numerous visits for the decedent during his hospitalization, and his condition was readily apparent.

At bottom, the statute of limitations and equitable tolling questions are properly suited for resolution at this stage. Plaintiff's claim against Dixon was filed after the limitations period expired, and is not subject to equitable tolling. Therefore, Count VII of Plaintiff's Second Amended Complaint should be dismissed.

### B. Failure to Accommodate Claim

Plaintiff contends that Dixon improperly morphs Plaintiff's failure to accommodate claim into a disparate treatment claim. Such an assertion is incorrect.[2] To state an ADA claim, a plaintiff must prove:

---

[2] Plaintiff also incorrectly states that Dixon only contests the third prong of the "standard Title II test." (Doc. 96).

> (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability

*Bircoll v. Miami-Dade Cnty.*, 480 F.3d 1072, 1083 (11th Cir. 2007). A plaintiff must show that the alleged disability "made a difference" in their treatment; that they were discriminated against "because of" the alleged disability; and "but-for" the alleged disability, they would have been treated differently. *See McNely v. Ocala Star-Banner Corp.*, 99 F.3d 1068, 1077 (11th Cir. 1996).[3] Plaintiff has not met this burden.

Much of Plaintiff's Second Amended Complaint is dedicated to allegations of widespread mistreatment of inmate abuse and homicide; **not** the mistreatment of disabled prisoners specifically. (Doc. 70). Plaintiff's allegations boil down to the claim that prisoners in Florida are systemically abused and mistreated, and that the decedent's treatment was consistent with the poor treatment faced by other prisoners—not that he was discriminated against "because of" his disability.

Plaintiff invokes *Walton for Est. of Smith v. Fla. Dep't of Corr.* in support of her claim that ADA claims such as this one "could be correctly stated under [the ADA's] catchall provision when the plaintiff shows that an officer engaged the qualified individual in a way that failed to reasonably accommodate his disability." (Doc. 70 (citing 2019 WL 2103024, at *11 (N.D. Fla. May 14, 2019))). But *Walton* only allowed

---

[3] Plaintiff stated that Dixon focused on her allegations about the generalized poor treatment of prisoners in coming to the conclusion that such treatment does not satisfy the "because of" standard. According to Plaintiff, discrimination claims "do not require such a showing." (Doc. 96). *McNely* suggests otherwise.

the claim to proceed because the plaintiff "allege[d] [the decedent] was discriminated against **because of** his [disability], satisfying the third element required to state a claim under the ADA." *Walton*, 2019 WL 2103024, at *12 (emphasis added).

Further, the Second Amended Complaint makes clear that any mistreatment suffered by the decedent was part of a conspiracy in which the other defendants "pursued their **own, independent criminal interests** for mutual protection which were **inconsistent with the interest of FDC**." (Doc. 70) (emphases added). And, given the context provided in the Second Amended Complaint, such a conspiracy—which Dixon was not a part of[4]—cannot provide the basis for a claim against Dixon.

As Plaintiff has failed to allege that the decedent was mistreated because of his disability—instead alleging that there was systematic mistreatment of all inmates across the statement of Florida, and that the decedent's alleged mistreatment was consistent with the general mistreatment of inmates—she has not stated an ADA claim. Dixon's Motion to Dismiss Count VII of the Second Amended Complaint should therefore be granted.

## CONCLUSION

This Court gave Plaintiff a chance to amend her complaint to plausibly state a claim. (Doc. 63). But the amendments have not changed the fact that her claim against Dixon was filed outside the limitations period, or alternatively have not gone

---

[4] The Second Amended Complaint clarifies that "[r]eferences to the . . . FDC herein also refer to DIXON." (Doc. 70).

beyond alleging systemic mistreatment of **all** prisoners in the criminal justice system in Florida. Therefore, this Court should grant Dixon's Motion to Dismiss (Doc. 87).

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on January 17, 2023, we electronically filed the foregoing document with the Clerk by using the CM/ECF system, which will serve a copy on all counsel of record.

> LUKS, SANTANIELLO, PETRILLO, COHEN & PETERFRIEND
> Attorneys for Defendant
> 301 W BAY STREET
> SUITE 1010
> JACKSONVILLE, FL 32202
> Telephone: (904) 791-9191
> Facsimile: (904) 791-9196
>
> By: /s/ **Sam D. Smart**
> TODD T. SPRINGER
> Florida Bar No.: 178410
> Sam D. Smart
> Florida Bar No.: 95951
> LUKSJAX-Pleadings@LS-Law.com

### CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that a lawyer in my firm with full authority to resolve this matter had a substantive conversation in person or by telephone with opposing counsel in a good faith effort to resolve this motion before the motion was noticed for hearing but the parties were unable to reach an agreement