UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JATOON MOSS,

    Plaintiff,

v.

RICKY DIXON, *et al.*,

    Defendants.

Case No. 3:21-cv-1026-MMH-MCR

**PLAINTIFF'S SURREPLY IN RESPONSE TO JERRELS
DEFENDANTS' REPLY TO MOTION TO DISMISS**

    In reply in support of their motion to dismiss, Jerrels Defendants argue Plaintiff cannot state a negligent infliction of emotional distress (NIED) claim because, in their view, such claims are reserved *only* for "someone with a close relationship to a directly injured person." (Doc. 106 PageID 1115). According to them, Plaintiff cannot recover because she was not present at the prison with Mr. Ridley. That view ignores the law and the nature of this predeath claim.

    Originally, Florida law required a plaintiff to sustain a physical impact to recover damages for emotional injuries caused by negligence. *See Gilliam v. Stewart*, 291 So.2d 593, 594–95 (Fla. 1974). The Florida Supreme Court modified the impact rule to allow a plaintiff to recover emotional damages caused by negligence without a physical impact if either the plaintiff suffered "death or significant discernible physical injury, when caused by psychological trauma resulting from a negligent injury imposed upon a close family member within the sensory perception of the

physically injured person." *Champion v. Gray*, 478 So.2d 17, 18 (Fla. 1985), receded from in part on other grounds, *Zell v. Meek*, 665 So.2d 1048, 1053–54 (Fla. 1995).

This modification established a separate "bystander" line of NIED cases: "There are at least two distinct emotional circumstances: one caused by fear for one's own safety and one caused by anxiety or stress for the injury or death of another." *Champion*, 478 So.2d at 19. The *Champion* court modified the impact rule for bystanders in the "limited" context of the facts of that case. *Id.* There the court looked to whether the victim and bystander were "closely related" or a "close family member" for purposes of the foreseeability of a bystander claim. *See id.* at 18–19. The Jerrels Defendants argue as if a bystander claim is the only extant theory under which Plaintiff could travel; their proposition would undo an entire class of NIED claims. *See Pipino v. Delta Air Lines, Inc.*, 196 F. Supp. 3d 1306, 1317 (S.D. Fla. 2016) ("*Champion* does not entirely displace the impact requirement. While not expressly stated in such terms, *Champion* actually only relaxes the requirement to allow the impact to be sustained by a third party rather than the plaintiff.").

The Florida Supreme Court has been clear that *Champion*'s modified impact rule is cabined to the bystander context. *See, e.g., Hagan v. Coca-Cola Bottling Co.*, 804 So.2d 1234, 1237 (Fla. 2001) (explaining that *Champion* "modified the impact rule in bystander cases"); *Zell*, 665 So.2d at 1054. In *Hagan*, for example, the Florida Supreme Court held that public policy dictated that the impact rule should not apply in "a cause of action for emotional distress caused by the ingestion of a contaminated

2

food or beverage" even "despite the lack of an accompanying physical injury" for a direct injury claim. *Hagan*, 804 So.2d at 1238. There, two sisters drank from a Coca-Cola bottle. *Id.* at 1235. They held the bottle up to the light and observed what appeared to be a used condom inside. *Id.* They became nauseated and sought medical attention and treatment. *Id.* The sisters sued for their *own* injuries—a viable NIED claim. Similarly, in *Willis v. Gami Golden Glades, LLC*, which Jerrels Defendants quote in their reply, the Florida Supreme Court held there was sufficient impact to Mrs. Willis—the directly injured party—to state an NIED claim because her assailant made physical contact with her temple with his gun as well as physical contact with her body while searching for money and other belongings. 867 So.2d 846, 850 (Fla. 2007). The Jerrels Defendants' proposition that NIED claims are only reserved for third parties is simply not in line with decades of binding precedent.

      Here, Plaintiff's NIED claim is not her own—it is a predeath claim under section 46.021, Florida Statutes, for Mr. Ridley's own emotional damages. *See, e.g.*, SAC ¶¶ 278–82. The law permits Plaintiff, on behalf of Mr. Ridley as the directly injured person, to state such a claim. Plaintiff's presence or impact is irrelevant.

Dated: January 19, 2023.

                                                    Respectfully submitted,
                                                    SLATER LEGAL PLLC

                                                    By:   */s/ James M. Slater*
                                                           James Slater (FBN 111779)
                                                           113 S. Monroe Street
                                                           Tallahassee, Florida 32301
                                                           james@slater.legal
                                                           Tel. (305) 523-9023
                                                           *Counsel for Plaintiff*