UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JATOON MOSS,

    Plaintiff,

v.

RICKY DIXON, *et al.*,

    Defendants.

Case No. 3:21-cv-1026-MMH-MCR

**PLAINTIFF'S SURREPLY IN RESPONSE TO SECRETARY
DIXON'S REPLY TO MOTION TO DISMISS**

    In reply in support of his motion to dismiss, the Secretary argues Plaintiff cannot state a claim under Title II of the Americans with Disabilities Act (ADA) because of apparent inconsistent allegations in the Second Amended Complaint (SAC). The Secretary claims the SAC "cannot provide the basis for a [Title II] claim against Dixon" because it "makes clear that any mistreatment suffered by [Mr. Ridley] was part of a conspiracy in which the other defendants 'pursued their own, independent criminal interests for mutual protection which were inconsistent with the interest of FDC.'" (Doc. 113 PageID 1137) (quoting Doc. 70 ¶ 189).

    But the pleading rules are clear: Rule 8(d) allows Plaintiff to plead inconsistently and in the alternative. If the corrections officers conclusively conspired with criminal intent to hide Mr. Ridley away in his cell in a matter inconsistent with the FDC's interest, then the Secretary *might* be able to avoid liability for a Title II violation for some acts or omissions. But if—as otherwise alleged—the evidence shows that failures to accommodate Mr. Ridley stem from FDC's deliberate

indifference to addressing and instituting corrective measures for discrimination in its programs for mobility impaired inmates, then the corrections officers would not necessarily have been acting against FDC's interest. *See Ingram v. Kubik*, 30 F.4th 1241 (11th Cir. 2022).[1] FDC may have approved their conduct. *See* SAC ¶ 252. Under Rule 8(d), Plaintiff can proceed with incompatible, alternate theories. *Groover v. Polk Cnty. Bd. of Cnty. Comm'rs*, 460 F. Supp. 3d 1242, 1250 (M.D. Fla. 2020) (plaintiff could state alternative theories under which either the county or officers would have immunity under Florida law). And even if later Plaintiff cannot maintain an ADA claim for some violations that could be subsumed into the conspiracy, not every alleged failure to accommodate touches on the conspiracy allegations—for example, the failure to accommodate Mr. Ridley when transporting him after the attack. *See, e.g.*, SAC ¶¶ 38–39, 44, 71.

Respectfully submitted this 23rd day of January 2023.

SLATER LEGAL PLLC

By: */s/ James M. Slater*
James Slater (FBN 111779)
113 S. Monroe Street
Tallahassee, Florida 32301
james@slater.legal
Tel. (305) 523-9023
*Counsel for Plaintiff*

---

[1] In *Ingram*, the Eleventh Circuit recently abrogated vicarious liability for Title II claims. Although Plaintiff references vicarious liability in Count VII, she also asserts that the Secretary is directly liable for failure to take corrective measures to discrimination at FDC. SAC ¶¶ 252, 256–57; *see also Disability Rts. Florida, Inc. v. Julie Jones*, Case No. 4:16-cv-00047, Doc. 1 (N.D. Fla. Jan. 26, 2016) (asserting widespread denial of accommodations to mobility impaired inmates in FDC). Because the direct claim is supported in the SAC, the motion should be denied, but if granted, Plaintiff should be allowed to conform her claim to follow *Ingram*.