UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JATOON MOSS,

     Plaintiff,

 v.

RICKY DIXON, *et al.*,

     Defendants.

Case No. 3:21-cv-1026-MMH-MCR

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' JOINT MOTION TO STAY DISCOVERY**

Pursuant to Local Rule 3.01(c), Plaintiff Jatoon Moss opposes Defendants'
Joint Motion to Stay Discovery. (Doc. 121). In support, Plaintiff states:

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, as the personal representative and a survivor of Craig Ridley—a
veteran and state prisoner who was cruelly tortured by the defendants while in the
custody of the Florida Department of Corrections—, sued the corrections
defendants for violating Mr. Ridley's rights under the Eighth Amendment and for
state-law claims associated with the suffering he faced from his cruel torture, as well
as for his untimely death. (*See, generally*, Doc. 70). Defendants have asked the Court
to dismiss this case on several grounds, but focusing mainly on whether the case is
barred by the applicable statute of limitations.

The Court has already ruled that whether Plaintiff "filed *each claim* beyond the relevant statute of limitations, and if so, whether [Plaintiff] is entitled to equitable tolling are *factual inquiries*." (Doc. 69 PageID 782) (emphasis supplied). Still, Defendants persist. After reraising their statute of limitations arguments, they now ask the Court to stay further discovery in the case. (Doc. 121). But now they do so: after the Court's determination that there were factual issues that needed to be resolved; after submitting a Case Management Report, in which the parties proposed a January 2024 fact discovery cutoff premised on Defendants' request for more time to conduct discovery, instead of Plaintiff's initially proposed October 2023 deadline, (Doc. 79 PageID 903); and after seeking extensions of time to respond to discovery Plaintiff already propounded. The request to further delay this litigation is not justified and the arguments Defendants raise are entirely attributable to their efforts to cover up their brutal torture of Mr. Ridley and foreclose Plaintiff's ability to seek justice for her father.

Rather than seek reconsideration of the Court's prior ruling on the statute of limitations inquiry or delay the parties' planning conference to seek relief before the entry of a scheduling order, Defendants waited until after the Court has set discovery deadlines—and well after Plaintiff issued discovery requests—to seek this extraordinary relief. The Court should not entertain Defendants' joint motion because, as explained below, this is not the admitted "rare situation" warranting a stay. (Doc. 121 PageID 1172) (quoting *Zarnesky v. Adidas Am., Inc.*, No. 6:21-CV-540-PGB-GJK, 2021 WL 3729230, at *3 (M.D. Fla. June 10, 2021)).

## II.   ARGUMENT

### A. Applicable legal standard.

The joint motion asks the Court to "stay" discovery. To determine whether staying discovery is warranted under its inherent power, *Perez v. Miami-Dade Cty.*, 297 F.3d 1255, 1263 (11th Cir. 2002), courts may "take a preliminary peek at the merits of the [dispositive motion] to see if it appears to be clearly meritorious and truly case dispositive." *Feldman v. Flood*, 176 F.R.D. 651, 652–53 (M.D. Fla. 1997), (quotations omitted).

A motion to stay discovery pending a ruling on a dispositive motion is "generally disfavored, 'because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.'" *www.TrustScience.com Inc. v. Bloom Ltd.*, No. 618CV1174ORL41DCI, 2018 WL 8368844, at *2 (M.D. Fla. Oct. 11, 2018) (citing *Feldman*, 176 F.R.D. at 652, quoting *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988)); S.D. *v. St. Johns Cnty. Sch. Dist.*, No. 3:09-CV-250-J-20TEM, 2009 WL 3231654, at *2 (M.D. Fla. Oct. 1, 2009), *amended*, No. 3:09-CV-250-J-20TEM, 2009 WL 4349878 (M.D. Fla. Nov. 24, 2009) (same; denying a motion to stay). According to the District's discovery handbook, a motion to dismiss "[n]ormally […] will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion. Such motions for stay are rarely granted." Middle District Discovery (2021) §

(I)(E)(4). Defendants bear the burden of showing good cause to stay discovery. *Feldman*, 176 F.R.D. at 652. To succeed, they must show "prejudice and undue burden." Middle District Discovery (2021) § (I)(E)(4).

Defendants cannot meet their heavy burden to stay discovery.

