UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JATOON MOSS,

    Plaintiff,

v.

RICKY DIXON, *et al.*,

    Defendants.

Case No. 3:21-cv-1026-MMH-MCR

**PLAINTIFF'S *UNOPPOSED* MOTION FOR ENTRY OF HIPAA-QUALIFIED PROTECTIVE ORDER AND CONFIDENTIALITY ORDER**

Pursuant to Rule 26(c), Plaintiff Jatoon Moss moves for the entry of the attached HIPAA-Qualified Protective Order (HQPO) and Confidentiality Order, and in support, states:

**I.    BACKGROUND**

Plaintiff Jatoon Moss has sued correctional staff and the Secretary of the Florida Department of Corrections (FDC) for violations of her father, Craig Ridley's constitutional rights, federal rights under the Americans with Disabilities Act of 1990, and for state-law claims, including wrongful death. (*See, generally*, Doc. 70). The Florida Department of Law Enforcement (FDLE) investigated issues relating to the use of force and subsequent treatment of Mr. Ridley rendering him paralyzed, his subsequent concealment in confinement, and fabrication of records. FDLE's review included taking 173 interviews, compiling 90 hours of video, and analyzing 1,000

pages documents from FDC, among other things. (Doc. 40-4 PageID 484).

Given these claims, some critical material evidence may disclose Protected Health Information (PHI). Plaintiff seeks this order to prevent time-consuming arguments based on rules implemented under the Health Insurance Portability and Accountability Act of 1996 (HIPAA) through the implementation of a HQPO, which can continue to keep PHI secure simply through ordering limited dissemination, use only for the litigation, and destruction or return afterward.

Plaintiff also seeks to discover records accessed or generated by FDC and FDLE. To balance the parties' interests in maintaining confidentiality, the parties have also prepared and negotiated the attached Confidentiality Order, which spells out the parties' agreement, the procedures for handling confidential documents, and identifying certain FDC documents that will be held presumptively confidential absent further Court order. To streamline these proceedings and allow full and substantially unredacted discovery without diminishing the parties' and third-party concerns over PHI and confidential information, Plaintiff respectfully requests that the Court enter the attached orders.

## II.     MEMORANDUM OF LAW

**A. The Protective Order Standard.**

The Court may issue a protective order "for good cause shown." Fed. R. Civ. P. 26(c). Although no absolute definition exists for "good cause," the phrase generally "signifies a sound basis or legitimate need to take judicial action." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987) (per curiam). The

party seeking a protective order has the burden to demonstrate good cause and must make "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements" supporting the need for a protective order. *U.S. v. Garrett,* 571 F.2d 1323, 1326 n.3 (5th Cir. 1978). A protective order does not depend on a legal privilege. *Farnsworth v. Procter & Gamble Co.,* 758 F.2d 1545, 1548 (11th Cir. 1985).

The Court has broad discretion in using protective orders to limit the means and scope of discovery. *In re Alexander Grant*, 820 F.2d at 357 (11th Cir. 1987) (per curiam). Once good cause is shown, a court may "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). In the Eleventh Circuit, district courts are required to balance the interests of those requesting the order. *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545 (11th Cir. 1985).

### B. Entry of an HQPO is Appropriate.

HIPAA provides for the promulgation of privacy regulations (the HIPAA Privacy Rule). "Protected health information means individually identifiable health information" which is transmitted or maintained in electronic media or in any other form or medium, with certain limited exceptions relating to employment or education and to persons who have been dead more than 50 years. 45 C.F.R. § 160.103.

The regulations that govern disclosure of PHI provide that a covered entity may sometimes disclose PHI for medical research or law enforcement investigations.

It may also disclose PHI in the course of any judicial or administrative proceeding (i) in response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order. 45 C.F.R. § 164.512(e). District courts have employed such protective orders in the past to make material evidence available to parties. *See, e.g.*, *Jac'Quann (Admire) Harvard et al. v. Mark Inch, et al.*, Case No. 4:19-cv-212-MW-MAF, Doc. 46 (N.D. Fla. Sept. 9, 2019) (Walker, J.).

    Because health care in Florida prisons is provided by private entities, health care corporations, like Centurion of Florida, LLC, are "covered entities" for HIPAA purposes, but FDC is likely not a "covered entity."[1] Nevertheless, FDC, assuming the role of a covered entity when producing documents, has objected in the past to producing unredacted records. But there is no reason for redactions of material evidence—even evidence concerning or referencing PHI of the defendants, other prisoners, or third parties—when HIPAA rules can eliminate the burden of requiring authorizations of nonparties whose PHI may, often unexpectedly, appear in relevant material evidence in this case. 45 C.F.R. § 164.512(e)(1). With an HQPO in place, FDC and its contractors can produce unredacted documents containing PHI to Plaintiff's counsel without the burdens otherwise associated with properly disseminating PHI. Plaintiff has identified specific classes of documents in her proposed HQPO—along with a catchall provision on material evidence containing

---

[1] 45 C.F.R. § 160.103 limits such entities to health plans, clearinghouses, and health care providers.

4

PHI. The production of these classes of documents without redaction are necessary to fully understand and support her claims, as well as understand and rebut defendants' defenses in this case. In those documents, there may be references to medical conditions, medical staff, facilities, or care, which, if redacted, would prevent Plaintiff from addressing her claims. Moreover, the course of discovery may lead the parties to documents or evidence that would be material to the claims or defenses in this case but may not be specifically enumerated in the HQPO. Defendants do not oppose the entry of this HQPO as written.

**C. Entry of a Confidentiality Order is Appropriate.**

The attached and unopposed Confidentiality Order is also appropriate. Given that FDC has concerns regarding security matters in its facilities, to ensure the free-flow of information to Plaintiff to prove her case while respecting FDC's security concerns, the parties have established several categories of presumptively confidential documents while providing mechanisms for extending or challenging confidentiality in litigation. Plaintiff would respectfully request that the Court enter the attached Confidentiality Order, which Defendants do not oppose, so that she may receive and use information FDC deems highly sensitive without having to seek multiple court orders on confidentiality determinations. The attached order would streamline these proceedings and reduce judicial intervention on redactions and other discovery matters.

WHEREFORE, Plaintiff requests that the Court grant this unopposed motion and enter the attached protective orders.

Dated: March 21, 2023.

                                                             Respectfully submitted,

SLATER LEGAL PLLC

*/s/ James M. Slater*
James M. Slater (FBN 111779)
113 S. Monroe Street
Tallahassee, Florida 32301
james@slater.legal
Tel. (305) 523-9023

               -and-

LAW OFFICE OF JAMES COOK
James V. Cook (FBN 966843)
314 W. Jefferson Street
Tallahassee, Florida 32301
cookjv@gmail.com
Tel. (850) 222-8080

*Attorneys for Plaintiff*

## Certificate of Good Faith Conference

I hereby certify under Local Rule 3.01(g) that I have conferred in good faith with opposing counsel via email on March 16, 17, 20 and 21 regarding the relief requested herein. Respective counsel for the Defendants have each stated that they do not oppose the entry of the attached orders as drafted.

                                                     By: */s/ James M. Slater*
                                                             James M. Slater

## Certificate of Service

I hereby certify that on March 21, 2023, I electronically filed this document with the Clerk by using the CM/ECF system, which will serve a copy on all counsel of record.

By: <u>*/s/ James M. Slater*</u>
James M. Slater
