## UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA JACKSONVILLE DIVISION

JATOON MOSS as Personal
Representative for the ESTATE OF
CRAIG RIDLEY, on behalf of the
Estate and Survivors Jatoon Moss and
Gary Ridley,

      Plaintiff,

v.                                                                          Case No. 3:21-cv-1026

RICKY D. DIXON, as Secretary of the
Florida Department of Corrections and
ROBERT E. SMITH, JR.; WILLIAM
JEFFREY
JERRELS; JOHN E. NETTLES; JACOB
ANDERSON; DANIEL KLEIN;
JASON LIVINGSTON; JOHN
NYITRAY; AARON LEWIS; JON
EBERLEIN; STEVEN POTOSKY;
DANIEL GREENE; ROY HARDEN;
ROYCE GIVENS; RICHARD FLYNN;
LONNIE UNDERWOOD; AMANDA
COREY; STEPHANIE
WINNINGHAM; JEAN DURE; in their
individual capacities,

      Defendants.

_____/

## DEFENDANT, RICKY D. DIXON'S, ANSWER AND AFFIRMATIVE DEFENSES TO  PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant, RICKY D. DIXON, as Secretary of the Florida Department of

Corrections ("Defendant"), hereby responds to the Second Amended Complaint

(Doc. 70) filed by Plaintiff, JATOON MOSS as Personal Representative for the ESTATE OF CRAIG RIDLEY, on behalf of the Estate and Survivors Jatoon Moss and Gary Ridley ("Plaintiff"), and in correspondingly numbered paragraphs, states as follows:

## Introduction

Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in the introduction paragraph of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

## Jurisdiction and Venue

1. Defendant admits the allegations contained in paragraph one of the Second Amended Complaint for jurisdictional purposes only.

2. Defendant admits the allegations contained in paragraph two of the Second Amended Complaint for jurisdictional purposes only.

3. Defendant admits the allegations contained in paragraph three of the Second Amended Complaint for jurisdictional purposes only.

4. Defendant admits the allegations contained in paragraph four of the Second Amended Complaint for venue purposes only.

5. Defendant denies the allegations contained in paragraph five of the Second Amended Complaint and demands strict proof thereof.

## Parties

6.      Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph six of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

7.      Defendant admits that he, in his official capacity, is charged with the operation of Florida prisons and the care and custody of prisoners. Defendant denies the balance of the allegations in paragraph seven of the Second Amended Complaint and demands strict proof thereof.

8.      Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph eight of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

9.      Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph nine of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

10.      Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph ten of the Second

Amended Complaint and therefore denies said allegations and demands strict proof thereof.

11.     Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph eleven of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

12.     Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph twelve of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

13.     Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph thirteen of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

14.     Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph fourteen of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

15.     Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph fifteen of the Second

Amended Complaint and therefore denies said allegations and demands strict proof thereof.

16.     Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph sixteen of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

17.     Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph seventeen of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

18.     Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph eighteen of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

19.     Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph nineteen of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

20.     Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph twenty of the Second

Amended Complaint and therefore denies said allegations and demands strict proof thereof.

21.     Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph twenty-one of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

22.     Defendant denies the allegations contained in paragraph twenty-two of the Second Amended Complaint and demands strict proof thereof.

<u>**Common Allegations of Fact**</u>

23.     Defendant admits the allegations contained in paragraph twenty-three of the Second Amended Complaint.

24.     Defendant admits that Decedent, Craig Ridley ("Ridley"), was housed in the Reception and Medical Center West Unit where he worked in Food Service area.

25.     Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph twenty-five of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

26.     Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph twenty-six of the Second

Amended Complaint and therefore denies said allegations and demands strict proof thereof.

27.    Defendant denies the allegations in paragraph twenty-seven of the Second Amended Complaint and demands strict proof thereof.

28.    Defendant denies the allegations in paragraph twenty-eight of the Second Amended Complaint and demands strict proof thereof.

29.    Defendant denies the allegations in paragraph twenty-nine of the Second Amended Complaint and demands strict proof thereof.

