**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**JATOON MOSS, as Personal**
**Representative for the Estate of**
**Craig Ridley, on behalf of the**
**Estate and Survivors Jatoon Moss**
**and Gary Ridley,**
     **Plaintiff,**
**vs.**                     **Case No.: 3:21-cv-1026-MMH-MCR**

**RICKY D. DIXON, et al.,**
     **Defendants.**
_____/

## DEFENDANT ANDERSON'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant JACOB ANDERSON hereby answers the Plaintiff's Second Amended Complaint [ECF 70] and asserts his affirmative defenses as follows:

Defendant ANDERSON objects to Plaintiff's Introduction as it contains no factual allegations, but rather contains conclusory, self-serving statements (similar to a closing argument) without any factual basis or support. Defendant further objects to the various headings (statements) of sections of the Second Amended Complaint (paragraphs 1 through 201) and denies such statements or implications therein.

## Jurisdiction and Venue

1.    Admitted for jurisdictional purposes only; however, Defendant denies that Plaintiff is due any relief sought thereunder.

1

2.     Admitted for jurisdictional purposes only; however, Defendant denies that Plaintiff is due any relief sought thereunder.

3.     Admitted for jurisdictional purposes only; however, Defendant denies that Plaintiff is due any relief sought thereunder.

4.     Admitted for venue purposes only.

5.     Denied.

## Parties

6.     Without knowledge and therefore denied.

7.     Without knowledge and therefore denied.

8.     Without knowledge and therefore denied.

9.     Without knowledge and therefore denied.

10.    Admitted as to the first sentence. Denied as to the remainder of paragraph 10.

11.    Without knowledge and therefore denied.

12.    Without knowledge and therefore denied.

13.    Without knowledge and therefore denied.

14.    Without knowledge and therefore denied.

15.    Without knowledge and therefore denied.

16.    Without knowledge and therefore denied.

17.    Without knowledge and therefore denied.

18.    Without knowledge and therefore denied.

19.    Without knowledge and therefore denied.

20.    Without knowledge and therefore denied.

21.    Without knowledge and therefore denied.

22.    Without knowledge and therefore denied.

## Common Allegations of Fact

23.    Admitted.

24.    Admitted.

25.    Without knowledge and therefore denied.

## Events Relating to Craig Ridley's Disabling Injury at RMC West

26.    Denied.  Any sworn testimony speaks for itself and Defendant denies the allegations of paragraph 26 to the extent they conflict therewith.

27.    Without knowledge and therefore denied.

28.    Without knowledge and therefore denied.

29.    Without knowledge and therefore denied.

30.    Without knowledge and therefore denied.

31.    Without knowledge and therefore denied.

32.    Without knowledge and therefore denied.

33.    Without knowledge and therefore denied.

34.     Any hand-held video speaks for itself and to the extent that the allegations of paragraph 34 conflict therewith, they are denied.  Defendant objects to Plaintiff's commentary on its interpretation of the video.

35.     Any hand-held video speaks for itself and to the extent that the allegations of paragraph 35 conflict therewith, they are denied.  Defendant objects to Plaintiff's commentary on its interpretation of the video.

36.     Any hand-held video speaks for itself and to the extent that the allegations of paragraph 36 conflict therewith, they are denied.  Defendant objects to Plaintiff's commentary on its interpretation of the video.

37.     Denied.

38.     Without knowledge and therefore denied.

39.     Denied as phrased.  Any hand-held video speaks for itself and to the extent that the allegations of paragraph 39 conflict therewith, they are denied.

40.     Any FDLE report speaks for itself and to the extent that the allegations of paragraph 40 conflict therewith, they are denied.  Admitted that Ridley was placed into a wheelchair and transported to the medical department.

41.     Any video speaks for itself and to the extent that the allegations of paragraph 41 conflict therewith, they are denied.  Defendant objects to Plaintiff's commentary on its interpretation of the video as improper.

42.     Admitted.

43.    Without knowledge as to what Plaintiff means by "that account" and therefore can neither admit or deny such allegations.

