UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JATOON MOSS, as Personal
Representative for the ESTATE
OF CRAIG RIDLEY, on behalf
of the Estate and Survivors
Jatoon Moss and Gary Ridley,

      Plaintiff,

vs.

RICKY D. DIXON, *et al.,*

      Defendants.

_____/

Case No: 3:21-cv-1026-MMH-MCR

## **DEFENDANT NETTLES ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant John Nettles ("Defendant" or "Nettles") hereby answers the Plaintiff's Second Amended Complaint [ECF No. 70] and asserts his affirmative defenses as follows:

Defendant objects to Plaintiff's Introduction as it contains no factual allegations, but rather contains conclusory, self-serving statements (similar to a closing argument) without any factual basis or support. However, if Defendant must respond, he denies the introduction.

## **Jurisdiction and Venue**

1.    Admitted for jurisdictional purposes only; however, Defendant denies that Plaintiff is due any relief sought thereunder.

2.     Admitted for jurisdictional purposes only; however, Defendant denies that Plaintiff is due any relief sought thereunder.

3.     Admitted for jurisdictional purposes only; however, Defendant denies that Plaintiff is due any relief sought thereunder.

4.     Admitted for venue purposes only.

5.     Denied.

## **Parties**

6.     Without knowledge and therefore denied.

7.     Without knowledge and therefore denied.

8.     Without knowledge and therefore denied.

9.     Admitted that Defendant was a sergeant at all times material. However, Defendant denies the remainder of the paragraph.

10.    Without knowledge and therefore denied.

11.    Without knowledge and therefore denied.

12.    Without knowledge and therefore denied.

13.    Without knowledge and therefore denied.

14.    Without knowledge and therefore denied.

15.    Without knowledge and therefore denied.

16.    Without knowledge and therefore denied.

17.    Without knowledge and therefore denied.

18.    Without knowledge and therefore denied.

19.    Without knowledge and therefore denied.

20.   Without knowledge and therefore denied.

21.   Without knowledge and therefore denied.

22.   Without knowledge and therefore denied.

## **Common Allegations of Fact**

23.   Admitted.

24.   Admitted.

25.   Denied.

## A. **Events Relating to Craig Ridley's Disabling Injury at RMC West**

26.   Denied.

27.   Denied.

28.   Denied.

29.   Denied.

30.   Any under oath statement made by Defendant William Jerrels speaks for itself; Defendant is without knowledge to Jerrels' statement and the paragraph is therefore denied.

31.   Denied.

32.   Without knowledge and therefore denied.

33.   Denied. Defendant did not cause physical abuse to Ridley. Defendant did not witness Defendant Jerrels cause any "physical abuse" to Ridley in order to intervene.

34.    Any hand-held video speaks for itself and to the extent that the allegations of paragraph 34 conflict therewith, they are denied.  Defendant objects to Plaintiff's commentary on its interpretation of the video.

35.    Any hand-held video speaks for itself and to the extent that the allegations of paragraph 35 conflict therewith, they are denied.  Defendant objects to Plaintiff's commentary on its interpretation of the video.

36.    Any hand-held video speaks for itself and to the extent that the allegations of paragraph 36 conflict therewith, they are denied.  Defendant objects to Plaintiff's commentary on its interpretation of the video.

37.    Denied.

38.    Admitted that Ridley was placed into a wheelchair and transported to the medical department; Defendant is without knowledge to the remainder of paragraph 38 and is therefore denied.

39.    Denied as phrased. Any hand-held video speaks for itself and to the extent that the allegations of paragraph 39 conflict therewith, they are denied.

40.    Any FDLE report speaks for itself and to the extent that the allegations of paragraph 40 conflict therewith, they are denied.  Admitted that Ridley was placed into a wheelchair and transported to the medical department.

41.    Defendant denies paragraph 41 because Defendant objects due to Plaintiff's commentary that is not alleging facts but rather is his interpretation of the video. The video speaks for itself.

