UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JATOON MOSS,

    Plaintiff,

v.

RICKY DIXON, *et al.*,

    Defendants.

Case No. 3:21-cv-1026-MMH-MCR

**JOINT MOTION TO MODIFY SCHEDULING ORDER
AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, the parties jointly file this motion to modify the Scheduling Order (Doc. 84) to extend the remaining deadlines as set forth herein. As grounds, the parties state:

### I.    BACKGROUND

This is a lawsuit brought by the personal representative of Craig Ridley, a deceased state prisoner, concerning claimed violations of the Eighth Amendment, Americans with Disabilities Act, Florida Wrongful Death Act, among other claims. (*See, generally*, Doc. 70).

The parties engaged in extensive motion practice resulting in the Court denying the Defendants' respective motions to dismiss the operative Second

Amended Complaint. (Doc. 128). Since then, the parties have engaged in discovery, with a primary focus on discovery related to the Florida Department of Corrections records, including its post-event investigations, as well as documents maintained by third parties, such as the Florida Department of Law Enforcement (FDLE), which undertook a detailed investigation. (*See, e.g.*, Doc. 40-4). These third parties, in particular FDLE, are still endeavoring to obtain and produce all relevant documents. The parties are continuing to work through discovery. However, counsel for Defendant Secretary Ricky D. Dixon—who is the custodian of many of the records in this case—will be on maternity leave starting in September for several months and will be unable to be involved in the litigation for that period. Given this, as well as the parties' anticipated discovery needs in this sprawling case involving a dozen defendants and almost 100 identified witnesses, the parties believe that there is good cause, and that it is important based on Secretary Dixon's counsel's anticipated maternity leave, to extend the remaining pretrial and trial deadlines.

## II.     MEMORANDUM OF LAW

Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Harris v. Reverse Mortg.*

2

*Solutions, Inc.*, 800 Fed. Appx. 708, 711 (11th Cir. 2020) (citing *Sosa v. Airprint Sys., Inc.*, 13 F.3d 1417, 1418 (11th Cir. 1998) (quotations omitted).

Rule 16 of the Federal Rules of Civil procedure grants district courts the power to police their dockets, including the imposition of deadlines. *Mingo v. Sugar Cane Growers Co-Op of Florida*, 864 F.2d 101, 102 (11th Cir. 1989). If litigants diligently pursue their rights but for reasons other than their own negligence are unable to meet scheduling order deadlines, the court should exercise its discretion and modify its scheduling order. *Payne v. Ryder Systems*, 173 F.R.D. 537, 539 (M.D. Fla. 1997).

Although the parties here have acted diligently in pursuing their rights, because circumstances will likely impair their ability to continue to act with such diligence to complete discovery before the January 19 deadline, the parties respectfully request an adjustment to the schedule. Accordingly, the parties propose the following modifications:

| **Deadline** | **Current Date** | **Proposed Date** |
|---|---|---|
| Deadline for disclosing expert reports: | | |
| Plaintiff: | August 25, 2023 | January 19, 2023 |
| Defendant: | September 29, 2023 | February 19, 2023 |
| Rebuttal: | October 27, 2023 | March 19, 2024 |

3

| | | |
|---|---|---|
| Deadline for completing discovery and filing motions to compel. | January 19, 2024 | June 21, 2024 |
| Deadline for filing dispositive and <u>Daubert</u> motions (responses due 21 days after service). | March 22, 2024 | August 23, 2024 |
| Mediation | Deadline: April 5, 2024<br><br>NOTICE DUE January 5, 2024 | Deadline: August 9, 2024<br><br>NOTICE DUE June 7, 2024 |
| Deadlines for filing all other motions including motions in limine. | July 29, 2024 | December 20, 2024 |
| Deadline for filing the joint final pretrial statement. | August 12, 2024 | January 13, 2025 |
| Date and time of the final pretrial conference. | August 19, 2024 10:00 a.m. | January 20, 2025 10:00 a.m. |
| Trial Term Begins | September 3, 2024 9:00 a.m. | February 2025 |

### III. CONCLUSION

For the foregoing reasons, the parties respectfully request that the Court grant this joint motion and enter an order amending the Scheduling Order to modify the deadlines as set forth in the above table.

Dated: August 16, 2023.

4

Respectfully submitted,

*/s/ James V. Cook*
James V. Cook (FBN 0966843)
LAW OFFICE OF JAMES COOK
314 W. Jefferson Street
Tallahassee, Florida 32301
Tel. (850) 222-8080
cookjv@gmail.com

-and-

*/s/ James M. Slater*
James M. Slater (FBN 111779)
SLATER LEGAL PLLC
113 S. Monroe Street
Tallahassee, Florida 32301
Tel. (305) 523-9023
james@slater.legal

*Counsel for Plaintiff*

*/s/ Samantha D. Smart*
Samantha D. Smart (FBN 95951)
LUKS, SANTANIELLO, PETRILLO, COHEN & PETERFRIEND
301 W. Bay Street, Suite 1010
Jacksonville, FL 32202
Tel. (904) 791-9191
ssmart@insurancedefense.net

*Counsel for Defendant Dixon*

ASHLEY B. MOODY
ATTORNEY GENERAL

*/s/ Anthony Dean Johnson*
Anthony Dean Johnson (FBN 12084)
Assistant Attorney General
Office of the Attorney General
PL-01, The Capitol

5

Tallahassee, Florida 32399-1050
Tel. (850) 414-3300
Anthony.Johnson@myfloridalegal.com

*Counsel for Defendants Anderson, Jerrels, Livingston, Nyitray, Potosky, and Givens*

/s/ David E. Chauncey
David E. Chauncey (FBN 119497)
ALEXANDER DEGANCE BARNETT, P.A.
1500 Riverside Avenue
Jacksonville, FL 32204
Tel. (904) 345-3277
david.chauncey@adblegal.com

*Counsel for Defendants Lewis, Greene, Nettles, Eberlein & Flynn*