UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JATOON MOSS,

      Plaintiff,

v.

RICKY DIXON, *et al.*,

      Defendants.

Case No. 3:21-cv-1026-MMH-MCR

**PLAINTIFF'S FIRST MOTION TO COMPEL DEFENDANT
RICKY DIXON TO PRODUCE DOCUMENTS AND
<u>PROVIDE BETTER ANSWERS TO INTERROGATORIES</u>**

Pursuant to Rule 37(a)(3)(B)(iv), Plaintiff Jatoon Moss moves to compel Defendant Ricky Dixon, Secretary of the Florida Department of Corrections (FDC) to produce documents responsive to Plaintiff's First, Second, and Thirds Sets of Written Discovery Requests as set forth herein.

FDC agreed to provide many of the records subject to this motion, including providing better responses to the interrogatories and requests in Plaintiff's Second Set of Written Discovery Requests. But despite months of delay, FDC simply will not follow through with its agreement. For example, in <u>June</u>, FDC promised to produce emails, stating that "search results are in the link that is coming soon," yet to date those emails have not been produced (the only emails produced are those that were part of FDC's investigative

reports). *See* Correspondence between J. Slater and S. Smart, at 13, attached

as **Exhibit 1**. Despite providing documents that redacted what appears to be

material evidence involving Craig Ridley' injuries, and informing the

undersigned that she possessed these documents without redaction and

agreeing to provide them without such redaction, FDC's counsel has failed to

turn over unredacted reports. An example of one such improper redaction is:



Despite promises to receive better responses to discovery requests served well

after the deadline without agreement on any extension—thereby waiving

objections—FDC has failed to provide better responses to Plaintiff's second

set of interrogatories and requests for production where it improperly and

frivolously objected to every single item of discovery as:

**Response: OBJECTION. This request is outside the scope of admissible evidence and is immaterial to the Plaintiff's allegations. Defendant will be moving under separate cover for protective order from having to respond to this type of discovery.**

The undersigned and FDC's lawyer have met and conferred on these issues <u>many</u> times, but the unredacted documents and videos, withheld videos, emails, other agreed-on records, and better responses to Plaintiff's second set of discovery requests, have not materialized. The undersigned endeavored to obtain all these records before FDC's counsel left for parental leave and gave numerous extensions as a courtesy. But none of the promised records, emails, or better answers/responses were served and FDC's new counsel, though copied on these emails over the past month or so, seemingly has no answer as to why FDC cannot produce these materials or why the first sets of emails were not turned over when agreed on.

Enough delay: the Court should order FDC to turn over the responsive records, reproduce documents without redaction, and provide better responses to Plaintiff's second set of interrogatories and requests for production by a date certain so that Plaintiff may diligently proceed with completing fact discovery before its close.

## I.    BACKGROUND

1.    On December 7, 2022, Plaintiff served her first set of written discovery requests to FDC. *See* Plaintiff's First Set of Written Discovery to FDC, attached as **Exhibit 2**.

2.    FDC asked for, and Plaintiff agreed to, an extension of FDC's deadline to respond to the first set of written discovery through February 24, 2023, with production to conclude by March 17, 2023. *See* Correspondence between J. Slater and S. Smart, at 1-2, attached as **Exhibit 3**.

3.    On the deadline to respond—February 24, 2023—FDC and the other defendants filed a joint motion to stay discovery. (Doc. 121).

4.    Because FDC did not move for protective order, Plaintiff urged FDC to comply with the agreement to cooperate with discovery, which resulted in FDC serving responses on that date. *See* FDC's Responses to Plaintiff's First Requests for Production, attached as **Exhibit 4**; FDC's Unverified Responses to Plaintiff's First Set of Interrogatories, attached as **Exhibit 5**.

5.    On March 17, 2023 and April 4, 2023, FDC produced its initial records responsive to Plaintiff's first request for discovery, but did not complete the production as it had agreed.

6.     On April 18, 2023, Plaintiff delivered the attached deficiency letter to FDC and the individual defendants asking to meet and confer on improper redactions and incomplete production, among other things. *See* Deficiency Letter, attached as **Exhibit 6**.

7.     The parties met and conferred, and on May 12, 2023, Plaintiff sent the attached letter memorializing the parties' conference. *See* Meet and Confer Letter, attached as **Exhibit 7**.

