| | |
|---|---|
| **From:** | Sam D. Smart <SSmart@insurancedefense.net> |
| **Sent:** | Tuesday, December 20, 2022 10:03 AM |
| **To:** | 'James M. Slater' |
| **Cc:** | James Cook; Caroline Everill |
| **Subject:** | RE: 3:21-cv-01026-MMH-MCR - Second Request for Initial Disclosures / Meet & Confer |

James – I spoke with my client – sorry it took me a beat to get back to you, we are agreeable to that timeline.

**Sam D. Smart**
**Junior Partner**

301 West Bay Street
Suite 1010
Jacksonville, FL 32202
Phone: 904-791-9191
Direct: 904-400-7732
Fax:     904-791-9196



E-Mail / Website / Offices / CV

**CONFIDENTIALITY NOTICE** : The information contained in this e-mail is intended only for the confidential use of the recipient(s) named above. This message and its attachments are attorney-client privileged communications, work product and mental impressions of the above sender. If the reader of this message is not the intended recipient or if you have received this communication in error, you are hereby notified that you have received this in error, that you should destroy it, notify us at once and any review, dissemination or copying is strictly prohibited.

**From:** James M. Slater <james@slater.legal>
**Sent:** Thursday, December 15, 2022 9:17 AM
**To:** Sam D. Smart <SSmart@insurancedefense.net>
**Cc:** James Cook <cookjv@gmail.com>; Caroline Everill <CEverill@insurancedefense.net>
**Subject:** Re: 3:21-cv-01026-MMH-MCR - Second Request for Initial Disclosures / Meet & Confer

Sam,


Not to get into the weeds, but I think we can agree just by looking at the evidence FDLE uncovered that this is a sprawling case and the requests are reasonable for this case. There may be a lot of RFAs, but their goal is to cut down on disputed facts to narrow the issues, and many of them relate to the same concepts -- such as whether Mr. Ridley ate or drank while in confinement. We also specifically asked the Court for a later discovery cutoff

than what was proposed in our first draft of CMR based on requests by defense counsel at the planning conference for additional time.

We can agree to an additional 48 days, through 2/24/23, for your written responses to our discovery requests. We would expect production of whatever is ready by that date with production to conclude by no later than 3/17/23. Let us know if you agree.

Thanks,

James

**James Slater**

Slater Legal PLLC

113 S. Monroe Street

Tallahassee, FL 32301

Tel. 305-523-9023

slater.legal

On Tue, Dec 13, 2022 at 7:20 PM Sam D. Smart <SSmart@insurancedefense.net> wrote:

> When I agreed to that discovery timeline I didn't expect you'd serve 300+ requests - I think we can agree it's excessive. I'd I had known you would serve such voluminous requests I would have never agreed to the timeframe.
>
> I've started to gather what I can but will likely need at least an additional 60 days from the deadline, considering a large portion of the 30 day deadline falls during the holidays, to prepare adequate responses and gather all the docs. I think that would put my extension to March - but I am still working with my client to see what timeframe they need so I'm being liberal in my request for extension in the event that they need the time.
>
> I don't need to argue the merits of motions with you via email - it's for the court to decide.
>
> Kindest Regards,

Sam Smart, Esq.
P: 904-791-9191

Sent from my iPhone. Forgive the brevity, the typos, and the lack of nuance.

> On Dec 13, 2022, at 7:07 PM, James M. Slater <james@slater.legal> wrote:
>
> Sam,
>
> We can talk about a possible extension of time to respond to discovery and rolling production time tables, but we will not agree to a stay for several reasons.
>
> First, despite knowing you were going to move to dismiss you agreed to a planning conference and the filing of a case management report. We have a trial date and discovery cutoff; we do not intend to delay trial and we are not in agreement to move the schedule or abate it. And if you had an issue with discovery you should have raised it at the planning conference.
>
> Second, we have responded to your motion to dismiss and I think you will agree that your arguments are unavailing. The Court already determined that your statute of limitations arguments were premature and you rely on the wrong standard to argue that the ADA claim is infirm. Given that your motion is not case dispositive based on prior rulings of the Court and the correct application of the law, any motion to stay would not be well-founded or made in good faith, in our view.
>
> Let us know what you propose, so that we can endeavor to reach an agreement on timing.
>
> Best,
> James
>
>
> **James Slater**
>
> Slater Legal PLLC
>
> 113 S. Monroe Street
>
> Tallahassee, FL 32301
>
> Tel. 305-523-9023
>
> slater.legal

On Tue, Dec 13, 2022 at 5:04 PM Sam D. Smart <SSmart@insurancedefense.net> wrote:

I just emailed my IT people about not getting your email and they all just pushed through – I actually never received the response to me about the dismissal they told me the emails were blocked due to the senders country being France & Finland – a whole bunch of your emails just came through, actually didn't receive the discovery either Dean had notified me to it but that email also came through

IT white listed your email so I should have this issue anymore.

I am getting with my client regarding your discovery requests – my initial reaction is to see if we want to stay all discovery until the court rules on the dispositive motions.

If you're not agreeable then I would need an extensive extension to review the voluminous discovery and prepare adequate responses.

**Sam D. Smart**
**Junior Partner**

301 West Bay Street
Suite 1010
Jacksonville, FL 32202
Phone: 904-791-9191
Direct: 904-400-7732
Fax:    904-791-9196

<image001.jpg>

E-Mail / Website / Offices / CV

**CONFIDENTIALITY NOTICE** : The information contained in this e-mail is intended only for the confidential use of the recipient(s) named above. This message and its attachments are attorney-client privileged communications, work product and mental impressions of the above sender. If the reader of this message is not the intended recipient or if you have received this communication in error, you are hereby notified that you have received this in error, that you should destroy it, notify us at once and any review, dissemination or copying is strictly prohibited.

**From:** James M. Slater <james@slater.legal>
**Sent:** Tuesday, December 13, 2022 11:03 AM
**To:** Sam D. Smart <SSmart@insurancedefense.net>
**Cc:** James Cook <cookjv@gmail.com>; Caroline Everill <CEverill@insurancedefense.net>
**Subject:** Re: 3:21-cv-01026-MMH-MCR - Second Request for Initial Disclosures / Meet & Confer