UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JATOON MOSS as Personal Representative for the
ESTATE OF CRAIG RIDLEY, on behalf of the
Estate and Survivors Jatoon Moss and Gary
Ridley,

Plaintiff,

v.                                                                               Case No. 3:21-cv-1026

RICKY DIXON, as Secretary of the Florida
Department of Corrections and ROBERT E.
SMITH, JR.; WILLIAM JEFFREY JERRELS;
JOHN E. NETTLES; JACOB ANDERSON;
DANIEL KLEIN; JASON LIVINGSTON; JOHN
NYITRAY; AARON LEWIS; JON EBERLEIN;
STEVEN POTOSKY; DANIEL GREENE; ROY
HARDEN; ROYCE GIVENS; RICHARD
FLYNN; LONNIE UNDERWOOD; AMANDA
COREY; STEPHANIE WINNINGHAM; JEAN
DURE; in their individual capacities,

Defendants.

## DEFENDANT'S RESPONSE TO PLAINTIFF'S DOCUMENT REQUESTS

COMES NOW the Defendant Ricky Dixon as the secretary of the Florida Department of Corrections (Defendant), hereby responds to Plaintiff's Document Request and states the following:

1. All communications in your possession, custody, or control relating to the matter sued upon between you and any witness listed in your Rule 26(a)(1)(A)(i) disclosures.

**RESPONSE: OBJECTION. This request seeks information protected by work-product privilege and attorney client privilege. Additionally, the response to this request could contain confidential information, or protected health information. Would produce subject to an agreed confidentiality order or ruling on Motion for Protective Order.**

2. All records, including electronically stored information, in your possession, custody, or control, that you may use to dispute Plaintiff's claims or support your defenses.

**RESPONSE: OBJECTION. This request seeks information protected by work-product privilege and attorney client privilege. Additionally, the response to this request could contain confidential information, or protected health information. Would produce subject to an agreed confidentiality order or ruling on Motion for Protective Order.**

3. All records listed in your Rule 26(a)(1)(A)(ii) disclosures.

**RESPONSE: OBJECTION. This request seeks information protected by work-product privilege and attorney client privilege. Additionally, the response to this request could contain confidential information, or protected health information. Would produce subject to an agreed confidentiality order or ruling on Motion for Protective Order.**

4. All public records requests made by you or on your behalf relating to Plaintiff, Decedent, or the facts in the Complaint, and all responses made by the person or entity from whom the records were requested.

**RESPONSE: None.**

5. All incident and investigation reports and appendices relating to any formal or informal grievances or appeals by Decedent from January 1, 2017 to present.

**RESPONSE: Produced. Please see administrative appeals documents and informal grievances produced.**

6. All video and audio recordings and photos relating to any formal or informal grievances or appeals by Decedent from January 1, 2017 to present.

**RESPONSE: OBJECTION. The response to this request could contain confidential information, or protected health information. Would produce subject to an agreed confidentiality order or ruling on Motion for Protective Order.**

7. Any transcripts of audio or video recordings relating to any formal or informal grievances or appeals by Decedent from January 1, 2017 to present.

**RESPONSE: OBJECTION. The response to this request could contain confidential information, or protected health information. Would produce subject to an agreed confidentiality order or ruling on Motion for Protective Order.**

8. All incident reports, investigation reports, or communications relating to any grievances or complaints against the individual defendants in this case.

**RESPONSE: OBJECTION. The response to this request could contain confidential information, or protected health information. Would produce subject to an agreed confidentiality order or ruling on Motion for Protective Order.**

**Communications are in individual classifications files, so Defendant further objections as this request is overly burdensome, overly board, vague and ambiguous. Plaintiff would need to narrow down the scope of the reports being requested. The scope of this request is so broad that is request information that is irrelevant and immaterial. Plaintiff would also need to be limited to place, as this request is not even limited to RMC.**

9. Decedent's complete classification files, including his DC-14.

**RESPONSE: Defendant will produce the decedent's DC-14. However, in regards to the whole classification file Defendant objections as the response to this request could confidential information, or protected health information. Would produce subject to an agreed confidentiality order or ruling on Motion for Protective Order.**

10. All of Decedent's DC4-701C and DC4-708 forms.

**RESPONSE: OBJECTION. The response to this request could contain confidential information, or protected health information. Would produce subject to an agreed confidentiality order or ruling on Motion for Protective Order.**

11. All communications and documents concerning Decedent's DC4-701C and DC4-708 forms.

**RESPONSE: OBJECTION. The response to this request could contain confidential information, or protected health information. Would produce subject to an agreed confidentiality order or ruling on Motion for Protective Order.**

