UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JATOON MOSS as Personal Representative for the ESTATE OF CRAIG RIDLEY, on behalf of the Estate and Survivors Jatoon Moss and Gary Ridley,

Plaintiff,

v.                                    Case No. 3:21-cv-1026

RICKY DIXON, as Secretary of the Florida Department of Corrections and ROBERT E. SMITH, JR.; WILLIAM JEFFREY JERRELS; JOHN E. NETTLES; JACOB ANDERSON; DANIEL KLEIN; JASON LIVINGSTON; JOHN NYITRAY; AARON LEWIS; JON EBERLEIN; STEVEN POTOSKY; DANIEL GREENE; ROY HARDEN; ROYCE GIVENS; RICHARD FLYNN; LONNIE UNDERWOOD; AMANDA COREY; STEPHANIE WINNINGHAM; JEAN DURE; in their individual capacities,

Defendants.

## DEFENDANT'S ANSWERS TO PLAINTIFF'S INTERROGATORIES

COMES NOW the Defendant Ricky Dixon as the secretary of the Florida Department of Corrections (Defendant), hereby responds to Plaintiff's Interrogatories and states the following:

**Interrogatory No. 1**

Please state the name and title of each person who participated in responding to these Interrogatories and the Interrogatory number(s) they participated in responding to.

**ANSWER: The following individuals participated in responding to these Interrogatories on behalf of Defendant Dixon:**

**Douglas Sexton, Operations and Management Consultant, Interrogatories 2, 3, & 6
Christian Ce, Human Resources Consultants, Interrogatory 8**

**Interrogatory No. 2**

Please describe in detail and specifically identify the Policies for designating persons as being impaired for purposes of the Americans with Disabilities Act (ADA) and Rehabilitation Act (RA)

1

and determining the accommodations each such impaired inmate must receive. For each Policy described, please also identify (a) the persons (by job title) who are involved in the designation process, including the ADA coordinator and the liaison with the medical provider, (b) how RMC and FDC monitor and review the need for accommodations, and (c) the disciplinary process and penalties for violation of those Policies.

**ANSWER: Both Chapter 33-210.201, F.A.C., ADA Provisions for Inmates, and Procedure 604.101, ADA Provisions for Inmates, discuss in detail the process used to designate an inmate as being impaired under the provisions of the ADA. However, the actual determination of a disability or impairment is made by medical staff either at the inmate's initial reception or at the institution where he/she is assigned, based upon his/her record of an existing physical or mental impairment or clinical evaluation of the inmate. [emphasis added].**

**This procedure does not determine the accommodations each designated impaired inmate "must receive." Rather, impaired inmates request an accommodation or a modification to access programs, activities, or services in writing on DC2-530A. If these requests do not involve medical devices or equipment, the requests are received and evaluated by the institutional/regional ADA coordinators.**

**The ADA coordinators do not "liaise" with medical staff, nor do they have any role whatever in designating any inmate as impaired. Further, FDC and the ADA coordinators do not "monitor and review the need for accommodations." Any need for non-medical accommodations or modifications are reviewed when inmates request them according to the relevant procedure.**

**There is no process for taking any "disciplinary action" against any FDC staff for an alleged violation of these policies and procedures. However, inmates who violate these procedures by making false or misleading claims to obtain an accommodation may be disciplined.**

**Interrogatory No. 3**

Please describe in detail and specifically identify the Policies for accommodating inmates who suffer (or claim to suffer) from full or partial paralysis including (a) any specific Policies for inmates who need access to bathroom and/or shower facilities, (b) any specific policies for access to wheelchairs or other mobility devices, (c) any specific Policies to ensure that inmates are receiving their meals, (d) any specific Policies to confirm that inmates are able to access their meals for consumption, and (e) the disciplinary process for violation of those Policies.

**ANSWER:  FDC does not have any medical or other policies for accommodating inmates who suffer (or claim to suffer) from full or partial paralysis. Rather, any accommodations for inmates who suffer (or claim to suffer) from full or partial paralysis are based solely on an individual medical assessment of each inmate with these issues. They are housed where they have accessible accommodations, including wheelchair accessible cells.**

**FDC has policies and procedures for inmates who are on a hunger strike but there is no specific policies regarding (d) above. In regards to disciplinary process that is determined on a case by case basis.**

2

**Interrogatory No. 4**

Please describe in detail and specifically identify the Policies for investigating, disciplining, and prosecuting FDC staff who violate Rule 33-602.210, F.A.C. or any similar rule or law prohibiting "cruel or inhuman treatment of an inmate." As to RMC, please also identify for the years 2015 to present the annual number of investigations, discipline, and prosecution.

**ANSWER: Objection. This interrogatory is not written in such a way that properly identifies any action for which there is any foundation in the instant Complaint. Further, FDC has no way to determine what sorts of activities, with or without inmates, constitutes "cruel or inhuman treatment of an inmate." FDC does state, however, that no such policies exist because no such activities as intimated exist.**

**Interrogatory No. 5**

Please describe in detail any investigations or corrective action you have undertaken against any of the individual defendants concerning or related to the death of Decedent.

**ANSWER: An investigation was completed by the IG as a result of Mr. Ridley's death.**

**Interrogatory No. 6**

For the years 2017 and 2018, please describe all steps, processes, determinations, and assessments you and your staff or contractors followed or undertook in complying with Procedure 403.011 titled "Inmate Assistants for Impaired Inmates" to determine what ADA accommodations Decedent required after the use of force in September 2017.

**ANSWER: None.**

**Interrogatory No. 7**

For the years 2015 through the present, please describe and identify all FDC investigations concerning the following: (1) officer Klan activity at RMC; (2) officer vigilante activity at RMC; and (3) officer gang activity at RMC. For each investigation described, please identify (a) the outcome of the investigation, (b) whether you generated any reports or memoranda, and (c) the substance of the report, memoranda, or outcome of the investigation.

**ANSWER: OBJECTION. This request is irrelevant and immaterial. Further, this request is overly broad, vague and ambiguous. It is a clear fishing expedition that has no nexus to the cause of action brought by the Plaintiff against this Defendant.**

**Interrogatory No. 8**

For the years 2015 through the present, please describe and identify all FDC investigations concerning allegations of "barbershop beatings" as uncovered by FDLE investigators into the death

of Decedent. For each investigation described, please identify (a) the outcome of the investigation, (b) whether you generated any reports or memoranda, and (c) the substance of the report, memoranda, or outcome of the investigation.

**ANSWER: OBJECTION. This request is irrelevant and immaterial. Further, this request is overly broad, vague and ambiguous. It is a clear fishing expedition that has no nexus to the cause of action brought by the Plaintiff against this Defendant.**

<u>**CERTIFICATE OF SERVICE**</u>

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the Clerk of Courts and al counsel of record via the CM ECF system, this 24th day of February, 2023.

LUKS, SANTANIELLO, PETRILLO, COHEN & PETERFRIEND<br>
Attorneys for Defendant<br>
301 W BAY STREET<br>
SUITE 1010<br>
JACKSONVILLE, FL 32202<br>
Telephone: (904) 791-9191<br>
Facsimile: (904) 791-9196<br>
<br>
By:    /s/ <i>Sam D. Smart</i><br>
TODD T. SPRINGER<br>
Florida Bar No.: 178410<br>
Sam D. Smart<br>
Florida Bar No.: 95951<br>
ssmart@insurancedefense.net