

April 18, 2023

Sam Smart                                                                                              *Via Electronic Mail Only*
Dean Johnson
Dave Chauncey
ssmart@insurancedefense.net
anthony.johnson@myfloridalegal.com
david.chauncey@adblegal.com

                **Re:**    *Moss v. Dixon et al.*, **Case No. 3:21-cv-1026-MMH-MCR**
                           **Discovery Deficiency Letter**

Dear Sam, Dean & Dave:

      We write to address a few matters with respect to your clients' respective discovery responses in this matter and FDC's production of documents. After reviewing this letter, please let us know when you are available to meet and confer next week to attempt to resolve these matters without Court intervention. This letter is not exhaustive of the issues relating to your clients' responses and production to Ms. Moss's initial discovery requests, and we anticipate covering additional ground during our meeting.

              **I.**    **FDC's Improper Redactions & Incomplete Production**

      As a threshold matter, FDC has provided a series of incomplete documents subject to heavy, inappropriate redactions. For example, the IG reports provided by FDC contain redactions for his cause of death, diagnoses, the identities of witnesses, emails referencing what the individual defendants told FDLE investigators, descriptions in MINS Incident Reports, information in activity and case summary reports, and most brazenly, entire pages in seriatim with entire redactions. Similarly, personnel records contain redactions in the narrative sections of investigations and use of force reports. Given that the Court has entered a Confidentiality Order and HQPO, the IG reports—and all other documents produced in this case—should be without redactions except for employee IDs, SSNs, DOBs, and employee addresses. We have agreed to these four exceptions in several other cases with FDC and do not

james@slater.legal        113 S. Monroe Street, Tallahassee, FL 32301        305.523.9023

believe it should be controversial. Please confirm that FDC will reproduce all documents provided without redaction subject to the four exceptions identified.

FDC has also not provided complete records. Below are some of the deficiencies we would like to address and areas for further conference:

- In response to Requests Nos. 1–3, 6–22, 25–28, 30–31, FDC stated that it would provide responsive documents after entry of an HQPO and/or Confidentiality Order, both of which are now in place. A review of the requests indicates that FDC has not fully produced all responsive documents subject to these requests. We anticipate FDC's immediate supplementation. We also ask that FDC provide its search terms and which custodians' records were searched to ensure complete production.

- In response to Requests Nos. 23 & 24, FDC noted that it would "see what is being produced in regard to this form." Please confirm that FDC has performed a diligent search for all documents relied on in generating Mr. Ridley's DC6-221s and searched for all communications relating to those forms. We have not received any such information, so to the extent it exists, please produce responsive documents. Otherwise, please confirm such documents do not exist.

- For Requests Nos. 33 & 37, we would like to confer to help narrow the scope of these requests.

- In response to Requests Nos. 40-44, FDC stated that "to the extent" it did not have documents related to Mr. Ridley's treatment at Memorial Hospital, it could not produce them because they are not in FDC's custody. That is not correct. When prisoners are treated at outside facilities, FDC is entitled to those medical records—whether by contract or custom. We anticipate that FDC will provide all documents in its *custody* and *control* regarding Mr. Ridley's care at Memorial Hospital, including any communications with hospital staff. Please confirm.

- For Requests Nos. 45 & 46, we will gather and separately provide information to assist FDC in completing a search for responsive documents.

- In response to Requests Nos. 48, 53 & 54, FDC stated that it would provide bulletins and ADA-related materials. Please provide those documents at your earliest convenience.

- For Requests Nos. 56 & 58, we have not received duty rosters or a roster of kitchen duties. Please provide those.

- For Requests Nos. 62 & 63, we have not received any photographs. Please confirm whether any photographs exist.

## II. FDC's Responses to Plaintiff's Interrogatories

We would also like to discuss FDC's *unverified*[1] interrogatory responses. Specifically, FDC has not completely responded to several interrogatories. For example, Interrogatory No. 2 calls for the identity of the persons involved in the ADA designation process, but no such persons are identified. Similarly, the response does not discuss ADA groups that meet on a regular basis or any corrective process for addressing an "obvious" disability when a prisoner cannot articulate the need for accommodation. Similarly, Interrogatory No. 3 asks for policies regarding access to facilities, etc., for prisoners suffering from paralysis; however, the interrogatory response does not point to ADA policies, including those mandated by court-monitoring regarding mobility accommodations for mobility impaired inmates, like those suffering from paralysis. Again, this response is not complete. We anticipate that FDC will supplement these responses, under oath.

## III. Nettles Defendants' Responses to Plaintiff's Discovery Requests

In response to Plaintiff's requests for production, the Nettles Defendants claimed not to have a single piece of discoverable information in their possession, custody, or control. Putting aside whether the defendants have *control* over their personnel files, please confirm that each of these defendants have searched all their paper and electronic files and devices and are stating that they do not have any responsive letters, emails, text messages, direct messages, private messages, or other documents or communications relating to Mr. Ridley or this lawsuit.

---

[1] We have not received *any* verified interrogatory responses. We anticipate that all defendants will immediately provide verified responses.

As for Nettles Defendants' interrogatory responses, they are improper in several respects. First, as for the policies they relied on, communications they had, witnesses identified, etc., in response to Interrogatories Nos. 8–12, Nettles Defendants cannot evade providing a response by merely pointing generally to FDC's or FDLE's documents. *In re 3M Combat Arms Earplug Prod. Liab. Litig.*, No. 3:19-MD-2885, 2020 WL 1821924, at *5 (N.D. Fla. Apr. 10, 2020) (collecting cases for the proposition that Rule 33(d) "generally requires an answering party to point to specific documents, by name or bates number"). To the extent Nettles Defendants are relying on statements made to IGO or FDLE, these interrogatories require more than pointing to those documents, particularly where Plaintiff cannot identify specifically what Nettles Defendants are referencing to determine whether those statements would fully encompass the breadth of what Plaintiff is requesting here. As for Nettles Defendants' understanding of policies, Plaintiff is asking just that—their understanding, not what the policies say. Please immediately supplement these responses, under oath. Further, Nettles Defendants do not provide information relating to their criminal history in response to Interrogatory No. 5. This is important, relevant information and the interrogatory should be answered. Please confirm Nettles Defendants will provide better answers to these interrogatories.

### IV.     Jerrels Defendants' Responses to Plaintiff's Discovery Requests

Jerrels Defendants lodge improper objections as to engaging in discovery without a Court order preventing full and complete discovery. To the extent Jerrels Defendants have not provided discovery based on their pending motion to stay discovery, Plaintiff requests that they withdraw those objections and confirm they are not withholding documents on that basis, including records responsive to Requests Nos. 31 & 32. If they are not withholding documents, please confirm that each defendant has completed a reasonable search of their devices, systems, and files for responsive records.

For Interrogatories Nos. 5, 8–12, Plaintiff requests that Jerrels Defendants supplement their responses and provide better answers for the reasons stated above. For Interrogatory No. 6, Plaintiff requests immediate supplementation because prior lawsuits can be relevant and Jerrels Defendants' statement that they will "provide more detailed information after the court rules upon the pending motions to dismiss" is not an appropriate objection. Jerrels Defendants should understand the

perils of maintaining this legally unsupported objection.

**\*\*\***

We look forward to speaking with you next week on these issues.

Sincerely,

Slater Legal PLLC

James Slater

Copies to: James V. Cook, via email