

May 12, 2023

Sam Smart                                                                     *Via Electronic Mail Only*
Dean Johnson
Dave Chauncey
ssmart@insurancedefense.net
anthony.johnson@myfloridalegal.com
david.chauncey@adblegal.com

        **Re:**    *Moss v. Dixon et al.*, **Case No. 3:21-cv-1026-MMH-MCR**
                    <u>**Meet and Confer Letter; Deposition Dates**</u>

Dear Sam, Dean & Dave:

      We want to memorialize our meet-and-confer call from May 2, 2023 and provide the information I referenced on the call. If you believe any of the information for your respective clients below is incorrect, please let me know.

      We also want to notice FDC for a 30(b)(6) deposition in June. We believe it would be most helpful for us to prepare the topics so that you can identify the deponents and determine availability. If you agree, we'll circulate a notice shortly.

### I.   <u>Individual Defendants</u>

      We are writing to confirm for the individuals that we've agreed to May 19 for supplementation of their interrogatories—with verification—as discussed in the deficiency letter and meet and confer (which clarified that an interrogatory identified in the letter did not pertain to all the individuals).

### II.   <u>FDC</u>

      We are also writing about FDC's production to memorialize what we discussed. Please confirm when we will begin receiving these additional documents as well as verified interrogatories. Items Nos. 9 & 10 below are additional items to discuss.

Moss v. Dixon
Discovery Letter
Page **2** of **3**

---

    1.    FDC agreed to reproduce the reports (IG, MINS, etc.) without redaction subject to redactions for personal identifiers.

    2.    FDC agreed to produce any attachments to the reports--including photographs--that were not otherwise produced.

    3.    FDC agreed to produce ADA rules in place at the time of the incident -- this may only be the FAC.

    4.    FDC agreed to confirm whether kitchen rosters never existed or simply no longer exist.

    5.    FDC agreed to confirm whether duty rosters exist; if not to determine when they were destroyed.

    6.    FDC agreed to produce color photos of the defendants.

    7.    FDC agreed to identify the ADA coordinator in place at RMC at the time of the incident.

    8.    FDC agreed to provide its then-effective hunger strike policy.

    9.    We did not agree on this, but after reviewing the files you produced, it appears we did not receive IG report #19-17572. Report 17-18628 in Nettles' file specifically referenced that report being initiated to address UOF#17-16582.

    10.    We have gone back through your interrogatories and would like to meet and confer—unless you otherwise agree to provide a better answer—on interrogatory no. 5. We specifically asked you to identify all corrective action taken against the individual defendants. FDC merely stated that there was an investigation but did not provide any identification of what corrective action was taken.

We also discussed that we would provide search terms and custodians to assist FDC in confirming that no other responsive documents exist. We are also providing the following search terms for a temporal scope of January 1, 2017 to present:

- Ridley, Craig
- J37847
- Craig Ridley

james@slater.legal       113 S. Monroe Street, Tallahassee, FL 32301       305.523.9023

- Craig Ridley, J37847
- Gatewood, Diane
- Diane Gatewood
- drgatewood58@gmail.com
- Moss, Jatoon
- Jatoon Moss
- 805503
- 208-170578
- 17-16495
- 17-18628
- 19-11272
- 19-17572
- HU201701681
- MU201702773
- WU201701587
- WU201701588
- WU201701589
- JA-37-0133
- Walsh, Matt
- Maurer, David
- Foy, Tom

Please let us know when we will start receiving further production of the additional agreed-upon and how long you expect for FDC to confirm that it has completed its search of these terms and the missing items identified above.

Sincerely,
Slater Legal PLLC

James Slater

Copies to: James V. Cook, via email

james@slater.legal        113 S. Monroe Street, Tallahassee, FL 32301        305.523.9023