UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JATOON MOSS,

    Plaintiff,

v.

RICKY DIXON, *et al.*,

    Defendants.

Case No. 3:21-cv-1026-MMH-MCR

**PLAINTIFF'S <u>THIRD</u> SET OF DISCOVERY REQUESTS DIRECTED TO SECRETARY RICKY DIXON**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Jatoon Moss hereby requests that Defendant Ricky Dixon, in his official capacity as Secretary of the Florida Department of Corrections, within thirty days (1) provide written responses to the following Requests for Production and (2) produce for inspection and copying the documents and things identified in the Requests for Production. Pursuant to Federal Rule of Civil Procedure 26(e), the Requests are continuing in nature and may require supplementation.

Dated: June 7, 2023.

Respectfully submitted,

*/s/ James M. Slater*
James M. Slater (FBN 111779)
113 S. Monroe Street
Tallahassee, Florida 32301
james@slater.legal
Tel. (305) 523-9023

-and-

James V. Cook (FBN 0966853)
Law Office of James Cook
314 West Jefferson Street
Tallahassee, Florida 32301
cookjv@gmail.com
Tel. (850) 222-8080

*Attorneys for Plaintiff*

## Certificate of Service

I hereby certify that on June 7, 2023, I electronically served the foregoing document to counsel for the Secretary Dixon via electronic mail.

By: */s/ James M. Slater*
James M. Slater

2

# DEFINITIONS AND INSTRUCTIONS

## General Definitions

1. The term "person" means any individual, natural person, witness, partnership, association, firm, corporation, organization, trust, governmental or public entity, and/or any of its agents, employees, assigns or representatives.

2. The term "identify" when referring to a natural person or entity shall mean to provide the name, last known address, present or last known place of employment, and telephone number of the person or entity described in the specific request.

3. The term "identify" when referring to a document shall mean to provide the type of document; name or title of the document; the date; the author(s), transmitter(s), addressee(s), and recipient(s); a description of the subject matter; and the location and custodian of the document.

4. "Plaintiff" means Plaintiff Jatoon Moss.

5. "Decedent" or "Ridley" means Craig Ridley, DC# J37847.

6. "Defendant," "you," "your," or "FDC," means Secretary Ricky Dixon, in his capacity as Secretary of the Florida Department of Corrections, and his employees, agents, servants, representatives, and all other persons acting on his behalf.

3

7. The terms "concerning," "relating to," or "relate to" shall mean to make a statement about, discuss, describe, disclose, confirm, support, describe, reflect, constitute, identify, deal with, consist of, establish, comprise, list, evidence, substantiate, or in any way pertain (in whole or in part) to the subject.

8. The words "and" as well as "or" shall be construed both disjunctively and conjunctively; the word "all" means "any and all"; the word "any" means "any and all"; the word "each" means "each and every"; the word "every" means "each and every.

9. The singular shall include the plural, the plural shall include the singular, and the masculine, feminine, and neuter shall include each gender.

10. The term "document" is defined to include, but is not limited to, any papers, writings, drafts, notes, letters, diaries, agreements, contracts, calendars, memoranda, reports, drawings, plans, blueprints, notation books, financial records, computer or other business machine records, communications sent via any electronic means, including but not limited to internet, extranet and intranet, and any attachments to such electronic communications and any other data, compilations or written or graphic material stored in a tangible, electronic, mechanical or electric form, or any representation of any kind, including, but not limited to, materials stored on or in computer disks, networks, mainframes, hard drives, CD-ROM, tapes or

other forms of memory, as well as back-up and deleted files of any computer, computer storage device or media, whether located on or off site, from which the information can be obtained, as well as any draft, nonidentical copy, and/or translation of the foregoing. A draft or non-identical copy is a separate document within the meaning of the term.

11.     The term "communication" or "communications" means any transmission of any data, document, or information by whatever medium, and includes, but is not limited to, physical correspondence and email, recorded voicemail messages, exchanged handwritten notes or images, instant messages, text messages, transmitted files, and all other means and manner of transmission of data or information.

12.     "Including" shall mean including but not limited to.

### Instructions for Requests for Production

1.     You shall identify and produce all documents that can be located or discovered through diligent effort by you, your employees, representatives, agents, attorneys, consultants or accountants.  This instruction applies to all documents that are in the business or personal files of, or accessible to you or your employees, or in the possession of, or accessible to your representatives, agents, attorneys, consultants or accountants. Each document shall be produced in the form in which it is maintained in the normal course of your activities.

2. If you object to the production of any document covered by any of these Requests, in the response to the specific request that encompasses the document, state the objection, the basis for the objection and whether or not the document is being withheld because of the objection. For each document being withheld for any reason, including a claim of privilege, state the following in the response to the request encompassing the document:

    a. the reason or reasons you are withholding the document, including any specific privilege you claim protects the document;

    b. the facts supporting the privilege or other reason or reasons for withholding the document;

    c. the date when the document was prepared or originated;

    d. the name(s) or the person(s) who wrote or prepared the document, along with information regarding their relationship to the person(s);

    e. the names of each person to whom the document was addressed or copied, as well as the names of each person who may have seen the document, along with information regarding your relationship to each person;

    f. the subject matter of the document; and

    g. the name and address of each person who has personal

        knowledge of the subject matter of the document.

3. If you object or otherwise refuse to respond or produce documents in response to any portion of a document request, you shall provide all documents and information called for by that portion of the request for production that you do not object to and/or to which you do not refuse to respond as follows:

    a. If you object to a document request on the ground that it is too broad (i.e. if you believe it calls for information outside the scope of permissible discovery as defined by Rules 26 and 34 of the Federal Rules of Civil Procedure), you shall produce documents and things in response to that Request by producing all documents and things that are within the permissible scope of discovery and identify all categories of documents being withheld;

    b. If you object to a document request on the ground that to produce documents and things would constitute an undue burden, then you shall produce as many of the requested documents and things as can be provided without undertaking an undue burden;

    c. If you object to any portion of a document request on the ground that it is vague or indefinite, then you shall set

7

        forth your understanding of the allegedly vague or indefinite term and shall then produce documents and things based upon that stated understanding.

4. Please produce documents responsive to individual Requests as soon as possible and without waiting to produce documents responsive to other Requests whenever possible.

5. Unless another time period is specified, this request for production is addressed to the time period from <u>January 1, 2017</u> to the present, inclusive of records that were effective during that time period even if they were generated before it.

6. These Requests are continuing in nature, and must be supplemented to the extent that, subsequent to responding to these Requests, you obtain additional information that renders any of your initial responses inaccurate or incomplete.

## **DOCUMENT REQUESTS**

92. All documents generated as part of the Mortality Review Program set forth in Health Services Bulletin 15.09.09 concerning Ridley, including, without limitation, all institutional, outside, and regional review records.

93. All reviews by any clinical advisor or any other persons in connection with the mortality review concerning Ridley.

94. All correspondence relating to or generated in connection with the mortality review concerning Ridley.

95. All documents generated in connection with the mortality review concerning Ridley relating to any and all advice, suggestions, or recommendations for discipline, retraining, or corrective action or plan for any person, facility, or office.