UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:  3:21-CV-1026

JATOON MOSS, AS PERSONAL REPRESENTATIVE, FOR THE ESTATE OF CRAIG RIDLEY, ON BEHALF OF THE ESTATE AND SURVIVORS JATOON MOSS AND GARY RIDLEY,

    Plaintiff(s),

v.

RICKY DIXON, AS SECRETARY OF THE FLORIDA DEPARTMENT OF CORRECTIONS AND ROBERT E. SMITH, JR.; WILLIAM JEFFERY JERRELS; JOHN E. NETTLES; JACOB ANDERSON; DANIEL KLEIN; JASON LIVINGSTON;JOHN MYITRAY; AARON LEWIS; JON EBERLEIN; STEVEN POTOSKY; DANIEL GREENE; ROY HARDEN; ROYCE GIVENS; RICHARD FYLNN; LONNIE UNDERWOOD; AMANDA COREY; STEPHANIE WINNINGHAM; JEAN DURE; IN THEIR INDIVIDUAL CAPACITIES,

    Defendant(s).

_____/

## **DEFENDANT RICKY DIXON, AS SECRETARY OF THE FLORIDA DEPARTMENT OF CORRECTIONS' RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION**

Case No.: 3:21-cv-1026
Page 2

      Defendant, RICKY DIXON, AS SECRETARY OF THE FLORIDA DEPARTMENT OF CORRECTIONS, by and through its undersigned attorneys, and pursuant to Florida Rules of Civil Procedure, files its Response to Plaintiff's Second Request for Production, and states:

80.   All Communications referenced on page 2 of the death notice produced in response to Plaintiff's First Set of Written Discovery requests to FDC

**Response: OBJECTION: This request is irrelevant and immaterial to the pending cause of action against this Defendant, and therefore unlikely to lead to discovery of admissible evidence. Defendant will be moving under separate cover for protective order from having to respond to this type of discovery.**

81.   All documents and communications regarding the United States Attorney's Office findings and determinations condemning Ridley, including, without limitation, any findings as referenced in the June 2, 2020 10:57 a.m. email from Josh Mead to Daniel Gonzalez, copying Justin Bates, Kevin Ortiz, and others.

**Response:  OBJECTION. This request is outside the scope of admissible evidence and is immaterial to the Plaintiff's allegations. Defendant will be moving under separate cover for protective order from having to respond to this type of discovery.**

82.   All documents and communications related to the following reports:

(a) MINS #811361

(b) MINS #805503

(c) IG Report #17-16495

(d) IG Report #17-18628

(e) IG Report #19-11272

(f) IG Report #19-17572

(g) IG Report #21-17515

(h) Report #HU201701681

(i) Report #MU201702773

(j) Report #WU201701587

(k) Report #WU201701588

(l) Report #WU201701589

(m) Report #208-170578

(n) FDLE Report #JA-37-0133

**Response: OBJECTION. This request is outside the scope of admissible evidence and is immaterial to the Plaintiff's allegations. The request is vague and ambiguous and Defendant will be moving under separate cover for protective order from having to respond to this type of discovery.**

83. Copies of any photographs, videos, and/or materials shown to the individual defendants, including without limitation all photographs of Ridley shown to the individual defendants as identified in IG Report #19-11272.

**Response: OBJECTION. This request is outside the scope of admissible evidence and is immaterial to the Plaintiff's allegations. The request is vague and ambiguous and Defendant will be moving under separate cover for protective order from having to respond to this type of discovery.**

84. A copy of the "Interview Packet" provided to the individual defendants as referenced in IG Report #19-11272.

**Response: Defendant produced this in prior discovery; if Plaintiff was unable to locate please advise so we can ensure the document was accessible in the link previously provided.**

85. All communications with the State Attorney's Office for the Eighth Judicial Circuit concerning the claims associated with IG Report #21-17515, including, without limitation, any notes, records, memoranda, materials, or documents generated in connection with the December 16, 2021 meeting regarding such claims.

**Response: OBJECTION. This request is outside the scope of admissible evidence and is immaterial to the Plaintiff's allegations. The request is vague and ambiguous and Defendant will be moving under separate cover for protective order from having to respond to this type of discovery.**

86. All documents and communications with the Office of Human Resources in connection with the reports identified in Request No. 82 above.

**Response: OBJECTION. This request is outside the scope of admissible evidence and is immaterial to the Plaintiff's allegations. The request is vague and ambiguous and Defendant will be moving under separate cover for protective order from having to respond to this type of discovery.**

87. All documents and communications regarding "gaining" inmates into confinement without proper paperwork.

**Response: OBJECTION. This request is outside the scope of admissible evidence and is immaterial to the Plaintiff's allegations. The request is vague and ambiguous and Defendant will be moving under separate cover for protective order from having to respond to this type of discovery.**

88. All handwriting samples provided to FDLE, as referenced in IG Report #19-11272.

**Response: OBJECTION. This request is outside the scope of admissible evidence and is immaterial to the Plaintiff's allegations. The request is vague and ambiguous and Defendant will be moving under separate cover for protective order from having to respond to this type of discovery.**

89. All communications concerning the determination to sustain or decline any violations of Rule 33-208-002 against any of the individuals identified in the IG reports concerning Ridley.

**Response: OBJECTION. The scope of this request is overly broad. Defendant will agree to produce, should it exist, items limited in scope to the applicability of the ADA.**

90. All documents and communications, including without limitation, notes, related to (a) the NIC meeting and (b) the log referenced in June 2, 2020 8:54 a.m. email from Richard Comerford to Douglas Weiner.

**Response: OBJECTION. This request is outside the scope of admissible evidence and is immaterial to the Plaintiff's allegations. The request is vague and ambiguous and Defendant will be moving under separate cover for protective order from having to respond to this type of discovery.**

91. The "case book" referenced in the June 10, 2020 1:33 p.m. email from josh Mead to Justin Bates.

**Response: OBJECTION. This request is outside the scope of admissible evidence and is immaterial to the Plaintiff's allegations. The request is vague and ambiguous and Defendant will be moving under separate cover for protective order from having to respond to this type of discovery.**

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Electronic Mail, to all counsel of record on the attached Service List, on June 30, 2023.

LUKS, SANTANIELLO, PETRILLO, COHEN & PETERFRIEND
Attorneys for Defendant
301 W BAY STREET
SUITE 1010
JACKSONVILLE, FL 32202
Telephone: (904) 791-9191
Facsimile: (904) 791-9196

By: /s/ Sam D. Smart
TODD T. SPRINGER
Florida Bar No.: 178410
Sam D. Smart
Florida Bar No.: 95951
LUKSJAX-Pleadings@LS-Law.com

## SERVICE LIST

LAW OFFICE OF JAMES COOK
James V. Cook, Esq.
314 West Jefferson Street
Tallahassee, Florida 32301
cookjv@gmail.com