UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 3:21-CV-1026

JATOON MOSS, AS PERSONAL
REPRESENTATIVE, FOR THE
ESTATE OF CRAIG RIDLEY, ON
BEHALF OF THE ESTATE AND
SURVIVORS JATOON MOSS AND
GARY RIDLEY,

    Plaintiff(s),

v.

RICKY DIXON, *et. al.*,

    Defendant(s).
_____//

## DEFENDANT RICKY DIXON'S SECOND MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION TO COMPEL

*Local Rule 3.01(e) Statement*

Plaintiff, JATOON MOSS, filed a Motion to Compel production of certain documents, and the answering of certain interrogatories, directed at Secretary Ricky Dixon, on October 6, 2023. The Motion to Compel, DE 152, and the accompanying entries, DE 152-1 through 152-14, total over 500 pages. And the information Secretary Dixon and the undersigned must evaluate based on the substance of Plaintiff's Motion goes well beyond that. Despite best efforts, Secretary Dixon is

unable to adequately respond to Plaintiff's Motion by the current November 3, 2023, deadline. Based on the impending deadline and the voluminous documents that need to be reviewed, Secretary Dixon moves for an extension.

Defendant, RICKY DIXON, by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 6, hereby files this Second Motion for Extension of Time to Respond to Plaintiff's Motion to Compel, and in support thereof states as follows:

1. This lawsuit arises out of the death of inmate Craig Ridley, for which Plaintiff seeks redress against several defendants, including Secretary Dixon.

2. As part of the discovery process, Plaintiff sought the production of several documents. After this Court entered orders concerning discovery, Plaintiff seeks to compel production of several documents, as well as answers to several interrogatories.

3. Specifically, at issue in Plaintiff's Motion to Compel are the following Requests for Production: 1; 2; 8; 11; 23; 26; 37; 45; 47; 65; 80-83; 85-88; 89; 90-91; and 94. (DE 152).

4. Also at issue are Plaintiff's Second Set of Discovery Requests (Interrogatory Nos. 9-15), as well as Interrogatory No. 5 in Plaintiff's First Set of Discovery Requests.

5. The Motion to Compel, and its attachments—DE 152-1 through DE 152-14—total over 500 pages. However, as the Motion was filed on October 6, Secretary Dixon's Response was due by October 20. This Honorable Court Granted Secretary Dixon's Unopposed Motion for Extension making the response due November 3, 2023.

6. The undersigned, on behalf of Secretary Dixon, has been acting diligently to review Plaintiff's Motion, the accompanying documents, *and* documents in its possession, in order to determine their responsiveness and potential objections to such production.

7. However, given the sheer volume of the information that needs to be reviewed, and despite best efforts, Secretary Dixon is not able to adequately respond to Plaintiff's Motion by the current deadline.

8. Further, the attorney previously assigned to this case from the same law firm of the undersigned recently gave birth, and is now on maternity leave. In addition, undersigned counsel who was reassigned to the case suffered an unexpected medical issue. The internal reassignment of this case and undersigned counsel's medical condition delayed the discovery process, despite counsel for the Secretary working diligently to ensure a smooth transition.

9. If Secretary Dixon were to respond by the deadline, the Response would necessarily risk sacrificing completeness and accuracy, despite the undersigned's best efforts, which would be to the detriment of all parties *and* this Court.

10. An extension of the time to respond to Plaintiff's Motion is necessary, so that Secretary Dixon and the undersigned can fully and accurately respond without sacrificing completeness and accuracy.

11. Instead, Secretary Dixon seeks an additional 20 days to respond to Plaintiff's Motion.

## **MEMORANDUM OF LAW**

Federal Rule of Civil Procedure 6 governs computing and extending time, and the time for motion papers. Specifically, for extensions of time, Rule 6 provides the following:

**(1) *In General.*** When an act may or must be done within a specified time, the court may, for good cause, extend the time:

**(A)** with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

**(B)** on motion made after the time has expired if the party failed to act because of excusable neglect.

**(2) *Exceptions.*** A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).

Fed. R. Civ. P. 6(b). Thus, when a request is made *before* the original time expires, a movant need only show "good cause" as opposed to "excusable neglect." *See* Fed. R. Civ. P. 6(b)(1).

The Eleventh Circuit has recognized that timely motions to extend "should liberally be granted absent a showing of bad faith … or undue prejudice." *Lizarazo v. Miami-Dade Corr. & Rehab. Dep't*, 878 F.3d 1008, 1012 (11th Cir. 2017) (quoting *U.S. v. Miller Bros. Const. Co.*, 505 F.2d 1031, 1035 (10th Cir. 1974)) (internal quotation marks omitted).

