UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JATOON MOSS,

    Plaintiff,

v.

RICKY DIXON, *et al.*,

    Defendants.

Case No. 3:21-cv-1026-MMH-MCR

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT DIXON'S SECOND MOTION FOR EXTENSION OF TIME**

Without any conferral in violation of Local Rule 3.01(g), Defendant Dixon asks the Court for an additional 20 days to respond to Plaintiff's motion to compel. (Doc. 158). He does so after already seeking an additional 14 days to respond (though his original motion sought 30, which he corrected when notified by the undersigned that he had misrepresented to the Court the parties' conferral). (Docs. 155, 156). The Court should not permit Dixon to continue to delay in his response to Plaintiff's motion. He has already begun producing documents to correct his months-long deficiencies. There is no reason he cannot apprise the Court now of where things stand and explain why he could not produce the documents and respond to discovery without Court intervention. His excuse that the motion contains 500 pages of documents is a red herring—the reason for the voluminous filing was the

inclusion of the Florida Department of Law Enforcement report regarding Craig Ridley's death, which was an attachment to a discovery request.

Although the undersigned understands that Dixon's lead counsel left for parental leave, Ms. Smart had assured the undersigned that Ms. Kildow was up to speed on handling matters and that Ms. Smart would provide documents and better responses prior to her leave. She did not provide those documents and responses, and apparently Ms. Kildow was not explained that she would have to continue responding to discovery matters—informing the undersigned that her understanding was that she would simply be covering depositions during Ms. Smart's leave. That is unacceptable. The Court should require Dixon to promptly respond to Plaintiff's motion to compel.

WHEREFORE, Plaintiff Jatoon Moss respectfully requests that the Court deny Defendant Dixon's second motion for extension of time. Plaintiff further requests that the Court consider Dixon's failures to confer and dilatory efforts when determining Plaintiff's entitlement to reasonable expenses under Rule 37(a)(5).

Dated: November 6, 2023.               Respectfully submitted,

                                       */s/ James M. Slater*
                                       James M. Slater (FBN 111779)
                                       SLATER LEGAL PLLC
                                       113 S. Monroe Street
                                       Tallahassee, Florida 32301
                                       james@slater.legal
                                       Tel. (305) 523-9023

        */s/ James V. Cook*
LAW OFFICE OF JAMES COOK
James V. Cook (FBN 966843)
314 W. Jefferson Street
Tallahassee, Florida 32301
cookjv@gmail.com
Tel. (850) 222-8080

*Attorneys for Plaintiff*