UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 3:21-CV-1026

JATOON MOSS, AS PERSONAL
REPRESENTATIVE, FOR THE
ESTATE OF CRAIG RIDLEY, ON
BEHALF OF THE ESTATE AND
SURVIVORS JATOON MOSS AND
GARY RIDLEY,

    Plaintiff(s),

v.

RICKY DIXON, *et. al.*,

    Defendant(s).
_____//

## DEFENDANT RICKY DIXON'S
## RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

Defendant, RICKY DIXON ("Secretary Dixon"), by and through undersigned counsel, hereby files this Response to Plaintiff's Motion to Compel, and in support thereof, states as follows:

1. This matter arises out of an inmate's death while in the custody of Florida's criminal justice system.

2. Plaintiff, Jatoon Moss, filed this action on behalf of the estate of her decedent father, Craig Ridley, and his survivors, Plaintiff and her brother, Gary Ridley.

3. The Second Amended Complaint ("SAC") asserts multiple counts against a variety of defendants, including the Secretary.

4. Plaintiff filed her First Motion to Compel on October 6, 2023, seeking better answers to certain interrogatories and production of certain documents. (Doc. 152).

5. Undersigned counsel for Secretary Court Dixon originally requested a thirty-day extension given the case was recently internally transferred due to Ms. Smart's maternity leave. Opposing counsel only agreed to an unopposed extension of 14 days to respond to the Motion to Compel. The Court granted the unopposed Motion on October 24, 2023.  (Doc. 157). Undersigned counsel produced voluminous records during the agreed period.

6. On November 3, 2023, Secretary Dixon moved for a second extension of time (Doc. 158), which this Court denied without prejudice on November 8, 2023. (Doc. 160).

7. As stated in prior motions, this case was internally reassigned based on the maternity leave of the handling attorney, and the undersigned recently experienced unanticipated medical issues resulting in a miscarriage and necessary time off work.

8. The undersigned has been working diligently in order to provide the information and documentation sought by Plaintiff's Motion. However,

technical difficulties delayed the production by prior lead counsel before maternity leave. In addition, the information and documentation sought requires the review of approximately 17,000 emails with attachments and documentation.

9. Specifically, Plaintiff sought to compel the following:

   - Better responses to Plaintiff's Second Set of Discovery Requests (Interrogatories 9-15);

   - A better response to Interrogatory 5 in Plaintiff's First Set of Discovery Requests;

   - Production of a multitude of documents, including communications involving Mr. Ridley, incident reports, photographs, and video recordings.

10. The records in this case are voluminous. The undersigned, and other attorneys within Secretary Dixon's law firm, have been diligently attempting to identify documents responsive to Plaintiff's discovery requests.

11. For the reasons cited in Secretary Dixon's prior Motions for Extension, responding to Plaintiff's discovery has been time-consuming.

12. However, Secretary Dixon has been and continues to make good-faith efforts to provide Plaintiff with the sought-after discovery.

13. Secretary Dixon provided unverified better responses to Plaintiff's Interrogatories numbers 9-15 today, on November 13, 2023.

14. Further, Secretary Dixon will be providing a better response to Plaintiff's Interrogatory number 5 by the end of the week.

15. Finally, Secretary Dixon has already provided the video recordings sought by Plaintiff, has produced the unredacted reports sought by Plaintiff, and has produced a multitude of non-privileged documentation responsive to Plaintiff's discovery requests.

16. Based on the above, an Order compelling the discovery sought in Plaintiff's Motion to Compel would be redundant, because the discovery Plaintiff seeks has already provided or will be provided as soon as possible.

17. Plaintiff's Motion to Compel also seeks reasonable expenses. This portion of Plaintiff's Motion should also be denied.

18. Specifically, Plaintiff alleges that there is no good-faith reason for Secretary Dixon's delay; no substantial justification for the delay; and no other circumstance that would make an award of fees unjust.

19. However, the reasons stated in Secretary Dixon's prior motions for extension set out why delay has been justified and in good-faith: an internal reassignment of attorneys based on maternity leave; the undersigned experiencing an unanticipated medical condition; and the sheer volume of documentation involved in this matter that requires numerous redactions to privileged information.

20. An award of fees in this case would not deter any misconduct as Secretary Dixon has sought extensions in good-faith, and undersigned counsel has diligently acted in order to determine and provide—out of voluminous documents—the documents and other information responsive to Plaintiff's discovery requests.

WHEREFORE, Defendant Ricky Dixon, respectfully requests that this Honorable Court enter deny Plaintiff's Motion to Compel and Request for Expenses.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Electronic Mail, to all counsel of record on the attached Service List, on November 13, 2023.

LUKS, SANTANIELLO, PETRILLO,
COHEN & PETERFRIEND
Attorneys for Defendant
301 W BAY STREET
SUITE 1010
JACKSONVILLE, FL 32202
Telephone: (904) 791-9191
Facsimile: (904) 791-9196

By: /s/ Corey J. Kildow
   Corey J. Kildow, Esq.
   Florida Bar No.: 86782

                                        Sam D. Smart
                                        Florida Bar No.:  95951
                                        LUKSJAX-Pleadings@LS-Law.com

**SERVICE LIST**
LAW OFFICE OF JAMES COOK
James V. Cook, Esq.
314 West Jefferson Street
Tallahassee, Florida 32301
cookjv@gmail.com