## B. Defendants are on notice that this is not the "rare situation" warranting a stay of discovery.

Defendants contend that their statute-of-limitations arguments are so case-dispositive *at this stage* that the Court should rule on their motions to dismiss before Plaintiff can continue discovery. But unlike the litigants in the cases they cite, these Defendants have notice that a stay is not warranted here. In countering statue-of-limitations arguments in her motion for leave to file her Second Amended Complaint, the Court concluded that Defendants arguments *may* be case-dipositive, but not at the dismissal stage. (Doc. 69 PageID 782). The former medical defendants were the only ones to acknowledge this in their motions to dismiss—they reasserted their statute of limitations defense "[i]n an abundance of caution, and so as not to waive the defense" because the "Court ruled that factual questions precluded a ruling as to whether the statute of limitations had run." (Doc. 75 PageID 852; Doc. 76 PageID 876).

Defendants' reliance on the caselaw in their motion could be availing—to some extent—without this notice. Even so, courts in this district—including one that Defendants cite—have held that *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) and its progeny—on which Defendants rely—actually "stand

for the [narrow] proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount," not that discovery should be stayed any time there is a motion to dismiss. *Koock v. Sugar & Felsenthal, LLP*, No. 8:09-CV-609-EAK-EAJ, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009) (quoting *In re Winn Dixie Stores, Inc. ERISA Litig.*, No. 3:04-CV-194-VHC-MCR, 2007 WL 1877887, at *1 (M.D. Fla. June 28, 2007)). As *Koock* advises "[t]he holding in [*Chudasama*] does not establish the general rule that discovery should not proceed while a motion to dismiss is pending." *Koock*, 2009 WL 2579307, at *2; *Brexendorf v. Bank of Am., N.A.*, No. 617CV2065ORL37GJK, 2018 WL 7252955, at *4 (M.D. Fla. Nov. 15, 2018) ("there is no general rule that discovery must be stayed while a dispositive motion is pending").

Defendants have recognized that a stay is not appropriate after the Court's order granting leave to amend the complaint because they agreed to conduct discovery here and have sought extensions to respond to it. Yet now they seek relief, presumably to avoid the burden of engaging in discovery at all. But a complete stay of discovery is only warranted in "rare" circumstances and usually only when a motion to dismiss is truly case-dispositive. The Court has ruled otherwise at this stage. That "fact militates against granting the requested stay." *Centennial Bank v. ServisFirst Bank Inc.*, No. 8:16-CV-88-T-36JSS, 2016 WL 7423139, at *2 (M.D. Fla. Mar. 23, 2016) (citing *Williams v. Educational Credit Mgmt. Corp.*, Case No. 14–cv–1254, 2015 WL 493767, at *2 (M.D. Fla. Jan. 14, 2015) (denying a motion to stay discovery pending resolution of a motion to dismiss where "it appears likely that this

case will proceed regardless of the specifics of this Court's order on [the] motion to dismiss").

### C. The nature of Plaintiff's issued discovery does not support a stay.

Defendants also argue that the breadth of Plaintiff's propounded discovery justifies a stay. (Doc. 121 PageID 1167–68, 72–73). For reasons explained below, Defendants' reliance on *Zarnesky* for that proposition is misplaced.

Despite outstanding discovery,[1] Defendants do not invoke Rule 26(c) to seek protection from responding. And Plaintiff does not construe this motion to seek protection under Rule 26(c)—it does not ask for that relief.[2] That said, in an abundance of caution and to not waive argument, to the extent the Court construes the joint motion as a motion for protective order—despite the lack of invocation—Defendants cannot meet that burden either.[3]

---

[1] After filing the motion, FDC responded to Plaintiff's written discovery and has stated it would produce documents responsive to Plaintiff's already-issued requests, despite filing this motion. After an extension without objection by Plaintiff, the individual defendants' discovery responses are due on March 10.

[2] To the extent the Court adjudicates this motion under Rule 26(c), Plaintiff would ask the Court to award her reasonable expenses, including attorney's fees under Rule 37(a)(5), in the event the motion is denied.