30.    Defendant denies the allegations in paragraph thirty of the Second Amended Complaint and demands strict proof thereof.

31.    Defendant denies the allegations in paragraph thirty-one of the Second Amended Complaint and demands strict proof thereof.

32.    Defendant denies the allegations in paragraph thirty-two of the Second Amended Complaint and demands strict proof thereof.

33.    Defendant denies the allegations in paragraph thirty-three of the Second Amended Complaint and demands strict proof thereof.

34.    Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph thirty-four of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

35.     Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph thirty-five of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

36.     Defendant denies the allegations contained in paragraph thirty-six of the Second Amended Complaint and demands strict proof thereof.

37.     Defendant denies the allegations contained in paragraph thirty-seven of the Second Amended Complaint and demands strict proof thereof.

38.     Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph thirty-eight of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

39.     Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph thirty-nine of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

40.     Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph forty of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

41.     Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph forty-one of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

42.     Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph forty-two of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

43.     Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph forty-three of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

44.     Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph forty-four of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

45.     Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph forty-five of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

46.     Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph forty-six of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

47.     Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph forty-seven of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

48.     Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph forty-eight of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

49.     Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph forty-nine of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

50.     Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph fifty of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

51.     Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph fifty-one of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

52.     Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph fifty-two of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

53.     Defendant denies the allegations contained in paragraph fifty-three of the Second Amended Complaint and demands strict proof thereof.

54.     Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph fifty-four of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

55.     Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph fifty-five of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

56.     Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph fifty-six of the Second

Amended Complaint and therefore denies said allegations and demands strict proof thereof.

57.     Defendant denies the allegations contained in paragraph fifty-seven of the Second Amended Complaint and demands strict proof thereof.

58.     Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph fifty-eight of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

59.     Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph fifty-nine of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

60.     Defendant denies the allegations contained in paragraph sixty of the Second Amended Complaint and demands strict proof thereof.

61.     Defendant denies the allegations contained in paragraph sixty-one of the Second Amended Complaint and demands strict proof thereof.

62.     Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph sixty-two of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

63.     Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph sixty-three of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

64.     Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph sixty-four of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

65.     Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph sixty-five of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

66.     Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph sixty-six of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

67.     Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph sixty-seven of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

68.     Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph sixty-eight of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

69.     Defendant denies the allegations contained in paragraph sixty-nine of the Second Amended Complaint and demands strict proof thereof.

70.     Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph seventy of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

71.     Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph seventy-one of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

72.     Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph seventy-two of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

73.     Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph seventy-three (a) through

(g) of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

74.     Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph seventy-four of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

75.     Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph seventy-five of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

76.     Defendant denies the allegations contained in paragraph seventy-six of the Second Amended Complaint and demands strict proof thereof.

77.      Defendant denies the allegations contained in paragraph seventy-seven of the Second Amended Complaint and demands strict proof thereof.

78.     Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph seventy-eight of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

79.     Defendant denies the allegations contained in paragraph seventy-nine of the Second Amended Complaint and demands strict proof thereof.

80.    Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph eighty of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

81.    Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph eighty-one of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

82.    Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph eighty-two of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

83.    Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph eighty-three of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

84.    Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph eighty-four of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

85.     Defendant denies the allegations contained in paragraph eighty-five of Second Amended the Complaint and demands strict proof thereof.

86.     Defendant denies the allegations contained in paragraph eighty-six of the Second Amended Complaint and demands strict proof thereof.

87.     Defendant admits the allegations contained in paragraph eighty-seven of the Second Amended Complaint.

88.     Defendant denies the allegations contained in paragraph eighty-nine of the Second Amended Complaint and demands strict proof thereof.

89.     Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph eighty-nine of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

90.     Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph ninety of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

91.     Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph ninety-one of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

92.    Defendant denies the allegations contained in paragraph ninety-two of the Second Amended Complaint and demands strict proof thereof.