44.    Without knowledge as to what Plaintiff means by "In the course of this episode at RMC West" and therefore can neither admit or deny any of the allegations of paragraph 44 or its subparagraphs therein. To the extent that Plaintiff is referring to any video, Defendant states that any video speaks for itself and to the extent that the allegations of paragraph 44 conflict therewith, they are denied. Defendant objects to Plaintiff's own commentary or interpretations of the video as improper and specifically denies them. Defendant further specifically denies subsection "k" as such is improper and should be stricken. To the extent not admitted, the allegations are denied.

### The Post Use of Force Medical Examination at the West Unit

45.    Without knowledge and therefore denied.

46.    Without knowledge and therefore denied.

47.    Without knowledge and therefore denied.

48.    Without knowledge and therefore denied.

49.    Without knowledge and therefore denied.

50.    Without knowledge and therefore denied.

51.    Without knowledge and therefore denied.

52.    Without knowledge and therefore denied.

53.    Without knowledge and therefore denied.

54.    Any video speaks for itself and to the extent that the allegations of paragraph 54 conflict therewith, they are denied.

55.    Without knowledge and therefore denied.

56.    Without knowledge and therefore denied.

57.    Denied.

58.    Without knowledge and therefore denied.

59.    Such allegations assume that there was fixed camera video and also improperly imply maliciousness, all of which are denied.

60.    Without knowledge and therefore denied.

61.    Denied.

62.    Without knowledge and therefore denied.

63.    Without knowledge and therefore denied.

64.    Any video speaks for itself and to the extent that the allegations of paragraph 64 conflict therewith, they are denied.

65.    Without knowledge and therefore denied.

66.    Without knowledge and therefore denied.

67.    Without knowledge and therefore denied.

68.    Without knowledge and therefore denied.

69.    Without knowledge and therefore denied.

70.     Without knowledge and therefore denied.

71.     Without knowledge and therefore denied.

72.     Any video speaks for itself and to the extent that the allegations of paragraph 72 conflict therewith, they are denied.

73.     Any video speaks for itself and to the extent that the allegations of paragraph 73 conflict therewith, they are denied.  Defendant further specifically denies subsection "g" as such is improper and should be stricken. To the extent not admitted, the allegations are denied.

**Ridley Is Transported to the Main Unit to Go to Confinement**

74.     Admit that Anderson helped transport Ridley; otherwise, without knowledge and therefore denied.

75.     Without knowledge as to the specific statements and therefore denied.

76.     Denied.

77.     Any video speaks for itself and to the extent that the allegations of paragraph 77 conflict therewith, they are denied.

78.     Without knowledge as to those specific statements and therefore denied.

79.     Any video speaks for itself and to the extent that the allegations of paragraph 79 conflict therewith, they are denied.

80.    Any video speaks for itself and to the extent that the allegations of paragraph 80 conflict therewith, they are denied.

81.    Without knowledge and therefore denied.

82.    Defendant objects to and therefore denies the allegations and conclusory statements alleged in paragraph 82.

83.    Without knowledge and therefore denied.

84.    Without knowledge and therefore denied.

85.    Without knowledge as to those specific statements and therefore denied.

86.    Without knowledge and therefore denied.

87.    Without knowledge and therefore denied.

88.    Denied.

89.    Without knowledge and therefore denied.

90.    Without knowledge and therefore denied.  Any FDLE report speaks for itself and to the extent that the allegations of paragraph 90 conflict therewith, they are denied.

91.    Without knowledge and therefore denied.

92.    Without knowledge and therefore denied.

93.    Without knowledge and therefore denied.

94.    Without knowledge and therefore denied.

95.    Without knowledge and therefore denied.

96.    Without knowledge and therefore denied.

97.    Without knowledge and therefore denied.

98.    Without knowledge and therefore denied.

99.    Denied.

100.   Without knowledge and therefore denied.

101.   Without knowledge and therefore denied.

102.   Without knowledge and therefore denied.

103.   Without knowledge and therefore denied.

104.   Without knowledge and therefore denied.

105.   Without knowledge and therefore denied.

106.   Without knowledge and therefore denied.

107.   Without knowledge and therefore denied.

108.   Without knowledge and therefore denied.

109.   Without knowledge and therefore denied.

110.   Without knowledge and therefore denied.

111.   Without knowledge and therefore denied.

112.   Without knowledge and therefore denied.  Any video speaks for itself and to the extent that the allegations of paragraph 112 conflict therewith, they are denied.