42.     Admitted that there was a "documented" injury to Defendant. Denied that it was "slight".

43.     Without knowledge and therefore denied.

44.     Defendant denies the paragraph and all subsections a through k.

**B. The Post Use of Force Medical Examination at the West Unit**

45.     Admitted that Defendant conveyed that Ridley had struck him; otherwise without knowledge and therefore denied.

46.     Admitted that Defendant had a medical examination done. Without knowledge to remaining allegations in paragraph at this time five years after the event and therefore denied.

47.     Without knowledge and therefore denied.

48.     Without knowledge and therefore denied.

49.     Without knowledge and therefore denied.

50.     Without knowledge and therefore denied.

51.     Without knowledge and therefore denied.

52.     Without knowledge and therefore denied.

53.     Without knowledge and therefore denied.

54.     Without knowledge and therefore denied.

55.     Without knowledge and therefore denied.

56.     Without knowledge and therefore denied.

57.     Denied.

58.     Without knowledge and therefore denied.

59.    Denied.

60.    Without knowledge and therefore denied.

61.    Denied.

62.    Without knowledge and therefore denied.

63.    Without knowledge and therefore denied.

64.    Without knowledge and therefore denied.

65.    Without knowledge and therefore denied.

66.    Without knowledge and therefore denied.

67.    Without knowledge and therefore denied.

68.    Without knowledge and therefore denied.

69.    Without knowledge and therefore denied.

70.    Without knowledge and therefore denied.

71.    Without knowledge and therefore denied.

72.    Without knowledge and therefore denied.

73.    Without knowledge to paragraph and subsections a through g and therefore denied.

## C. Ridley Is Transported to the Main Unit to Go to Confinement

74.    Without knowledge and therefore denied.

75.    Without knowledge and therefore denied.

76.    Without knowledge and therefore denied.

77.    Without knowledge and therefore denied.

78.    Without knowledge and therefore denied.

79.     Without knowledge and therefore denied.

80.     Without knowledge and therefore denied.

81.     Without knowledge and therefore denied.

82.     Defendant objects to and therefore denies the allegations and conclusory statements alleged in paragraph 82.

83.     Without knowledge and therefore denied.

84.     Without knowledge and therefore denied.

85.     Without knowledge and therefore denied.

86.     Without knowledge and therefore denied.

87.     Without knowledge and therefore denied.

88.     Without knowledge and therefore denied.

89.     Without knowledge and therefore denied.

90.     Without knowledge and therefore denied.

91.     Without knowledge and therefore denied.

92.     Without knowledge and therefore denied.

93.     Without knowledge and therefore denied.

94.     Without knowledge and therefore denied.

95.     Without knowledge and therefore denied.

96.     Without knowledge and therefore denied.

97.     Without knowledge and therefore denied.

98.     Without knowledge and therefore denied.

99.     Denied.

100.   Without knowledge and therefore denied.

101.   Without knowledge and therefore denied.

102.   Without knowledge and therefore denied.

103.   Without knowledge and therefore denied.

104.   Without knowledge and therefore denied.

105.   Without knowledge and therefore denied.

106.   Without knowledge and therefore denied.

107.   Without knowledge and therefore denied.

108.   Without knowledge and therefore denied.

109.   Without knowledge and therefore denied.

110.   Without knowledge and therefore denied.

111.   Without knowledge and therefore denied.

112.   Without knowledge and therefore denied.

113.   Without knowledge and therefore denied.

114.   Without knowledge and therefore denied.

115.   Without knowledge and therefore denied.

116.   Without knowledge and therefore denied.

117.   Without knowledge and therefore denied.

118.   Without knowledge and therefore denied.

119.   Without knowledge and therefore denied.

120.   Without knowledge and therefore denied.

121.   Without knowledge and therefore denied.

122.   Without knowledge and therefore denied.

123.   Without knowledge and therefore denied.

124.   Without knowledge and therefore denied.

125.   Without knowledge and therefore denied.

126.   Without knowledge and therefore denied.

127.   Denied.

128.   Without knowledge and therefore denied.

129.   Without knowledge and therefore denied.

130.   Denied.

131.   Without knowledge and therefore denied.

132.   Without knowledge to the paragraph and all subparts. Therefore, the paragraph is denied. However, Defendant objects to Plaintiff's own commentary or interpretations of the video or report as improper and specifically denies them. Defendant further specifically denies subsection "z" as such is improper and should be stricken.