8.     At the conference, FDC agreed to, among other things, reproduce all reports without redactions except for personal identifiers such as officers' birthdates, addresses, etc., produce all attachments to reports, provide a better answer to Interrogatory No. 5, which asked FDC to identify all corrective action taken against the individual defendants, and to search for electronically stored information using a series of search terms provided by Plaintiff's counsel. *See id.* at 2–3.

9.     On May 17, 2023, Plaintiff issued its Second Set of Discovery Requests to FDC, which sought specific items and materials referenced in response to reporting by the Miami Herald, in the investigative reports already produced to Plaintiff—for example a "case book" referenced in an email attached to a report—and other matters relevant to the Florida Department of Law Enforcement's investigation, which were not produced. *See* Plaintiff's Second Set of Discovery Requests to FDC, attached as **Exhibit**

**8**.  Plaintiff also issued a third set of requests to FDC on June 7, 2023. *See* Plaintiff's Third Set of Discovery Requests to FDC, attached as **Exhibit 9**.

10.    Thereafter, on June 30, 2023, Plaintiff received a supplemental production with some of the additional materials agreed to in response to Plaintiff's first requests, like color photographs of the individual officers for identification. But reports reproduced to Plaintiff still maintained improper redactions, like the section redacted in the example at the top of this motion. Other reports included entire pages redacted without explanation, like this:



11.    After further meeting and conferring on these issues relevant to the first requests, FDC's counsel agreed in <u>August</u> that FDC would "just re-do" the link to send the unredacted records, as well as a blueprint or layout of the relevant areas of Reception and Medical Center, but to date no such records have been reproduced/produced. *See* Ex. 1 at 2.  Plaintiff was also promised emails and better responses to Interrogatory No. 5, but they were never produced.

12.    Plaintiff also sought to have FDC respond to its second set of requests and interrogatories, which were due in mid-June. After reminding FDC in <u>August</u> that it had failed to provide them, FDC's counsel sent over the attached responses dated June 30, 2023, even though no responses were received by the undersigned on that date, which either way is outside the 30-day deadline and no extension was requested, in which FDC objected to every single request and interrogatory as lacking relevance and indicating its intent to seek a protective order. *See* FDC's Responses to Plaintiff's Second Request for Production, attached as **Exhibit 10**; FDC's Responses to Plaintiff's Second Set of Interrogatories, attached as **Exhibit 11**.

13.    FDC's lawyer agreed at a conference that the objections were improper and agreed to provide better answers and responses. After months of not receiving those responses, the parties agreed that FDC would have one last chance to provide better answers and responses by October 3, 2023.

7

FDC's lawyer, before taking parental leave, also indicated that 2 of the 8 tranches of emails would be produced on September 22, 2023 and that successor counsel, who has not filed an appearance in this case, would be up to speed and would produce the remaining tranches of emails. *See* Correspondence with S. Smart and J. Slater, attached as **Exhibit 12**. Despite these representations, no email has been produced, no better answer to Interrogatory No. 5 has been received, no better answers and responses to Plaintiff's Second Set of Discovery Requests have been received, and a host of other documents have not been turned over, including unredacted reports that were promised this summer.

14.    In addition, FDC agreed to reproduce corrupted video files, produce handheld video footage without redaction, and confirm whether it produced all video files—as nonparty FDLE has stated that it possesses terabytes of video files from FDC related to Craig Ridley, but FDC has only produced several gigabytes of video files. *See* Correspondence, attached as **Exhibit 13**.

15.    Given that FDC has agreed to do all these things, it should do them. Instead, successor counsel, who has not filed a notice of appearance, has asked for another 30 days to follow up with her client, FDC, on the status of these documents—which successor counsel was supposed to have been doing to prepare for FDC's lead lawyer's anticipated parental leave.

8

16. Despite months of promises and the hope by the undersigned to avoid motion practice on these issues, FDC seemingly is not interested in producing the materials and providing the responses it has agreed on. Accordingly, Plaintiff asks the Court to order FDC to provide the records and responses it has agreed to.