12. All documents relied upon in creating Decedent's DC4-701C forms.

**RESPONSE: OBJECTION. The response to this request could contain confidential information, or protected health information. Would produce subject to an agreed confidentiality order or ruling on Motion for Protective Order.**

13. All of Decedent's DC4-706 forms.

**RESPONSE: OBJECTION. The response to this request could contain confidential information, or protected health information. Would produce subject to an agreed confidentiality order or ruling on Motion for Protective Order.**

14. All communications and documents concerning Decedent's DC4-706 forms.

**RESPONSE: OBJECTION. The response to this request could contain confidential information, or protected health information. Would produce subject to an agreed confidentiality order or ruling on Motion for Protective Order.**

15. All documents relied upon in creating Decedent's DC4-706 forms.

**RESPONSE: OBJECTION. The response to this request could contain confidential information, or protected health information. Would produce subject to an agreed confidentiality order or ruling on Motion for Protective Order.**

16. All of Decedent's DC4-706 forms.

**RESPONSE: OBJECTION.** The response to this request could contain confidential information, or protected health information. Would produce subject to an agreed confidentiality order or ruling on Motion for Protective Order.

17. All communications and documents concerning Decedent's DC4-706 forms.

**RESPONSE: OBJECTION.** The response to this request could contain confidential information, or protected health information. Would produce subject to an agreed confidentiality order or ruling on Motion for Protective Order.

18. All documents relied upon in creating Decedent's DC4-706 forms.

**RESPONSE: OBJECTION.** The response to this request could contain confidential information, or protected health information. Would produce subject to an agreed confidentiality order or ruling on Motion for Protective Order.

19. All of Decedent's DC4-683DD forms.

**RESPONSE: OBJECTION.** The response to this request could contain confidential information, or protected health information. Would produce subject to an agreed confidentiality order or ruling on Motion for Protective Order.

20. All communications and documents concerning Decedent's DC4-683DD forms.

**RESPONSE: OBJECTION.** The response to this request could contain confidential information, or protected health information. Would produce subject to an agreed confidentiality order or ruling on Motion for Protective Order.

21. All documents relied upon in creating Decedent's DC4-683DD forms.

**RESPONSE: OBJECTION.** The response to this request could contain confidential information, or protected health information. Would produce subject to an agreed confidentiality order or ruling on Motion for Protective Order.

22. All of Decedent's DC6-221 forms.

**RESPONSE: OBJECTION.** The response to this request could contain confidential information, or protected health information. Would produce subject to an agreed confidentiality order or ruling on Motion for Protective Order.

23. All communications and documents concerning Decedent's DC6-221 forms.

**RESPONSE: Please see what is being produced in regards to this form.**

24. All documents relied upon in creating Decedent's DC6-221 forms.

**RESPONSE: Please see what is being produced in regards to this form.**

25. All of Decedent's DC6-229 forms.

**RESPONSE: OBJECTION. The response to this request could contain confidential information, or protected health information. Would produce subject to an agreed confidentiality order or ruling on Motion for Protective Order.**

26. All communications and documents concerning Decedent's DC6-229 forms.

**RESPONSE: OBJECTION. The response to this request could contain confidential information, or protected health information. Would produce subject to an agreed confidentiality order or ruling on Motion for Protective Order.**

27. All documents relied upon in creating Decedent's DC6-229 forms.

**RESPONSE: OBJECTION. The response to this request could contain confidential information, or protected health information. Would produce subject to an agreed confidentiality order or ruling on Motion for Protective Order.**

28. All of Decedent's Medication Administration Record (MAR) forms.

**RESPONSE: OBJECTION. The response to this request could contain confidential information, or protected health information. Would produce subject to an agreed confidentiality order or ruling on Motion for Protective Order.**

29. All grievance logs showing Decedent's grievances from January 1, 2017 to present.

**RESPONSE: This request seeks information already produced in the Decedent's classification file.**

30. All of Decedent's medical and mental health records from January 1, 2017 to present.

**RESPONSE: OBJECTION. The response to this request could contain confidential information, or protected health information. Would produce subject to an agreed confidentiality order or ruling on Motion for Protective Order.**

31. All personnel records or the individual defendants, including applications and employee evaluations and records relating to or concerning complaints, disciplinary and corrective actions taken against any of the individual defendants.

**RESPONSE: OBJECTION. The response to this request could contain confidential information, or protected health information. Would produce subject to an agreed confidentiality order or ruling on Motion for Protective Order.**

32. All training records for the individual defendants containing the course name, hours, instructors, etc.

**RESPONSE: Defendant will produce.**

33. For each record produced in response to Request No. 32 above, all related or accompanying materials, including without limitation lesson plans, instructor guides, training videos, PowerPoint presentations.