## ANALYSIS

**I.    GOOD CAUSE EXISTS FOR GRANTING SECRETARY DIXON AN EXTENSION.**

Plaintiff's Motion to Compel was filed on October 6, 2023, making it originally due on October 20, 2023, and further extension was granted until November 3, 2023. Secretary Dixon's request for an extension is timely made. Because the extension is not sought in bad faith and would not cause undue prejudice to any party, it should be granted. *See Lizarazo*, 878 F.3d at 1012 (noting that timely requests should be liberally granted absent a showing of bad faith and an extension would not cause undue prejudice). Seceretary Dixon has produced hundreds of pages of documents during the month of October 2023 responsive to the requests.

Good cause requires diligence on the part of the moving party. *See Kohl v. Pluris Wedgefield, LLC*, 2020 WL 10354988, at *1 (M.D. Fla. Nov. 19, 2020) (citing

*Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998)).  Good cause exists for an extension regarding discovery-related matters when the moving party makes a good-faith effort to comply with deadlines and court orders governing such discovery.  *Kane v. Eli Lilly and Co.*, 2021 WL 2934532, at *1 (M.D Fla. Jan. 4, 2021).

In *Kane*, the court entered a discovery order directing the defendant to supplement discovery responses—specifically, interrogatories and document production—by a certain date.  *Id.*  The defendant moved for an extension, arguing that while it had complied with the court's directive regarding interrogatories, it was working to supplement document production.  *Id.*  Defense counsel had been working to identify and obtain responsive documents, but that such effort was "impeded by year-end vacations and holidays."  *Id.*  Further, the plaintiff's counsel declined an extension.  *Id.*  When the plaintiff's counsel filed a notice of the defendant's non-compliance and sought attorneys' fees, the court denied it and granted the defendant an extension.  *Id.* at **1-2.  Defense counsel had shown diligence in attempting to abide by the discovery deadlines, and requested an extension before the time for production expired, meaning the defendant met its burden of showing good cause.  *Id.* at *1.  Under such circumstances, the court granted the sought-after extension.  *Id.* at *2.

While this motion is at a slightly different procedural posture to that of *Kane*, in that the Secretary seeks an extension to respond to a motion to compel, the circumstances are analogous. Defense counsel has acted diligently in reviewing documents in its possession to determine responsiveness, and potential objections. It has done the same regarding the sought-after interrogatory answers. However, the sheer volume of information has made it difficult, despite the Secretary's best efforts, to respond to the Motion to Compel on time. Further, the internal reassignment of this matter due to the maternity leave of the previous attorney and medical issue of undersigned counsel has necessarily had an impact on discovery-related matters, despite Secretary Dixon's law firm's diligent efforts to minimize that impact. Responding to the Motion to Compel necessarily requires determining what merit, if any, Plaintiff's argument holds. In turn, this means reviewing not only Plaintiff's Motion and the over 500 pages in DE 152, and DE 152-1 through 152-14, but the vast number of documents and information in the undersigned's possession. Despite best efforts, Secretary Dixon will not be able to form a complete and accurate response to Plaintiff's Motion by the current deadline.

At bottom, the Secretary and his counsel have acted diligently in attempting to respond to Plaintiff's Motion to Compel. Despite those efforts, the Secretary will be unable to completely and accurately respond to Plaintiff's Motion by the current

deadline. Based on the above, good cause under Rule 6(b)(1) exists for this Court to grant the Secretary an extension to respond to Plaintiff's Motion.

## CONCLUSION

WHEREFORE, Defendant RICKY DIXON, respectfully requests that this Honorable Court enter an Order granting this Motion and granting the Secretary a 20-day extension, from the date of the Order, in which to respond to Plaintiff's Motion to Compel, and for other such further relief that this Court deems just and proper.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Electronic Mail, to all counsel of record on the attached Service List, on November 3, 2023.

LUKS, SANTANIELLO, PETRILLO, COHEN & PETERFRIEND
Attorneys for Defendant
301 W BAY STREET SUITE 1010
JACKSONVILLE, FL 32202
Telephone: (904) 791-9191
Facsimile: (904) 791-9196

By: /s/ Corey J. Kildow
Sam D. Smart
Florida Bar No.: 95951
Corey J. Kildow
Florida Bar No.: 86782
LUKSJAX-Pleadings@LS-Law.com

**SERVICE LIST**
LAW OFFICE OF JAMES COOK
James V. Cook, Esq.
314 West Jefferson Street
Tallahassee, Florida 32301
cookjv@gmail.com

SLATER LEGAL PLLC
James M. Slater (FBN 111779)
113 S. Monroe Street
Tallahassee, Florida 32301
james@slater.legal