[3] First, they would need to show good cause to be protected from undue burden or expense, "which requires a specific demonstration of facts to support the motion; conclusory statements about need and harm are not sufficient." *Zarnesky*, 2021 WL 3729230, at *3 (citation omitted); *Trinos v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 698 (S.D. Fla. 2008) (must show substantiated, examples or articulated reasoning). Next, the burden would then shift to Plaintiff to show why relief should not be granted, "either because of undue prejudice or the importance of the discovery at issue." *Hillery v. Dick Baird, Inc.*, No. 618CV1506ORL37TBS, 2019 WL 13082690, at *1 (M.D. Fla. Feb. 25, 2019) (citation omitted).

This case involves eleven current and former correctional officers who either participated in the brutal, paralyzing attack on Craig Ridley or covered it up—leaving him starving in a cell for days and fabricating records to hide his inhumane torture. The Florida Department of Law Enforcement investigated what happened to Mr. Ridley. Their review included taking 173 interviews, compiling 90 hours of video, and analyzing 1,000 pages documents from FDC, among other things. (Doc. 40-4 PageID 484). This is a wide-ranging case, in which Plaintiff asserts not only constitutional and state-law violations against these eleven individuals for specific acts, but also a conspiracy. (*See* Doc. 70, Count III).

Given all this, Plaintiff issued discovery to each of the individual defendants seeking to understand their role in Mr. Ridley's torture, their communications about the same, and any records they might have relating to the facts asserted in the complaint. Defendants complain that they must respond to 2,000 requests *in total for eleven individuals*, but half of those requests seek admissions to narrow the disputed issues in the case. The Florida Department of Corrections did not believe Plaintiffs' requests for admission were so broad to warrant protection under Rule 26(c) or to justify a stay—it responded to 163 requests for admission just after filing the joint motion (*see* Doc. 122), and has responded to interrogatories and requests for production as well. The individual defendants could do the same. The Federal Rules of Civil Procedure "strongly favor full discovery whenever possible." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985).

Instead, Defendants point to a few specific requests in their motion to argue Plaintiff has a too-expansive view of discovery—such as asking for communications about Mr. Ridley and recollections about him after the attack, (Doc. 121 Page ID 1172)—, but they do not explain how those requests are so broad to warrant a stay or to justify protection under Rule 26(c). They say they are "expansive" and "voluminous" but that is conclusory, and conclusory statements can never demonstrate good cause. *Zarnesky*, 2021 WL 3729230, at *3.

As to balancing the equities for a blanket stay, the discovery attached to the joint motion is not like what was requested in *Zarnesky*. There, the plaintiff sought to capture extensive data about every single visitor to the defendant's website in a putative class action, *see id.*; here, Plaintiff seeks to narrow the issues with targeted requests for admissions and asks for documents from the individuals—many of which are likely in the possession, custody, or control of FDC, not the individuals. The *Zarnesky* court weighed the burden of responding to extensive discovery against the strength of the dispositive motion that would ultimately absolve defendants from engaging in discovery. Because the statute-of-limitations arguments will not dispose the case—at least at this stage—the Court need not balance the equities of responding to discovery. And because Defendants have not otherwise shown good cause to avoid responding to the discovery already issued, they have not met their burden to invoke the Court's inherent power to stay discovery or seek protection from pending discovery.

## III.   CONCLUSION

For all the reasons above, the Court should deny Defendants' Joint Motion to Stay Discovery. (Doc. 121). To the extent the Court construes the joint motion as a motion for protective order as to Plaintiff's outstanding discovery requests, Plaintiff would also ask for reasonable expenses, including attorneys' fees, under Rule 37(a)(5) because the motion is lacks substantial justification given the Court's prior ruling on the statute of limitations and does not demonstrate undue burden or expense with any articulation or specificity.

Dated: February 27, 2023.

Respectfully submitted,

*/s/ James M. Slater*
James M. Slater (FBN 111779)
SLATER LEGAL PLLC
113 S. Monroe Street
Tallahassee, Florida 32301
Tel: (305) 523-9023
james@slater.legal

-and-

*/s/ James V. Cook*
James V. Cook (FBN 0966843)
LAW OFFICE OF JAMES COOK
314 W. Jefferson Street
Tallahassee, Florida 32301
Tel. (850) 222-8080
cookjv@gmail.com

*Attorneys for Plaintiff*

**Certificate of Service**

I hereby certify that on February 27, 2023, I electronically filed this document with the Clerk by using the CM/ECF system, which will serve a copy on all counsel of record.

By: */s/ James M. Slater*
James M. Slater