93.    Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph ninety-three of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

94.    Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph ninety-four of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

95.    Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph ninety-five of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

96.    Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph ninety-six of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

97.    Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph ninety-seven of the

Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

98.     Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph ninety-eight of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

99.     Defendant denies the allegations contained in paragraph ninety-nine of the Second Amended Complaint and demands strict proof thereof.

100.    Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph one hundred of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

101.    Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph one hundred one of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

102.    Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph one hundred two of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

103.   Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph one hundred three of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

104.   Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph one hundred four of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

105.   Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph one hundred five of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

106.   Defendant denies the allegations contained in paragraph one hundred six of the Second Amended Complaint and demands strict proof thereof.

107.   Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph one hundred seven of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

108.   Defendant denies the allegations contained in paragraph one hundred eight of the Second Amended Complaint and demands strict proof thereof.

109.   Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph one hundred nine of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

110.   Defendant admits the allegations contained in paragraph one hundred ten of the Second Amended Complaint.

111.   Defendant admits that Ridley had been checked on by medical staff and corrections staff.

112.   Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph one hundred twelve of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

113.   Defendant admits the allegations contained in paragraph one hundred thirteen of the Second Amended Complaint.

114.   Defendant admits that Ridley had been checked on by medical staff and corrections staff.

115.   Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph one hundred fifteen of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

116.   Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph one hundred sixteen of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

117.   Defendant admits the allegations contained in paragraph one hundred seventeen of the Second Amended Complaint.

118.   Defendant admits that Ridley had been checked on by medical staff and corrections staff.

119.   Defendant denies the allegations contained in paragraph one hundred nineteen of the Second Amended Complaint and demands strict proof thereof.

120.   Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph one hundred twenty of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

121.   Defendant admits the allegations contained in paragraph one hundred and twenty-one of the Second Amended Complaint.

122.   Defendant admits that Ridley had been checked on by medical staff and corrections staff.

123.   Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph one hundred twenty-

three of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

124.   Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph one hundred twenty-four of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

125.   Defendant denies the allegations contained in paragraph one hundred twenty-five of the Second Amended Complaint and demands strict proof thereof.

126.   Defendant denies all the allegations contained in paragraph one hundred twenty-six of the Second Amended Complaint and demands strict proof thereof.

127.   Defendant denies the allegations contained in paragraph one hundred twenty-seven of the Second Amended Complaint and demands strict proof thereof.

128.   Defendant denies the allegations contained in paragraph one hundred twenty-eight of the Second Amended Complaint and demands strict proof thereof.

129.   Defendant denies the allegations contained in paragraph one hundred twenty-nine of the Second Amended Complaint and demands strict proof thereof.

130.   Defendant denies the allegations contained in paragraph one hundred thirty of the Second Amended Complaint and demands strict proof thereof.

131.   Defendant admits that Ridley was taken to Memorial Hospital in Jacksonville, Defendant is without knowledge as to the remaining allegations contained in paragraph one hundred thirty-one of the Second Amended Complaint and demands strict proof thereof.

132.   Defendant denies the allegations contained in paragraph one hundred thirty-two, including paragraphs (a) through (z) of the Second Amended Complaint and demands strict proof thereof.

133.   Defendant admits that Ridley was taken to Memorial Hospital in Jacksonville, however, Defendant denies the remainder of the allegations as phrased in paragraph one hundred thirty-three of the Second Amended Complaint and demands strict proof thereof.

134.   Defendant denies the allegations contained in paragraph one hundred thirty-four of the Second Amended Complaint and demands strict proof thereof.

135.   Defendant is without knowledge as to the allegations contained in paragraph one hundred thirty-five of the Second Amended Complaint and demands strict proof thereof.

136.   Defendant admits that Ridley passed away on October 12, 2017, at Memorial Hospital. Defendant denies the remaining allegations contained in paragraph one hundred thirty-six of the Second Amended Complaint and demands strict proof thereof.