113.   Without knowledge and therefore denied.

114.   Without knowledge and therefore denied.

115.   Without knowledge and therefore denied.  Any FDLE report speaks for itself and to the extent that the allegations of paragraph 115 conflict therewith, they are denied.

116.   Without knowledge and therefore denied.

117.   Without knowledge and therefore denied.

118.   Without knowledge and therefore denied.

119.   Without knowledge and therefore denied.

120.   Without knowledge and therefore denied.

121.   Without knowledge as to what days over 5 years ago Defendant was on duty and therefore denied.

122.   Without knowledge and therefore denied.

123.   Without knowledge and therefore denied.

124.   Without knowledge and therefore denied.

125.   Without knowledge and therefore denied.

126.   Denied as phrased.

127.   Denied.

128.   Without knowledge and therefore denied.

129.   Without knowledge and therefore denied.

130.   Denied.

131.   Without knowledge and therefore denied.

132.   To the extent that Plaintiff is referring to any video, Defendant states that any video speaks for itself and to the extent that the allegations of paragraph 132 conflict therewith, they are denied. To the extent that Plaintiff is referring to any FDLE report, Defendant states that any such report speaks for itself and to the extent that the allegations of paragraph 132 conflict therewith, they are denied.  Defendant objects to Plaintiff's own commentary or interpretations of the video or report as improper and specifically denies them.  Defendant further specifically denies subsection "z" as such is improper and should be stricken.  To the extent not admitted, the allegations are denied.

**Craig Ridley Is Finally Taken to the Memorial Hospital in Jacksonville**

133.   Without knowledge and therefore denied.

134.   Denied that "RMC paperwork was fabricated or missing"; otherwise, without knowledge and therefore denied.

135.   Defendant objects to the phrase "Initially, it appeared they may have believed" in that is not a proper factual allegation; otherwise, without knowledge and therefore denied.

136.   Admit that Ridley died at Memorial Hospital on October 12, 2017; otherwise denied.

137.   Without knowledge and therefore denied.

138.   Without knowledge and therefore denied.

139.   Admitted.

140.   Admitted.

141.   Defendant states that the death certificate speaks for itself and any allegation contrary thereto is denied.

142.   Defendant states that the death certificate speaks for itself and any allegation contrary thereto is denied.

143.   Denied as to this Defendant.

## FDLE Investigation

144.   Admit that FDLE investigated the death of Ridley; otherwise, without knowledge and therefore denied.

145.   To the extent that Plaintiff is referring to any FDLE report, Defendant states that any such report speaks for itself and to the extent that the allegations of paragraph 145 conflict therewith, they are denied.

146.   Defendant objects to the improper non-factual language and phrasing of paragraph 146 and therefore it is denied.

147.   The allegations of paragraph 147 improperly assume that there were "many" video recordings which is specifically denied; otherwise denied.

148.   The allegations of paragraph 148 improperly assume that there were "many" video recordings which is specifically denied; otherwise without knowledge and therefore denied.

149.   Without knowledge as to that specific statement and therefore denied. Defendant objects to any inference that other videos existed and/or were intentionally destroyed as unsupported and an improper inference.

150.   The allegations of paragraph 150 and not factual allegations and therefore are denied.  The FDLE investigation and report speak for themselves and any allegation contrary thereto are denied.

151.   To the extent that Plaintiff is referring to any FDLE report, Defendant states that any such report speaks for itself and to the extent that the allegations conflict therewith, they are denied.

152.   To the extent that Plaintiff is referring to any FDLE report, Defendant states that any such report speaks for itself and to the extent that the allegations conflict therewith, they are denied.

153.   To the extent that Plaintiff is referring to any FDLE report, Defendant states that any such report speaks for itself and to the extent that the allegations conflict therewith, they are denied.

154.   To the extent that Plaintiff is referring to any FDLE report, Defendant states that any such report speaks for itself and to the extent that the allegations conflict therewith, they are denied.

155.   To the extent that Plaintiff is referring to any FDLE report, Defendant states that any such report speaks for itself and to the extent that the allegations conflict therewith, they are denied.

156.   To the extent that Plaintiff is referring to any FDLE report, Defendant states that any such report speaks for itself and to the extent that the allegations conflict therewith, they are denied.