### D. Craig Ridley Is Finally Taken to the Memorial Hospital in Jacksonville

133.   Without knowledge and therefore denied.

134.   Without knowledge and therefore denied.

135.   Without knowledge and therefore denied.

136.   Admitted that Ridley died at Memorial Hospital on October 12, 2017; otherwise all other allegations or descriptions in the paragraph are denied.

137.   Without knowledge and therefore denied.

138.   Without knowledge and therefore denied.

139.   Admitted.

140.   Without knowledge and therefore denied.

141.   Without knowledge and therefore denied.

142.   Defendant states that the death certificate speaks for itself and any allegation contrary thereto is denied.

143.   Denied.

**E. FDLE Investigation**

144.   Admitted that FDLE investigated the death of Ridley; otherwise, without knowledge and therefore denied.

145.   Without knowledge and therefore denied.

146.   Without knowledge and therefore denied.

147.   Without knowledge and therefore denied.

148.   Without knowledge and therefore denied.

149.   Without knowledge and therefore denied.  Defendant objects to any inference that other videos existed and/or were intentionally destroyed as unsupported and an improper inference.

150.   Without knowledge regarding how investigation was conducted and therefore denied. Otherwise, the FDLE investigation and report speak for themselves and any allegation contrary thereto are denied.

151.   Without knowledge and therefore denied.

152.   Without knowledge and therefore denied.

153.   Without knowledge and therefore denied.

154.   Without knowledge and therefore denied.

155.   Without knowledge to Inmate Reed's recollection of Ridley, and therefore denied. Denied to the statement guards would beat inmates or any remaining allegations in paragraph.

156.   Denied.

157.   To the extent that Plaintiff is referring to any FDLE report, Defendant states that any such report speaks for itself and to the extent that the allegations conflict therewith, they are denied.

158.   Denied.

159.   Admitted that the area is not covered by any cameras. Without knowledge and therefore denied to remaining allegations.

160.   Without knowledge and therefore denied.

161.   Without knowledge and therefore denied.

162.   Without knowledge and therefore denied.

163.   Without knowledge and therefore denied.

164.   Without knowledge and therefore denied.

165.   Denied as paragraph is phrased with overbroad commentary: "Virtually every inmate who knew Ridley". Therefore, the paragraph is denied.

166.    To the extent that Plaintiff is referring to any FDLE report concerning Inmate, Defendant states that any such report speaks for itself and to the extent that the allegations conflict therewith, they are denied.

167.    Without knowledge and therefore denied.

168.    Without knowledge and therefore denied.

169.    Without knowledge and therefore denied.

170.    Without knowledge and therefore denied.

171.    Without knowledge and therefore denied.

### F. Abuse and Retaliation Are Endemic in Florida Prisons

172.    Denied.

173.    Denied.

174.    Without knowledge and therefore denied.

175.    Without knowledge and therefore denied.

176.    Without knowledge and therefore denied.

177.    Without knowledge and therefore denied.

178.    Without knowledge and therefore denied.

179.    Without knowledge and therefore denied.

180.    Without knowledge and therefore denied.

181.    Denied.

182.    Denied.

183.    Denied.

184.    Denied.

185.   Denied.

186.   Denied.

187.   Denied.

188.   Denied as to paragraph and all subparts.

189.   Denied.

### G. Additional Facts Relevant to the Statute of Limitations

190.   Denied.

191.   Denied.

192.   Denied.

193.   Denied.

194.   Admit that after Ridley's death, FDLE commenced an investigation; the remainder of the allegations are denied.

195.   Without knowledge and therefore denied.

196.   Denied.

197.   Denied.

198.   Specifically denied.  Dianne Ridley Gatewood had both the authority and ability to request and access any and all reasonable information that would have been sufficient for the "family" to take or file the instant legal action well before "the closure of the investigation."