## II.   SPECIFIC REQUESTS FOR PRODUCTION

The following table sets forth (1) the specific requests for production subject to this motion, (2) FDC's responses to those specific, and (3) the reasons for granting this relief:

| No. | Request | Response | Reasons to Compel |
|---|---|---|---|
| 1 | All communications in your possession, custody, or control relating to the matter sued upon between you (see Definition 6) and any witness listed in your Rule 26(a)(1)(A)(i) disclosures. | Objection. This request seeks information protected by work-product privilege and attorney client privilege. Additionally, the response to this request could contain confidential information, or protected health information. Would produce subject to an agreed confidentiality order or ruling on Motion for Protective Order. | The Court entered the confidentiality order on 3/28 and FDC has represented that it would produce all communications. It has identified 8 tranches of possibly responsive communications but has not turned over any to date. |
| 2 | All records, including electronically stored information, in your possession, custody, or control, that you may use to dispute Plaintiff's claims or support your defenses. | Objection. This request seeks information protected by work-product privilege and attorney client privilege. Additionally, the response to this request could contain confidential information, or protected health information. Would produce subject to an agreed confidentiality order or ruling on Motion for Protective Order. | The Court entered the confidentiality order and FDC has represented that it would produce all communications. It has identified 8 tranches of possibly responsive communications but has not turned over any to date. |

| No. | Request | Response | Reasons to Compel |
|-----|---------|----------|-------------------|
| 8 | All incident reports, investigation reports, or communications relating to any grievances or complaints against the individual defendants in this case. | Objection. The response to this request could contain confidential information, or protected health information. Would produce subject to an agreed confidentiality order or ruling on Motion for Protective Order.<br><br>Communications are in individual classifications files, so Defendant further objections as this request is overly burdensome, overly board, vague and ambiguous. Plaintiff would need to narrow down the scope of the reports being requested. The scope of this request is so broad that is request information that is irrelevant and immaterial. Plaintiff would also need to be limited to place, as this request is not even limited to RMC. | The Court entered the applicable orders on 3/28, FDC agreed in conference to produce all reports and communications but has produced certain reports with impermissible redaction and has not produced any communications other than those attached to the reports. |
| 11 | All communications and documents concerning Decedent's DC4-701C and DC4-708 forms. | Objection. The response to this request could contain confidential information, or protected health information. Would produce subject to an agreed confidentiality order or ruling on Motion for Protective Order. | No communications produced except those attached to investigative reports. |
| 23 | All communications and documents concerning Decedent's DC6-221 forms. | Please see what is being produced in regards to this form. | No communications produced except those attached to investigative reports. |

| No. | Request | Response | Reasons to Compel |
|---|---|---|---|
| 26 | All communications and documents concerning Decedent's DC6-229 forms. | Objection. The response to this request could contain confidential information, or protected health information. Would produce subject to an agreed confidentiality order or ruling on Motion for Protective Order. | No communications produced except those attached to investigative reports. |
| 37 | All records, including models, plats, maps, drawings, photos, film, audio or video recordings, transcripts, correspondence, memos, journals, logs, notebooks, notes, investigative reports, and communications, including e-mails, relating to a fact or issue in this controversy, including, without limitation, all video recordings from all fixed wing-cameras in the RMC kitchen and laundry room for September 8, 2017. | We will produce the video and audio, the other items requested we would object to producing as overly broad, vague, and ambiguous, and irrelevant and immaterial. | No blueprint produced. Not all video has been produced: FDC has not produced any handheld video, which Plaintiff had to obtain in redacted form from nonparty FDLE; FDC has only produced approximately 19 GB of video, whereas FDLE has informed Plaintiff that it possesses terabytes of video provided by FDC in the course of the investigation into Craig Ridley's death. FDC has further failed to reproduced corrupted files from channel 7 of the fixed-wing camera for several days in September 2017 at RMC. None of the video recovered by FDLE for the dates 10/8-10/12 showing specific acts/omissions has been produced. |
| 47 | All photographs or video or audio recordings relating to the matter sued upon or any other facts identified in the Complaint, including clips or photos taken by or downloaded to cell phones or other devices. | Objection. The response to this request could contain confidential information, or protected health information. Would produce subject to an agreed confidentiality order or ruling on Motion for Protective Order. | |