**RESPONSE: OBJECTION: This is overly burdensome, not lead to discovery of admissible evidence**

**We need a time frame and specific courses and to the extent they exist we will make efforts to produce. To the extent the documents could contain confidential material it will need to be subject to an MPO or agreed confidentiality order.**

34. All records relating to the facts in the Complaint that have been otherwise provided to you whether based on public records requests or not.

**RESPONSE: None other than what has already been produced.**

35. All records, exhibits, graphs, displays, charts, computer printouts, recordings and photographs which you may use at any stage of this proceeding (noting the continuing duty to produce).

**RESPONSE: None at this time that hasn't already been produced**

36. All documents, including without limitation any models, plats, maps, drawings, photos, film, audio or video recordings, transcripts, correspondence, memos, journals, logs, notebooks, notes, investigative reports, communications, notes, letters, text messages, direct messages, SMS messages, internet or social media posts, and e-mails, not privileged, relating to any of the facts identified in the Complaint.

**RESPONSE: None at this time that hasn't already been produced**

37. All records, including models, plats, maps, drawings, photos, film, audio or video recordings, transcripts, correspondence, memos, journals, logs, notebooks, notes, investigative reports, and communications, including e-mails, relating to a fact or issue in this controversy, including, without limitation, all video recordings from all fixed wing-cameras in the RMC kitchen and laundry room for September 8, 2017.

**RESPONSE: We will produce the video and audio, the other items requested we would object to producing as overly broad, vague, and ambiguous, and irrelevant and immaterial.**

38. All communications with any of the individual defendants in this lawsuit or Centurion relating to the matter sued upon or facts identified in the Complaint, including texts and emails.

6

**RESPONSE: OBJECTION. This request seeks information protected by work-product privilege and attorney client privilege. Additionally, the response to this request could contain confidential information and/ or protected health information.**

39. All communications with any of the individual defendants in this lawsuit or Centurion related to Decedent that were made, whether orally or in writing, from January 1, 2017 through present, including texts and emails.

**RESPONSE: RESPONSE: OBJECTION. This request seeks information protected by work-product privilege and attorney client privilege. Additionally, the response to this request could contain confidential information, or protected health information.**

40. All communications, including emails and phone notes, with staff at Memorial Hospital (Jacksonville) relating to Decedent's medical condition(s) and history.

**RESPONSE: Not in this Defendant's possession or control, unless otherwise included and provided in the Decedent's medical file already produced subject to an HIPAA order.**

41. All communications, including emails and phone notes, with staff at Memorial Hospital (Jacksonville) relating to any force used on Decedent.

**RESPONSE: Not in this Defendant's possession or control, unless otherwise included and provided in the Decedent's medical file already produced subject to an HIPAA order.**

42. All communications, including emails and phone notes, with staff at Memorial Hospital (Jacksonville) relating to Decedent's care and nutrition at RMC.

**RESPONSE: Not in this Defendant's possession or control, unless otherwise included and provided in the Decedent's medical file already produced subject to an HIPAA order.**

43. Any and all records FDC or its staff provided to Memorial Hospital (Jacksonville) concerning or related to Decedent.

**RESPONSE: Not in this Defendant's possession or control, unless otherwise included and provided in the Decedent's medical file already produced subject to an HIPAA order.**

44. Any and all records Centurion or its staff provided to Memorial Hospital (Jacksonville) concerning or related to Decedent.

**RESPONSE: Not in this Defendant's possession or control, unless otherwise included and provided in the Decedent's medical file already produced subject to an HIPAA order.**

45. All communications, including emails and phone notes, with Decedent's family members and with any other person inquiring about his history or condition.

**RESPONSE: OBJECTION. This request is overly broad, vague and ambiguous. Defendant would need additional information regarding which family members attempted contact and through what method to determine if record of such exists. If Plaintiff wants to provide Defendant with email addresses for those who emailed the Decedent or Defendant, Defendant can attempt to locate any documents based on that information. To the extent that those documents exist, Defendant would produce them subject to any HIPAA order or MPO should they contain sensitive information.**

46.     All communications, including emails and phone notes, with Decedent's family members.

**RESPONSE: OBJECTION. This request is overly broad, vague and ambiguous. Defendant would need additional information regarding which family members attempted contact and through what method to determine if record of such exists. If Plaintiff wants to provide Defendant with email addresses for those who emailed the Decedent or Defendant, Defendant can attempt to locate any documents based on that information. To the extent that those documents exist, Defendant would produce them subject to any HIPAA order or MPO should they contain sensitive information.**

47.     All photographs or video or audio recordings relating to the matter sued upon or any other facts identified in the Complaint, including clips or photos taken by or downloaded to cell phones or other devices.