137.   Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph one hundred thirty-seven of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

138.   Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph one hundred thirty-eight of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

139.   Defendant admits the allegations contained in paragraph one hundred thirty-nine of the Second Amended Complaint.

140.   Defendant admits the allegations contained in paragraph one hundred forty of the Second Amended Complaint.

141.   Defendant admits the allegations contained in paragraph one hundred forty-one of the Second Amended Complaint.

142.   Defendant admits the allegations contained in paragraph one hundred forty-two of the Second Amended Complaint.

143.   Defendant denies the allegations contained in paragraph one hundred forty-one of the Second Amended Complaint and demands strict proof thereof.

144.   Defendant admits that the Florida Department of Law Enforcement (FDLE) began an investigation. Defendant is without knowledge and information to

form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph one hundred and forty-four of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

145.   Defendant admits that active investigations conducted the Florida Department of Law Enforcement ("FDLE") are confidential pursuant to Section 119.071(2)(c), Florida Statutes. Defendant denies the balance of the allegations in paragraph one hundred and forty-five of the Second Amended Complaint and demands strict proof thereof.

146.   Defendant denies the allegations contained in paragraph one hundred and forty-six and demands strict proof thereof.

147.   Defendant denies the allegations contained in paragraph one hundred and forty-seven as phrased.

148.   Defendant denies the allegations contained in paragraph one hundred and forty-eight as phrased.

149.   Defendant denies the allegations contained in paragraph one hundred and forty-nine and demands strict proof thereof.

150.   Defendant admits that active investigations conducted the Florida Department of Law Enforcement ("FDLE") are confidential pursuant to Section 119.071(2)(c), Florida Statutes. Defendant denies the balance of the allegations in

paragraph one hundred and fifty of the Second Amended Complaint and demands strict proof thereof.

151. Defendant is without knowledge as to the allegations contained in paragraph one hundred fifty-one of the Second Amended Complaint and demands strict proof thereof.

152. Defendant is without knowledge as to the allegations contained in paragraph one hundred fifty-two of the Second Amended Complaint and demands strict proof thereof.

153. Defendant is without knowledge as to the allegations contained in paragraph one hundred fifty-three of the Second Amended Complaint and demands strict proof thereof.

154. Defendant is without knowledge as to the allegations contained in paragraph one hundred fifty-four of the Second Amended Complaint and demands strict proof thereof.

155. Defendant is without knowledge as to the allegations contained in paragraph one hundred fifty-five of the Second Amended Complaint and demands strict proof thereof.

156. Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph one hundred and fifty-

six of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

157.   Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph one hundred and fifty-seven of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

158.   Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph one hundred and fifty-eight of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

159.   Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph one hundred and fifty-nine of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

160.   Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph one hundred and sixty of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

161.   Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph one hundred and sixty-

one of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

162.   Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph one hundred and sixty-two of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

163.   Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph one hundred and sixty-three of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

164.   Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph one hundred and sixty-four of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

165.   Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph one hundred and sixty-five of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

166.   Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph one hundred and sixty-

six of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

167.   Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph one hundred and sixty-seven of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

168.   Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph one hundred and sixty-eight of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

169.   Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph one hundred and sixty-nine of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

170.   Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph one hundred and seventy of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

171.   Defendant is without knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph one hundred and seventy-

one of the Second Amended Complaint and therefore denies said allegations and demands strict proof thereof.

172.   Defendant admits that the Florida Department of Corrections has compiled mortality data for inmates in Florida's correctional institutions. Defendant denies the balance of the allegations and demands strict proof thereof.

173.   Defendant denies the allegations contained in paragraph one hundred and seventy-three of the Second Amended Complaint and demands strict proof thereof.

174.   Defendant admits that the Florida Department of Corrections has compiled mortality data for inmates in Florida's correctional institutions. Defendant denies the balance of the allegations and demands strict proof thereof.

175.   Defendant admits that the Florida Department of Corrections has compiled mortality data for inmates in Florida's correctional institutions. Defendant denies the balance of the allegations and demands strict proof thereof.

176.   Defendant admits that the Florida Department of Corrections has compiled mortality data for inmates in Florida's correctional institutions. Defendant denies the balance of the allegations and demands strict proof thereof.

177.   Defendant admits that the Florida Department of Corrections has compiled mortality data for inmates in Florida's correctional institutions. Defendant denies the balance of the allegations and demands strict proof thereof.