157.   To the extent that Plaintiff is referring to any FDLE report, Defendant states that any such report speaks for itself and to the extent that the allegations conflict therewith, they are denied.

158.   To the extent that Plaintiff is referring to any FDLE report, Defendant states that any such report speaks for itself and to the extent that the allegations conflict therewith, they are denied.

159.   Without knowledge and therefore denied.

160.   To the extent that Plaintiff is referring to any FDLE report, Defendant states that any such report speaks for itself and to the extent that the allegations conflict therewith, they are denied.

161.   To the extent that Plaintiff is referring to any FDLE report, Defendant states that any such report speaks for itself and to the extent that the allegations conflict therewith, they are denied.

162.   Without knowledge as to what Ridley was able to do and therefore denied.

163.   To the extent that Plaintiff is referring to any FDLE report, Defendant states that any such report speaks for itself and to the extent that the allegations conflict therewith, they are denied.

164.   To the extent that Plaintiff is referring to any FDLE report, Defendant states that any such report speaks for itself and to the extent that the allegations conflict therewith, they are denied.

165.   Denied as phrased.  Defendant does not understand what Plaintiff means by or to whom Plaintiff is referring as "Virtually every inmate who knew Ridley" and therefore the paragraph is denied.

166.   To the extent that Plaintiff is referring to any FDLE report, Defendant states that any such report speaks for itself and to the extent that the allegations conflict therewith, they are denied.

167.   To the extent that Plaintiff is referring to any FDLE report, Defendant states that any such report speaks for itself and to the extent that the allegations conflict therewith, they are denied.

168.   To the extent that Plaintiff is referring to any FDLE report, Defendant states that any such report speaks for itself and to the extent that the allegations conflict therewith, they are denied.

169.   To the extent that Plaintiff is referring to any FDLE report, Defendant states that any such report speaks for itself and to the extent that the allegations conflict therewith, they are denied.

170.   To the extent that Plaintiff is referring to any FDLE report, Defendant states that any such report speaks for itself and to the extent that the allegations conflict therewith, they are denied.

171.   Without knowledge and therefore denied.

### Abuse and Retaliation Are Endemic in Florida Prisons

172.   Denied as phrased.

173.   Denied.

174.   Without knowledge and therefore denied.

175.   Without knowledge and therefore denied.

176.   Without knowledge and therefore denied.

177.   Without knowledge and therefore denied.

178.   Without knowledge and therefore denied.

179.   Without knowledge and therefore denied.

180.   Without knowledge and therefore denied.

181.   Denied.

182.   Denied.

183.   Denied.

184.   Denied.

185.   Denied.

186.   Denied.

187.   Denied.

188.   Denied.

189.   Denied.

## Additional Facts Relevant to the Statute of Limitations

190.   Denied.

191.   Denied.

192.   Denied.

193.   Denied.

194.   Admit that after Ridley's death, FDLE commenced an investigation; the remainder of the allegations are denied.

195.   Denied.

196.   Denied that this Defendant engaged in any improper or obstructionist manner.  Denied as to the remainder of the allegations.

197.   Denied.

198. Specifically denied. Dianne Ridley Gatewood had both the authority and ability to request and access any and all reasonable information that would have been sufficient for the "family" to take or file the instant legal action well before "the closure of the investigation."