199.   Paragraph 199 is an improper conclusion of law, not a factual allegation, and therefore is denied.

200.   Paragraph 200 is an improper conclusion of law, not a factual allegation, and therefore is denied.

201.   Without knowledge and therefore denied.

## CAUSES OF ACTION

### COUNT I:  §768.18, Fla. Stat., Wrongful Death (Nettles, Jerrels)

202.   Defendant realleges his responses to Sections A and B (paragraphs 23-73) above and incorporates them herein by reference.

203.   Denied that Plaintiff is entitled to any of the relief sought therein. Denied that Defendant engaged in any of the wrongdoing alleged or violated any of the Florida Statutes cited therein.

204.   Denied.

205.   Denied.

206.   Denied.

207.   Denied.

208.   Denied that Plaintiff is entitled to any of the relief sought therein.

### COUNT II:  42 U.S.C. § 1983:  Excessive Use of Force/Failure to Intervene

209.   Defendant realleges his responses to Section A (paragraphs 23-44) above and incorporates them herein by reference.

210.   Denied.

211.   Denied.

212.   Denied.

213.   Denied.

## COUNT III:  Conspiracy under 42 U.S.C. § 1983 to Violate the Eighth Amendment

214.   Defendant realleges his responses to Sections A, B, and C (paragraphs 23-132) above and incorporates them herein by reference.

215.   Denied.

216.   Denied.

217.   Denied.

218.   Denied.

219.   Denied.

220.   Denied.

221.   Denied.

222.   Denied.

223.   Denied.

224.   Denied.

## COUNT IV:  42 U.S.C. § 1983:  Deliberate Indifference to Excessive Force (Jerrels and Anderson)

Count IV is not applicable to Defendant. Thus, no response is necessary to Count IV or paragraphs 225-232. However, to the extent a response may be necessary, Defendant realleges his responses in Sections A, B, and C (paragraphs 23-132) and denies paragraphs 226 through 232.

## COUNT V:  42 U.S.C. § 1983:  Failure to Protect (All Corrections Defendants)

233.   Defendant realleges his responses to Sections A, B, and C (paragraphs 23-132) above and incorporates them herein by reference.

234. Denied.

235. Denied including all subparts.

236. Denied.

237. Denied.

## COUNT VI:  42 U.S.C. § 1983:  Failure to Treat (All Medical Defendants)

Count IV is not applicable to Defendant. Thus, no response is necessary to Count IV or paragraphs 238-242. However, to the extent a response may be necessary, Defendant realleges his responses in Sections B and C (paragraphs 45-132) and denies paragraphs 226 through 232.

## COUNT VII:  Violations of the ADA and Rehabilitation Act (Ricky Dixon)

Count VII is not applicable to Defendant. Thus, no response is necessary to Count VII or paragraphs 243-258. However, to the extent a response may be necessary, Defendant realleges his responses in Sections A, B and C (paragraphs 23-132) and denies paragraphs 244 through 258.

## COUNT VIII:  Abuse or Neglect of a Vulnerable Adult ¶415.1111, Fla. Stat.

Count VIII is not applicable to Defendant. Thus, no response is necessary to Count VIII or paragraphs 259-270. To the extent that any allegations relate to Defendant, and this Court deems a response necessary, Defendant realleges his responses in Sections A, B and C (paragraphs 23-132) and denies paragraphs 260 through 270.

## COUNT VIII[1] [sic]:  Intentional Infliction of Emotional Distress

271. Defendant realleges his responses to Section A, B, and C (paragraphs 23-132) above and incorporates them herein by reference.