| No. | Request | Response | Reasons to Compel |
|---|---|---|---|
| 45 | All communications, including emails and phone notes, with Decedent's family members and with any other person inquiring about his history or condition. | Objection. This request is overly broad, vague and ambiguous. Defendant would need additional information regarding which family members attempted contact and through what method to determine if record of such exists. If Plaintiff wants to provide Defendant with email addresses for those who emailed the Decedent or Defendant, Defendant can attempt to locate any documents based on that information. To the extent that those documents exist, Defendant would produce them subject to any HIPAA order or MPO should they contain sensitive information. | Plaintiff provided search terms in May but has not received any responsive documents. |
| 65 | All nonprivileged communications with any person not employed or formerly employed or contracted at the RMC concerning Plaintiff or Decedent. | Request is overly broad, vague, and not narrowed in scope for Defendant to determine what is considered responsive. Plaintiff needs to provide an email address, and search terms, time frame. | Plaintiff provided temporal scope and search terms/parameters in May but has not received any responsive communications. |
| 80-83, 85-88, 90-91 | *See* Ex. 9; *see also* FDC's Responses to Plaintiff's Third Requests for Production, attached as **Exhibit 14**. | Objection. This request is outside the scope of admissible evidence and is immaterial to the Plaintiff's allegations. The request is vague and ambiguous and Defendant will be moving under separate cover for protective order from having to respond to this type of discovery. | FDC waived its objections by failing to timely respond. Further, the objections that documents and materials specifically identified in prior discovery materials are not relevant is baseless. FDC agreed to provide better responses. |

| No. | Request | Response | Reasons to Compel |
|---|---|---|---|
| 89 | All communications concerning the determination to sustain or decline any violations of Rule 33-208-002 against any of the individuals identified in the IG reports concerning Ridley. | Objection. The scope of this request is overly broad. Defendant will agree to produce, should it exist, items limited in scope to the applicability of the ADA. | FDC has waived this objection by failing to timely respond to discovery. Further, Rule 26(b)(1) permits discovery of admissible evidence relevant to "any party's" claim, meaning that discovery outside of Plaintiff's ADA claim is appropriate. |
| 94 | All correspondence relating to or generated in connection with the mortality review concerning Ridley. | Defendant has requested such information and to the extent that it exists it will be produced upon receipt subject to any necessary redactions. Should there be an issue with the redacted portions, Defendant will conference with Plaintiff's counsel regarding any specific concerns and determine if the current confidentiality orders and protective orders need to be amended by the Court to include the documents requested.<br><br>Additionally, this request may be covered by a previous request by Plaintiff's counsel regarding communications relating to this case. Defendant requests that Plaintiff provide additional search terms while Defendant reviews the voluminous emails previously requested that are to be produced under separate cover in response to previous requests. | No such responsive records have been produced. |

## III.   SPECIFIC INTERROGATORIES

As referenced in Section I above, FDC agreed to provide better responses to each of the interrogatories propounded in Plaintiff's Second Set of Discovery Requests (Interrogatory Nos. 9-15), as well as Interrogatory No. 5 in Plaintiff's First Set of Discovery Requests. Because FDC has waived its objections to the second set (and agreed to provide better answers) and has agreed to provide a better answer to Interrogatory No. 5, the Court should compel it to do so.

## IV.   ARGUMENT

Courts are imbued with "broad discretion" under Rule 26 to compel or deny discovery. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011). Rule 26(b), which sets out the scope of discovery, states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). And "[t]he Federal Rules of Civil Procedures strongly favor full discovery whenever possible." *Farnsworth v. Proctor & Gamble*, 758 F.2d 1545, 1547 (11th Cir. 1985). "[A] motion to compel discovery is committed to the discretion of the trial court[.]" *Com. Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984).

14

Under the Federal Rules of Civil Procedure, a party may serve on any other party a request to produce and permit the requesting party to inspect, copy, test, or sample "any designated documents or electronically stored information." Fed. R. Civ. P. 34(a)(1)(A). A party resisting discovery has the burden to show that the requested discovery is not relevant to the issues or is otherwise objectionable. *See Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.*, No. 01-0392-CIV, 2001 WL 34079319, at *2 (S.D. Fla. Nov. 1, 2001).

FDC has agreed to provide better responses to Plaintiff's Second Set of Discovery Requests, Interrogatory No. 5, provide unredacted reports, communications, all videos and audio, and blueprints. Despite agreeing to do so, it simply has not or will not without Court intervention.