**RESPONSE: OBJECTION. The response to this request could contain confidential information, or protected health information. Would produce subject to an agreed confidentiality order or ruling on Motion for Protective Order.**

48.     Your Policies in effect in 2017 concerning Americans with Disabilities Act of 1990 (ADA) compliance and disability accommodation.

**RESPONSE: Defendant is attempting to locate the Health services bulletin, to the extent it exists it will be produced upon receipt.**

49.     Your Policies in effect in 2017 concerning treatment and care for inmates suffering from paralysis or quadriplegia.

**RESPONSE: Defendant is attempting to locate the Health services bulletin, to the extent it exists it will be produced upon receipt.**

50.     Your Policies in effect in 2017 concerning use of force protocols.

**RESPONSE: This information codified in Rule 33-602.210 which is publically available to Plaintiff to view.**

51.     All records or documents supporting any responses to Plaintiff's Requests for Admissions directed to you where the statement is not unequivocally admitted.

**RESPONSE: Defendant has produced what it is going to produce.**

52.     All records or documents not privileged that you created as a result of any events alleged or identified in the Complaint, including but not limited to, letters, memos, logs, forms, reports, and transcripts.

**RESPONSE: Defendant has produced what it is going to produce.**

53.     Training lesson materials, including videos and links to online materials, relating to providing inmates access to medical care and, as to disabled inmates, access to reasonable accommodations.

**RESPONSE: Defendant is attempting to locate as it is part of ADA training – we will produce for 2017 to the extent exists.**

54.     Policy records relating to providing inmates access to medical care and, as to disabled inmates, access to reasonable accommodations.

**RESPONSE: Defendant is attempting to locate as it is part of ADA training – we will produce for 2017 to the extent exists.**

55.     Post orders applicable to the individual defendants.

**RESPONSE: OBJECTION. This request seeks confidential documents, that covers over 800 different things or jobs. Defendant needs Plaintiff to be more specific, a time frame needs to be narrowed to 9/1/17 – 9/9/17 . Any production, should it exist would need to be subject to a confidentiality order or ruling on Motion for Protective Order.**

56.     Duty rosters at the RMC for all shifts from September 1, 2017 through September 15, 2017.

**RESPONSE: Defendant would need Plaintiff to narrow this request to specific area of RMC and unit. Any production, should it exist would need to be subject to a confidentiality order or ruling on Motion for Protective Order.**

57.     Dormitory Logs, including without limitation escort logs and any other dormitory logs maintained.

**RESPONSE: OBJECTION. This request is overly broad, vague, ambiguous – Plaintiff would need to further narrow down the scope and time frame. Any production, should it exist would need to be subject to a confidentiality order or ruling on Motion for Protective Order.**

58.     Roster of all inmates working in the RMC-West Unit kitchen the morning of September 8, 2017.

**RESPONSE: Defendant is attempting to determine if the fulfillment of this request is possible, should it be it will be produced upon receipt.**

59.     Dormitory logs for Decedent's dormitory (K-Dorm) for September 1, 2017 through Septemb 15, 2017.

**RESPONSE: OBJECTION. The response to this request could contain confidential information, or protected health information. Would produce subject to an agreed confidentiality order or ruling on Motion for Protective Order.**

60. Any and all reports FDC made concerning Decedent's condition from September 1, 2017 through October 31, 2017.

**RESPONSE: The items requested have been produced in other responses. Any production, should it exist would need to be subject to a confidentiality order or ruling on Motion for Protective Order.**

61. All documents related to use of force at RMC between January 1, 2017 to January 1, 2018.

**RESPONSE: OBJECTION. Overly broad, vague, ambiguous. Irrelevant, and immaterial.**

62. All photographs of Decedent's injuries on or about September 8, 2017.

**RESPONSE: Produced in documents responsive to various requests above. Any production, would need to be subject to a HIPAA order, confidentiality order, or ruling on Motion for Protective Order.**

63. All photographs of Decedent taken from January 1, 2017 to October 31, 2017.

**RESPONSE: Produced in documents responsive to various requests above. Any production, would need to be subject to a HIPAA order, confidentiality order, or ruling on Motion for Protective Order.**

64. All incident reports and investigation reports concerning Decedent.

**RESPONSE: Produced in documents responsive to various requests above. Any production, would need to be subject to a HIPAA order, confidentiality order, or ruling on Motion for Protective Order.**

65. All nonprivileged communications with any person not employed or formerly employed or contracted at the RMC concerning Plaintiff or Decedent.