178.   Defendant admits that the Florida Department of Corrections has compiled mortality data for inmates in Florida's correctional institutions. Defendant denies the balance of the allegations and demands strict proof thereof.

179.   Defendant admits that the Florida Department of Corrections has compiled mortality data for inmates in Florida's correctional institutions. Defendant denies the balance of the allegations and demands strict proof thereof.

180.   Defendant admits that the Florida Department of Corrections has compiled mortality data for inmates in Florida's correctional institutions. Defendant denies the balance of the allegations and demands strict proof thereof.

181.   Defendant denies the allegations contained in paragraph one hundred and eighty-one of the Second Amended Complaint, including paragraphs (a) through (h), and demands strict proof thereof.

182.   Defendant denies the allegations contained in paragraph one hundred and eighty-two of the Second Amended Complaint and demands strict proof thereof.

183.   Defendant denies the allegations contained in paragraph one hundred and eighty-three of the Second Amended Complaint and demands strict proof thereof.

184.   Defendant denies the allegations contained in paragraph one hundred and eighty-four of the Second Amended Complaint and demands strict proof thereof.

185.   Defendant denies the allegations contained in paragraph one hundred and eighty-five of the Second Amended Complaint and demands strict proof thereof.

186.   Defendant denies the allegations contained in paragraph one hundred and eighty-six of the Second Amended Complaint and demands strict proof thereof.

187.   Defendant denies the allegations contained in paragraph one hundred and eighty-seven of the Second Amended Complaint and demands strict proof thereof.

188.   Defendant denies the allegations contained in paragraph one hundred and eighty-eight of the Second Amended Complaint, including paragraphs (a) through (g), and demands strict proof thereof.

189.   Defendant denies the allegations contained in paragraph one hundred and eighty-nine of the Second Amended Complaint and demands strict proof thereof.

190.   Defendant denies the allegations contained in paragraph one hundred and ninety of the Second Amended Complaint and demands strict proof thereof.

191.   Defendant denies the allegations contained in paragraph one hundred and ninety-one of the Second Amended Complaint and demands strict proof thereof.

192.   Defendant denies the allegations contained in paragraph one hundred and ninety-two of the Second Amended Complaint and demands strict proof thereof.

193.   Defendant denies the allegations contained in paragraph one hundred and ninety-three of the Second Amended Complaint and demands strict proof thereof.

194.   Defendant denies the allegations contained in paragraph one hundred and ninety-four of the Second Amended Complaint and demands strict proof thereof.

195.   Defendant denies the allegations contained in paragraph one hundred and ninety-five of the Second Amended Complaint and demands strict proof thereof.

196.   Defendant denies the allegations contained in paragraph one hundred and ninety-six of the Second Amended Complaint and demands strict proof thereof.

197.   Defendant denies the allegations contained in paragraph one hundred and ninety-seven of the Second Amended Complaint and demands strict proof thereof.

198.   Defendant denies the allegations contained in paragraph one hundred and ninety-eight of the Second Amended Complaint and demands strict proof thereof.

199.   Defendant denies the allegations contained in paragraph one hundred and ninety-nine of the Second Amended Complaint and demands strict proof thereof.

200.   Defendant denies the allegations contained in paragraph two hundred of the Second Amended Complaint and demands strict proof thereof.

201.   Defendant denies the allegations contained in paragraph two hundred and one of the Second Amended Complaint and demands strict proof thereof.

## Causes of Action

**I.     § 768.16 et. seq., Florida Statutes, Wrongful Death (Nettles, Jerrels)**

202-208. The allegations contained in Count I are not directed to Defendant and therefore no response is required. To the extent a response is required, or these allegations relate in any way to Defendant, they are denied, and Defendant demands strict proof thereof.

**II.    42 U.S.C. § 1983: Excessive Use of Force/Failure to Intervene (Nettels, Jerrels)**

209-213. The allegations contained in Count II are not directed to Defendant and therefore no response is required. To the extent a response is required, or these allegations relate in any way to Defendant, they are denied, and Defendant demands strict proof thereof.