199. Paragraph 199 is an improper conclusion of law, not a factual allegation, and therefore is denied.

200. Paragraph 200 is an improper conclusion of law, not a factual allegation, and therefore is denied.

201. Without knowledge and therefore denied.

## CAUSES OF ACTION

### COUNT I: §768.18, Fla. Stat., Wrongful Death (Nettles, Jerrels)

202. Defendant realleges its responses to paragraphs 23-73 above and incorporates them herein by reference.

203. Not applicable to this defendant and therefore no response is necessary.

204. Not applicable to this defendant and therefore no response is necessary.

205. Not applicable to this defendant and therefore no response is necessary.

206. Not applicable to this defendant and therefore no response is necessary.

207. Not applicable to this defendant and therefore no response is necessary.

208. Denied that Plaintiff is entitled to any of the relief sought therein.

## COUNT II:  42 U.S.C. § 1983:  Excessive Use of Force/Failure to Intervene (Nettles, Jerrels)

209.   Defendant realleges its responses to paragraphs 23-44 above and incorporates them herein by reference.

210.   Not applicable to this defendant and therefore no response is necessary.

211.   Not applicable to this defendant and therefore no response is necessary.

212.   Not applicable to this defendant and therefore no response is necessary.

213.   Not applicable to this defendant and therefore no response is necessary.

## COUNT III:  Conspiracy under 42 U.S.C. § 1983 to Violate the Eighth Amendment (Jerrels et al)

214.   Defendant realleges its responses to paragraphs 23-132 above and incorporates them herein by reference.

215.   Denied.

216.   Denied.

217.   Denied.

218.   Denied.

219.   Denied.

220.   Denied.

221.   Denied.

222.   Denied.

223.   Denied.

224.   Denied.

## COUNT IV:  42 U.S.C. § 1983:  Deliberate Indifference to Excessive Force (Jerrels and Anderson)

225.   Defendant realleges its responses to paragraphs 23-73 above and incorporates them herein by reference.

226.   Not applicable to this defendant and therefore no response is necessary.

227.   Not applicable to this defendant and therefore no response is necessary.

228.   Not applicable to this defendant and therefore no response is necessary.

229.   Not applicable to this defendant and therefore no response is necessary.

230.   Not applicable to this defendant and therefore no response is necessary.

231.   Not applicable to this defendant and therefore no response is necessary.

232.   Not applicable to this defendant and therefore no response is necessary.

## COUNT V:  42 U.S.C. § 1983:  Failure to Protect (All Corrections Defendants)

233.   Defendant realleges its responses to paragraphs 23-73 above and incorporates them herein by reference.

234.   Denied.

235.   Denied.

236.   Denied.

237.   Denied.

## COUNT VI:  42 U.S.C. § 1983:  Failure to Treat (All Medical Defendants)

As Count VI is against other defendants, no response to
paragraphs 238-242 is necessary.

## COUNT VII:  Violations of the ADA and Rehabilitation Act (Ricky Dixon)

As Count VI is against other defendants, no response to
paragraphs 243-258 is necessary.

## COUNT VIII:  Abuse or Neglect of a Vulnerable Adult ¶415.1111, Fla.. Stat. (Jerrels et al)

259.   Defendant realleges its responses to paragraphs 23-132 above and incorporates them herein by reference.

260.   Denied.

261.   The allegation is an improper conclusion of law and therefore is denied. Otherwise denied.

262.   The allegation is an improper conclusion of law and therefore is denied. Otherwise denied.

263.   The allegation is an improper conclusion of law and therefore is denied. Otherwise denied.

264.   The allegation is an improper conclusion of law and therefore is denied. Otherwise denied.

265.   Denied.

266.   Denied.

267.   Denied.

268.   The allegation is an improper conclusion of law and therefore is denied. Otherwise denied.

269.   Denied.

270.   Denied that Plaintiff is entitled to any punitive damages sought therein.

## COUNT VIII [sic]:  Intentional Infliction of Emotional Distress (Jerrels et al)

271.   Defendant realleges its responses to paragraphs 23-132 above and incorporates them herein by reference.

272.   Denied.

273.   Denied.

274.   Denied.

275.   Denied.

276.   Denied.

277.   Denied.

## COUNT IX [sic]:  Negligent Infliction of Emotional Distress (Jerrels et al)

278.   Defendant realleges its responses to paragraphs 23-132 above and incorporates them herein by reference.

279.   Denied.

280.   Denied.

281.   Denied.

282.   Denied.

## COUNT X [sic]:  Battery (Jerrels and Nettles)

283.   Defendant realleges its responses to paragraphs 23-73 above and incorporates them herein by reference.

284.   Not applicable to this defendant and therefore no response is necessary.

285.   Not applicable to this defendant and therefore no response is necessary.

286.   Not applicable to this defendant and therefore no response is necessary.

287.   Not applicable to this defendant and therefore no response is necessary.

288.   Not applicable to this defendant and therefore no response is necessary.

289.   Not applicable to this defendant and therefore no response is necessary.

In response to Plaintiff's "**Prayer for Relief**," Defendant denies that Plaintiff is entitled to any of the relief sought therein.