---

[1] Plaintiff has duplicates of "Count VIII" so Defendant will respond to this second Count VIII as provided in the operable complaint.

272.   Denied.

273.   Denied.

274.   Denied.

275.   Denied.

276.   Denied.

277.   Denied.

### COUNT IX:  Negligent Infliction of Emotional Distress

278.   Defendant realleges his responses to Section A, B, and C (paragraphs 23-132) above and incorporates them herein by reference.

279.   Denied.

280.   Denied.

281.   Denied.

282.   Denied.

### COUNT X:  Battery

283.   Defendant realleges his responses to Section A and B (paragraphs 23-73) above and incorporates them herein by reference.

284.   Denied.  Specifically denied that Defendant engaged in any unlawful battery.

285.   Denied. Specifically denied that Defendant engaged in any unlawful battery.

286.   Denied. Specifically denied that Defendant engaged in any unlawful battery.

287.   Denied. Specifically denied that Defendant engaged in any unlawful battery.

288.   Denied. Specifically denied that Defendant engaged in any unlawful battery.

289.   Denied. Specifically denied that Defendant engaged in any unlawful battery.

## **Prayer for Relief**

Defendant denies that Plaintiff is entitled to any of the relief sought within the Prayer for Relief.

Furthermore, Defendant denies all other allegations, including all allegations contained in any wherefore clause, subparts, footnotes, or in the prayer for relief, that are not otherwise expressly admitted herein.

## **Affirmative Defenses**

1.   Plaintiff's operable Complaint fails to state a cause of action against Defendant upon which relief may be granted including claims under 42 U.S.C. § 1983, the Eighth Amendment to the United States Constitution, Florida's Wrongful Death Act, sections 768.16 through 768.26, Florida Statutes, Section 415.1111, Fla. Stat., Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress or battery.

2.   Plaintiff's claims under 42 U.S.C. § 1983 and all state law claims are barred by the applicable Statute of Limitations. *See Chappell v. Rich*, 340 F.3d

1279, 1283 (11th Cir. 2003) (holding that there is a four-year statute of limitations for § 1983 claims for which Florida is the forum state).

3. Plaintiff's claims under the Florida's Wrongful Death Act, sections 768.16 through 768.26, Florida Statutes, are barred by Florida's two-year Statute of Limitations.

4. Defendants are entitled to a setoff or reduction, pursuant to section 768.76, Florida Statutes, in the amount of all benefits received by Plaintiff, or paid to another on behalf of Plaintiff from all collateral sources, as well as reimbursement of medical expenses by establishment of a set-off lien including pursuant to sections 951.052, 901.35, and/or 960.293, Florida Statutes.

5. Once the Decedent, Ridley, passed away, no cause of action for any pre-death injury and pain and suffering by Craig Ridley survived such that any of Plaintiff's alleged causes of action or requests for relief in such damages is improper and should be denied. Thus, Plaintiff has no action for alternative theories of relief which are subsumed by the statutory wrongful death action, namely negligent infliction of emotional distress, intentional infliction of emotional distress, abuse of a vulnerable adult, or other similar actions.

6. None of the defendants engaged in any conduct which satisfies the elements of either intentional infliction of emotional distress or negligent infliction of emotional distress.

7. Defendant is immune from suit related to all state law claims under section 768.28(9)(a), Florida Statutes, as an employee of the State of Florida and the Florida Department of Corrections.

8. Plaintiff's claims are barred by Eleventh Amendment absolute immunity and Defendant is entitled to the full protections and immunity granted by the Eleventh Amendment as an employee of the State of Florida.

9. Defendant asserts that he is entitled to qualified immunity because, at all times material, Defendant's actions with the Decedent were discretionary, in good faith with penological purpose, without malice, and within the scope of his employment with the Florida Department of Corrections. Defendant did not act in any way that would violate the clearly established rights guaranteed to Plaintiff under the Constitution of the United States and/or under any statutory law, of which a reasonable person and/or reasonable individual would have known.