Accordingly, the Court should enter an order compelling FDC to provide responsive documents and better responses and answers within a date certain. Any further delay will prejudice Plaintiff in completing discovery. There is no excuse for the delay and Plaintiff cannot continue to accommodate FDC indefinitely in the face of a close of discovery and dozens of witnesses to depose in this case.

## V.    REQUEST FOR REASONABLE EXPENSES

Pursuant to Rule 37(a)(5), should the Court grant this motion, Plaintiff requests an award of its reasonable expenses, including attorney's fees. The Court possesses broad power to "impose sanctions on uncooperative

15

litigants." *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993); *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993); *In re Chase & Sanborn Corp.*, 872 F.2d 397, 400 (11th Cir. 1989). Rule 37 sanctions are intended to (1) compensate the court and parties for the added expenses caused by discovery abuses, (2) compel discovery, (3) deter others from engaging in similar conduct, and (4) penalize the offending party or attorney. *Wouters v. Martin Cty.*, 9 F.3d 924, 933 (11th Cir. 1993); *Carlucci v. Piper Aircraft Corp., Inc.*, 775 F.2d 1440, 1453 (11th Cir. 1985). The Eleventh Amendment does not immunize FDC from the imposition of sanctions. *Survivor v. Our Kids of Miami-Dade/Monroe, Inc.*, No. 11-CIV-24611, 2016 WL 950952, at *8 (S.D. Fla. Mar. 7, 2016).

Given that FDC has the ability to turn over many of the requested documents *now* and has no excuse other than delay in not further producing responsive documents, the Court should exercise its discretion to award fees because there is no: good-faith reason for the delay; substantial justification for the delay; and—unless FDC or its counsel can state otherwise—other circumstance that would make an award unjust. *See* Fed. R. Civ. P. 37(a)(5)(A). Upon the Court's request, Plaintiff's counsel can and will provide timekeeping records.

## VI.   CONCLUSION

Plaintiff respectfully requests that the Court: (1) grant this motion; (2) require FDC to produce all documents and materials responsive to Requests Nos. 1-2, 8, 11, 23, 26, 37, 45, 47, 65, 80-83, 85-91, 94 by a date certain, with rolling production until such date; (3) require FDC to reproduce in unredacted form—except for personal identifiers—all reports and attachments and video files; (4) require FDC to provide evidence of the size, nature, and quantity of video provided to FDLE given the damning discrepancy between data FDLE possesses and the files FDC turned over; (5) require FDC to provide better answers to Interrogatories Nos. 5, and 9-15; and (6) award reasonable expenses under Rule 37(a)(5).

Dated: October 6, 2023.                     Respectfully submitted,

                                            */s/ James M. Slater*
                                            James M. Slater (FBN 111779)
                                            SLATER LEGAL PLLC
                                            113 S. Monroe Street
                                            Tallahassee, Florida 32301
                                            james@slater.legal
                                            Tel. (305) 523-9023

                                            */s/ James V. Cook*
                                            James V. Cook (FBN 966843)
                                            LAW OFFICE OF JAMES COOK
                                            314 W. Jefferson Street
                                            Tallahassee, Florida 32301
                                            cookjv@gmail.com
                                            Tel. (850) 222-8080

                                            *Attorneys for Plaintiff*

**Certificate of Service**

I hereby certify that on October 6, 2023, I electronically filed this document with the Clerk by using the CM/ECF system, which will serve a copy on all counsel of record. Separately, a copy will be transmitted by email to Corey Kildow, counsel for FDC, who has not filed an appearance in this matter.

By: */s/ James M. Slater*
James M. Slater

**Certificate of Good Faith Conference**

I hereby certify that on October 3, 2023, I conferred by email with counsel who has taken over this matter for FDC, Corey Kildow, but who has not filed an appearance in this case. She indicated that she would like to avoid this motion and asked for a 30-day extension to "follow up with the client on the status of these items." Given the failure to turn over any records or better responses that were promised over the last months, and that Ms. Kildow was aware that FDC had agreed to provide the first tranche of emails by September 22 and better answers by October 3, *see* Ex. 12, Plaintiff cannot further delay in seeking Court intervention.

By: */s/ James M. Slater*
James M. Slater