**RESPONSE: OBJECTION. Request is overly broad, vague, and not narrowed in scope for Defendant to determine what is considered responsive. Plaintiff needs to provide an email address, and search terms, time frame.**

66. All documents and communications between January 1, 2017 to present between or among your personnel at RMC, Centurion, and any other person relating disability review or assessment after a use of force event.

**RESPONSE: OBJECTION. Overly broad, vague, ambiguous, and Plaintiff is not entitled to any persons confidential and personal information. This request is irrelevant and immaterial in regards to other inmates PHI.**

67. Documents sufficient to show the following with respect to each prisoner diagnosed full or partial paralysis from January 1, 2015 to present: (a) the identity of the patient suffering from full or partial paralysis; (b) the date of diagnosis; (c) the course of treatment of for full or partial paralysis; and (d) all medical personnel involved in the treatment of the same.

**RESPONSE: OBJECTION. Overly broad, vague, ambiguous, and Plaintiff is not entitled to any persons confidential and personal information. This request is irrelevant and immaterial in regards to other inmates PHI.**

68. All documents or communications with Centurion concerning ADA inmate mobility needs.

**RESPONSE: OBJECTION. Overly broad, vague, ambiguous, and Plaintiff is not entitled to any persons confidential and personal information. This request is irrelevant and immaterial in regards to other inmates PHI.**

69. All documents and communications with the Centurion concerning any changes to policy or practice for ADA inmates concerning, relating to, arising from, or in connection with the death of Decedent.

**RESPONSE: None**

70. All communications relating to Plaintiff's informal and formal grievances and appeals from January 1, 2020 to present.

**RESPONSE: OBJECTION. This request is overly broad, also after Decedent's death, grievances and appeals had been decided. Any other communications would be subject to work-product and attorney-client privilege.**

71. All communications with ADA coordinators or personnel staffed by you or your contractors or agents concerning or relating to Decedent.

**RESPONSE: None.**

72. All documents generated or relied upon by ADA coordinators in completing any DC4-706 forms for Decedent.

**RESPONSE: None, not done by ADA coordinators.**

73. All documents relating to any assessments or determinations taken concerning Decedent in connection with the specific procedures outlined in Procedure 403.011.

**RESPONSE: None, not done by ADA coordinators.**

11

74. All documents relied upon in making any determinations or assessments regarding ADA accommodations or compliance with Procedure 403.011.

**RESPONSE: OBJECTION. This request is overly broad and does not specify as to any one person, therefore it is irrelevant and immaterial and seeks any persons PHI. Subject to and without waiving the foregoing objection. None.**

75. Your Policies concerning the specific procedures outlined in Procedure 403.011.

**RESPONSE: Produced in documents responsive to various requests above. Any production, would need to be subject to a HIPAA order, confidentiality order, or ruling on Motion for Protective Order.**

76. Your Policies concerning the staff compliance with Rule 33-602.210, F.A.C.

**RESPONSE: Defendant has responded to this request above.**

77. All records created in compliance with Rule 33-602.210, F.A.C.

**RESPONSE: OBJECTION. This request is overly broad, vague, ambiguous, and is not limited in time or scope.**

78. A privilege log that includes (1) the date of the record withheld, (2) the author, (3) the nature of the record, (4) the subject matter, (5) all recipients, and (6) the privilege asserted. It should include enough information to allow the requesting party to challenge the privilege.

**RESPONSE: NO PRIVILEGED ASSERTED WITHOUT CONTEMPORANEOUS OBJECTION.**

79. A disposition of records form for any responsive documents that were destroyed.

**RESPONSE: None, however should Defendant need to amend their response, the requested document will be provided.**

**ANSWER: OBJECTION. This request is irrelevant and immaterial. Further, this request is overly broad, vague and ambiguous. It is a clear fishing expedition that has no nexus to the cause of action brought by the Plaintiff against this Defendant.**

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the Clerk of Courts and al counsel of record via the CM ECF system, this 24th day of February, 2023.

LUKS, SANTANIELLO, PETRILLO, COHEN & PETERFRIEND
Attorneys for Defendant
301 W BAY STREET
SUITE 1010
JACKSONVILLE, FL 32202
Telephone: (904) 791-9191
Facsimile: (904) 791-9196

By: /s/ *Sam D. Smart*
TODD T. SPRINGER
Florida Bar No.: 178410
Sam D. Smart
Florida Bar No.: 95951
ssmart@insurancedefense.net