**III.    Conspiracy under 42 U.S.C. 1983 to Violate the Eighth Amendment (Jerrels, Nettles, Anderson, Livingston, Nyitray, Lewis, Eberlein, Flynn, Potosky, Greene, Corey, Winningham, Dure, and Does 1-2)**

214-224. The allegations contained in Count III are not directed to Defendant and therefore no response is required. To the extent a response is required, or these allegations relate in any way to Defendant, they are denied, and Defendant demands strict proof thereof.

## IV.    42 U.S. § 1983: Deliberate Indifference to Excessive Use (Jerrels, Anderson)

225-232. The allegations contained in Count IV are not directed to Defendant and therefore no response is required. To the extent a response is required, or these allegations relate in any way to Defendant, they are denied, and Defendant demands strict proof thereof.

## V.    42 U.S.C. § 1983: Failure to Protect (All Corrections Defendants)

233-237. The allegations contained in Count V are not directed to Defendant and therefore no response is required. To the extent a response is required, or these allegations relate in any way to Defendant, they are denied, and Defendant demands strict proof thereof.

## VI.    42 U.S.C. § 1983: Failure to Treat (All Medical Defendants)

238-242. The allegations contained in Count VI are not directed to Defendant and therefore no response is required. To the extent a response is required, or these allegations relate in any way to Defendant, they are denied, and Defendant demands strict proof thereof.

## VII.    Violations of the ADA and Rehabilitation Act (FDC)

243.   Defendant incorporates and adopts the answers to paragraphs one through two hundred and forty-two of the Second Amended Complaint as if fully set forth herein.

244.   Defendant denies the allegations contained in paragraph two hundred and forty-four of the Second Amended Complaint and demands strict proof thereof.

245.   Defendant admits that 28 C.F.R. § 39.130 states, amongst other things:

> (a) No qualified handicapped person shall, on the basis of handicap, be excluded from participation in, be denied the benefits of, or otherwise be subjected to discrimination under any program or activity conducted by the agency.
>
> (b)(1) The agency, in providing any aid, benefit, or service, may not, directly or through contractual, licensing, or other arrangements, on the basis of handicap—
>
> . . .
>
> (vi) Otherwise limit a qualified handicapped person in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aid, benefit, or service.

246.   Defendant denies the allegations contained in paragraph two hundred forty-six of the Second Amended Complaint and demands strict proof thereof.

247.   Defendant denies the allegations contained in paragraph two hundred forty-seven of the Second Amended Complaint and demands strict proof thereof.

248.   Defendant denies the allegations contained in paragraph two hundred forty-eight of the Second Amended Complaint and demands strict proof thereof.

249.   Defendant admits the allegations contained in paragraph two hundred and forty-nine of the Second Amended Complaint.

250.   Defendant admits the allegations contained in paragraph two hundred and fifty of the Second Amended Complaint.

251.   Defendant denies the allegations contained in paragraph two hundred fifty-one of the Second Amended Complaint and demands strict proof thereof.

252.   Defendant denies the allegations contained in paragraph two hundred fifty-two of the Second Amended Complaint and demands strict proof thereof.

253.   Defendant denies the allegations contained in paragraph two hundred fifty-three of the Second Amended Complaint and demands strict proof thereof.

254.   Defendant denies the allegations contained in paragraph two hundred fifty-four of the Second Amended Complaint and demands strict proof thereof.

255.   Defendant denies the allegations contained in paragraph two hundred fifty-five of the Second Amended Complaint and demands strict proof thereof.

256.   Defendant denies the allegations contained in paragraph two hundred fifty-six of the Second Amended Complaint and demands strict proof thereof.

257.   Defendant denies the allegations contained in paragraph two hundred fifty-seven (a) through (f) of the Second Amended Complaint and demands strict proof thereof.

258.   Defendant denies the allegations contained in paragraph two hundred fifty-eight of the Second Amended Complaint and demands strict proof thereof.