## Affirmative Defenses

1.     All of Plaintiff's actions are barred by the applicable statute of limitations.

2.     Plaintiff's complaint fails to state a cause of action in any of the counts alleged therein.

3.     Plaintiff's cause of action for wrongful death accrued more than 2 years prior to the filing of this action and therefore is barred.

4.     Defendants are entitled to a setoff or reduction, pursuant to section 768.76, Florida Statutes, in the amount of all benefits received by Plaintiff, or paid to another on behalf of Plaintiff from all collateral sources, as well as reimbursement of medical expenses by establishment of a set-off lien pursuant to sections 951.052, 901.35, and/or 960.293, Florida Statutes.

5.     Plaintiff has failed to prove any recoverable damages under the Florida Wrongful Death Act (section 768.16, et seq., Fla. Stat.).

6.     Once the decedent passed away, no cause of action for any pre-death injury and pain and suffering by Craig Ridley survived such that any of Plaintiff's alleged causes of action or requests for relief in such damages is improper and should be denied.  Thus, Plaintiff has no action for alternative theories of relief which are subsumed by the statutory wrongful death action, namely negligent infliction of emotional distress, intentional infliction of emotional distress, abuse of a vulnerable adult, or other similar actions.

7.     None of the defendants engaged in any conduct which satisfies the elements of either intentional infliction of emotional distress or negligent infliction of emotional distress.

8.     The individual FDC defendants had no authority to challenge the opinions made by the medical staff and therefore they cannot be held liable for any medical findings or alleged failings by the medical staff.

9.     Plaintiff has failed to allege or prove that decedent suffered any injuries which did not cause or contribute to his death and therefore Plaintiff is not entitled to any such relief.

10.     None of the individual defendants breached any duty to the decedent as alleged herein.

11.     Plaintiff's injuries and damages, if any, were the result of individuals or entities other than the individual defendants, including but not limited to Centurion, Jackson Memorial Hospital, and/or their medical personnel.

12.     Plaintiff and/or plaintiff's family failed to diligently investigate readily accessible documents and information regarding decedent's death and therefore cannot plead as an excuse that other investigations prohibited them from filing the instant action until such investigations were completed.

13.     Plaintiff cannot claim equitable tolling because there were no circumstances or conduct of the individual defendants which prohibited Plaintiff or Plaintiff's family from filing this suit.

14.     Plaintiff had reasonable opportunity prior to filing this suit for discovery of any and all paperwork and circumstances surrounding the decedent's death such that there is no equitable tolling.

15.      Because after September 13, 2017, decedent was no longer housed at FDC, but rather at Jackson Memorial Hospital, the individual defendants had no

contact with the decedent, such that any state or federal cause of action against the individual defendants would have accrued prior to September 13, 2017.

16.     All of the injuries suffered by the decedent were caused in whole or in part by reason of Mr. Ridley's negligent and/or wrongful acts and conduct, as a consequence of which Plaintiff is not entitled to recovery of such damages, or any recovery should be reduced in proportion thereto.

17.     To the extent Plaintiff's injuries or damages were the result of a pre-existing injury or condition, Plaintiff's recovery should be limited to the aggravation of such injury or damage.

18.     Any recovery should be reduced in whole or in part by Plaintiff's failure or decedent's failure to mitigate their damages.

19.     All of the individual defendants acted reasonably and in good faith toward the decedent and he was not deprived of any rights specified under law.

20.     None of the individual defendants violated Mr. Ridley's rights, nor with any discriminatory intent.

Defendant reserves the right to amend and/or supplement these affirmative defenses as discovery is ongoing.

Respectfully submitted,

ASHLEY B. MOODY
ATTORNEY GENERAL

*/s/ Anthony Dean Johnson*
Anthony Dean Johnson
Assistant Attorney General
Florida Bar No.: 12084

Office of the Attorney General
PL-01, The Capitol
Tallahassee, Florida 32399-1050
(850) 414-3300
Anthony.Johnson@myfloridalegal.com
joann.mrazek@myfloridalegal.com
steven.holcomb@myfloridalegal.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed through the Court's CM/ECF system which will provide electronic service to all counsel of record this 10th day of July 2023.

*/s/ Anthony Dean Johnson*
Anthony Dean Johnson