10. At all times material, any contact between Defendant and the Decedent was *de minimis*, and therefore did not rise to the level of excessive force in violation of 42 U.S.C. §1983.

11. Defendant's liability is limited by the independent, intervening acts and omissions of other persons, parties, or entities, known or unknown, that supersede any causal connection between Defendant's conduct and any alleged injury and death of Ridley including Centurion, Jackson Memorial Hospital, and medical personnel. Likewise, any intervening act and injury

was not reasonably foreseeable or anticipated by Defendant and was not under Defendant's control.

12. Plaintiff's alleged damages were proximately caused by the negligence, intentional conduct, or other conduct of parties, persons, or legal entities over whom Defendant has neither control, not any right of control, and whose negligence, intentional conduct, or other conduct is not imputable on Defendant. As a result, the Defendant is not responsible for the actions of said parties, persons or legal entities, and to the extent that such actions caused damage or injury to the Plaintiffs, Defendant may not be held liable.

13. Defendant had no authority to challenge the opinions made by the medical staff and therefore they cannot be held liable for any medical findings or alleged failings by the medical staff.

14. To the extent Plaintiff alleges any negligence, any recovery by Plaintiff should be barred or proportionately reduced according to Florida's doctrine of comparative fault including Decedent Ridley's own fault and/or wrongful acts.

15. Any recovery should be reduced in whole or in part by Plaintiff's failure or decedent's failure to mitigate their damages.

16. To the extent Plaintiff's injuries or damages were the result of a pre-existing injury or condition, Plaintiff's recovery should be limited to the aggravation of such injury or damage.

17. Pursuant to section 768.81, Florida Statutes, to the extent Plaintiff alleges negligence related to Florida's Wrongful Death Act, sections 768.16 through 768.26, Florida Statutes, Defendant is only liable to Plaintiff, if liable at all, for the portion of damages corresponding to Defendant's percentage of fault, and not based upon the doctrine of joint and several liability.

18. Plaintiffs' right to recovery is limited to the relief made available under Florida's Wrongful Death Act, sections 768.16 through 768.26, Florida Statutes.

19. Plaintiff's claims for damages are barred, or are subject to a reduction or set off, to the extent that such damages were compensated, payments made, benefits paid, or are subject to compensation or payment by "collateral sources" as that term is used in section 768.76, Florida Statutes.

20. In accordance with section 768.28(6)(a), no action may be instituted against the Defendant unless the claim is first presented in writing to the Defendant or the department with whom they are employed, and the department denies the claim in writing.

21. Plaintiff and/or plaintiff's family failed to diligently investigate readily accessible documents and information regarding decedent's death and therefore cannot plead as an excuse that other investigations prohibited

them from filing the instant action until such investigations were completed.

22. Plaintiff cannot claim equitable tolling because there were no circumstances or conduct of the individual defendants which prohibited Plaintiff or Plaintiff's family from filing this suit.

23. Plaintiff had reasonable opportunity prior to filing this suit for discovery of any and all paperwork and circumstances surrounding the Decedent's death such that there is no equitable tolling.

24. Defendant acted in self defense without wanton or malicious intent.

Dated this 17th day of July, 2023.

Respectfully submitted,

ALEXANDER DEGANCE BARNETT, P.A.

By: */s/ David E. Chauncey*
    Michelle Bedoya Barnett
    Florida Bar No. 0823201
    E-mail: michelle.barnett@adblegal.com
    David E. Chauncey
    Florida Bar No. 0119497
    E-mail: david.chauncey@adblegal.com
    E-mail: mailbox@adblegal.com
    1500 Riverside Avenue
    Jacksonville, FL 32204
    (904) 345-3277 Telephone
    (904) 345-3294 Facsimile

    *Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 17, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of this filing to all counsel of record.

*/s/ David E. Chauncey*
**Attorney**