**VIII. Abuse or Neglect of a Vulnerable Adult § 415.1111, Fla. Stat. (Jerrels, Anderson, Livingston, Nyitray, Lewis, Greene, Eberlein, Potosky, Flynn, Givens)**

259-270. The allegations contained in Count VIII are not directed to Defendant and therefore no response is required. To the extent a response is required, or these allegations relate in any way to Defendant, they are denied, and Defendant demands strict proof thereof.

**VIII.[1] Intentional Infliction of Emotional Distress (Jerrels, Nettles, Anderson, Livingston, Nyitray, Lewis, Eberlein, Flynn, Potosky, Greene, Givens, Corey, Winningham, Dure)**

271-277 The allegations contained in Count VIII are not directed to Defendant and therefore no response is required. To the extent a response is required, or these allegations relate in any way to Defendant, they are denied, and Defendant demands strict proof thereof.

**IX. Negligent Infliction of Emotional Distress (Jerrels, Nettles, Anderson, Livingston, Nyitray, Lewis, Eberlein, Flynn, Potosky, Greene, Givens, Corey, Winningham, Dure)**

278-289 The allegations contained in Count IX are not directed to Defendant and therefore no response is required. To the extent a response is required, or these allegations relate in any way to Defendant, they are denied, and Defendant demands strict proof thereof.

**<u>AFFIRMATIVE DEFENSES</u>**

---

[1] Plaintiff misnumbered their Counts in the Second Amended Complaint, for continuity purposes, Defendant kept the numbering as outlined in the Second Amended Complaint.

All allegations in the Second Amended Complaint that are not expressly admitted are hereby denied. By way of separate and distinct Affirmative Defenses to the entire Second Amended Complaint, Defendant states as follows:

<u>FIRST AFFIRMATIVE DEFENSE</u>

As his First, separate and distinct, Affirmative Defense, Defendant asserts that pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff has failed to make sufficient allegations of ultimate fact from which it may be determined that a claim for relief has been stated, in whole or in part, pursuant to Title II of the Americans with Disabilities Act ("ADA") or Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"). Under both the ADA and the Rehabilitation Act, a plaintiff must demonstrate that: (1) he is a qualified individual with a disability; (2) he was excluded from participation in or denied the benefits of a public entity's services, programs, or activities; and (3) the exclusion, denial of benefit, or discrimination was by reason of his disability. *See Bircoll v. Miami– Dade Cnty.*, 480 F.3d 1072, 1083 (11th Cir. 2007). Plaintiff's Complaint relies on unsubstantiated, conclusory allegations that do not establish the requisite three (3) elements for maintaining a cause of action under the ADA or Rehabilitation Act. Mr. Ridley is not a qualified individual with a disability as that term is defined by the ADA and there is no evidence showing that Defendant excluded or denied Mr. Ridley a benefit or discriminated against him *because of* his disability.

In addition, the ADA is not a remedy for medical malpractice. Therefore, Plaintiff's contention that Defendant failed to accommodate and provide neurological testing or other medical care necessary for Mr. Ridley is insufficient.

Finally, Plaintiff does not allege any conduct by Defendant independent of the claims alleged against Individual Co-Defendants under 42 U.S.C. § 1983. To the extent Plaintiff's claims in her other Counts are barred or otherwise fail, she cannot maintain her cause of action against Defendant in Count VII. Accordingly, and amongst other grounds to be developed during discovery, Defendant asserts Judgment should be entered in his favor on Count VII of the Second Amended Complaint.

## SECOND AFFIRMATIVE DEFENSE

As his Second, separate and distinct, Affirmative Defense, Defendant asserts that he is entitled to a setoff or reduction, pursuant to Section 768.76, Florida Statutes, in the amount of all benefits received by Plaintiff, or paid to another on behalf of Plaintiff from collateral sources. Furthermore, Defendant asserts that he is entitled to a set-off for reimbursement of medical expenses by establishment of a set-off lien pursuant to Section 951.032, Florida Statutes; or, alternately, Section 901.35, Florida Statutes; or, alternatively, by establishment of a civil restitution lien pursuant to Section 960.293, *et seq.*, Florida Statutes.

## THIRD AFFIRMATIVE DEFENSE

As his Third, separate and distinct, Affirmative Defense, Defendant asserts that he is entitled to Eleventh Amendment immunity. "Title II of the ADA validly abrogates state sovereign immunity to the extent that it creates a cause of action for damages against states for conduct that violates the Fourteenth Amendment." *Redding v. Ga.,* 557 F. App'x 840, 844 (11th Cir. 2014). Plaintiff's claim against Defendant in his official capacity fails, as Count VII is simply a claim against the Florida Department of Corrections, and Plaintiff has not alleged a concomitant violation of the Fourteenth Amendment. Therefore, Defendant respectfully moves this Honorable Court to enter Judgment in his favor on Count VII of the Second Amended Complaint.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

As his Fourth, separate and distinct, Affirmative Defense, Defendant asserts that any and all injuries suffered by Plaintiff were caused in whole or in part by reason of Mr. Ridley's negligent and/or wrongful acts and conduct, as a consequence of which Plaintiff is not entitled to recover damages, or any recovery should be reduced in direct proportion thereto. Similarly, to the extent that any injury or damages claimed by Plaintiff are a result of a pre-existing injury or condition, her recovery should be limited to the aggravation of said injury caused by Defendant, if any, or if no aggravation exists, no recovery should be had. Otherwise stated,

Defendant is entitled to the protections and benefits of Section 768.81, Florida Statutes.

FIFTH AFFIRMATIVE DEFENSE

As his Fifth, separate and distinct, Affirmative Defense, Defendant asserts that Plaintiff's recovery, if any, should be barred or reduced either in whole, or in part, to the extent that she, the Estate of Craig Ridley, or Mr. Ridley failed to properly mitigate damages.

SIXTH AFFIRMATIVE DEFENSE

As his Sixth, separate and distinct, Affirmative Defense, Defendant asserts that he acted reasonably and in good faith toward Mr. Ridley, and Mr. Ridley was not deprived of any rights specified under the laws of the United States of America.

SEVENTH AFFIRMATIVE DEFENSE

As his Seventh, separate and distinct, Affirmative Defense, Defendant asserts that Plaintiff is not entitled to compensatory damages because Defendant did not violate Mr. Ridley's rights, and certainly did not violate his rights with discriminatory intent.

EIGHTH AFFIRMATIVE DEFENSE

As his Eighth, separate and distinct, Affirmative Defense, Defendant asserts that liability is limited by the independent, intervening, acts of other parties, persons, or entities, known or unknown, that supersede any causal connection between

Defendant's conduct and the alleged injuries and death of Mr. Ridley. Any intervening act and resulting injury were not reasonably foreseeable or anticipated by Defendant or under the control of Defendant. Pursuant to Section 768.81(3), Florida Statutes, Defendant can only be held liable for his proportionate share of liability for Plaintiff's alleged damages, and therefore Plaintiff's monetary recovery in this matter, if any, must be reduced by the proportionate share of liability assignable to all other persons and entities.

<u>NINTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are barred by the applicable statute of limitations.

WHEREFORE, Defendant respectfully requests this Honorable Court enter Judgment in his favor, and against Plaintiff, and award Defendant his costs and reasonable attorneys' fees and any other relief as may be deemed just and proper in this case.

Dated June 26, 2023.

<u>**CERTIFICATE OF SERVICE**</u>

WE HEREBY CERTIFY that on June 26, 2023, we electronically filed the foregoing document with the Clerk by using the CM/ECF system, which will serve a copy on all counsel of record.

LUKS, SANTANIELLO, PETRILLO, COHEN & PETERFRIEND
Attorneys for Defendant Dixon
301 W BAY STREET
SUITE 1010

JACKSONVILLE, FL 32202
Telephone: (904) 791-9191
Facsimile: (904) 791-9196


By: /s/ *Sam D. Smart*
    SAM D. SMART
    Florida Bar No.:  95951
    LUKSJAX-Pleadings@LS-Law.com